1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11  EL DORADO IRRIGATION DISTRICT,
    a political subdivision of the
12  State of California,
                                        NO. CIV. S-03-949 LKK/GGH
13            Plaintiff,

14       v.                                  O R D E R

15  TRAYLOR BROS., INC., an
    Indiana corporation,
16
              Defendant.
17  _____/

18  AND RELATED COUNTER-CLAIMS.
    _____/
19

20       On March 11, 2005, the magistrate judge issued an order

21  adjudicating several issues concerning discovery disputes in

22  the above-captioned case.  Plaintiff, El Dorado Irrigation

23  District ("EID"), now moves for reconsideration of the denial of

24  its motion to compel return of privileged documents

25  inadvertently disclosed to defendant Traylor Brothers Inc.

26  ("Traylor Bros.").  I decide the motion based on the papers and

                                   1

1  pleadings filed herein and without oral argument. Local Rule 72-
2  303(e).

**I.**

**BACKGROUND**

5       The instant discovery dispute began when EID inadvertently
6  forwarded to defendant documents which it had marked as
7  privileged under the attorney-client privilege and work product
8  immunity.  Traylor Bros. disputed the privileged status of
9  certain documents, most of which are communications between
10 EID's personnel and its engineer-on-site, Montgomery Watson
11 Harza ("MWH"), and refused to return them to EID.

12      In adjudicating EID's underlying motion for return of those
13 documents, the magistrate judge identified the question before
14 him as "whether MWH is a 'third party' for purposes of waiver of
15 the attorney-client privilege/work product immunity, or whether
16 MWH is simply an agent of EID such that disclosure of otherwise
17 privileged communications between EID and MWH do not waive
18 privileges."  Order at 17.  The magistrate judge first explained
19 that "if MWH [were] . . simply EID's representative in the
20 field, the court would have no difficulty in finding that [the
21 disclosures] were necessary for accomplishment of the lawyer's
22 retention purpose . . ." and were therefore privileged.  MWH
23 also acted as a neutral decisionmaker in issuing engineer's
24 decisions, however, rendering the privileged status of the
25 documents uncertain.  Accordingly, the magistrate judge examined
26 MWH's dual roles and their effect on attorney-client

1  privilege/work-product immunity of the communications at issue.
2  The magistrate judge ultimately determined that the documents
3  could not maintain privileged or immunity status and denied
4  EID's motion.

5      EID asks that this court overturn the magistrate's
6  determinations.  Traylor Bros., of course, objects to EID's
7  contentions and asserts that EID has not presented any
8  compelling legal grounds upon which the underlying decision may
9  be rejected.  As I explain below, I agree with the defendant's
10 contention.

11                              **II.**

12                       **STANDARD OF REVIEW**

13     Federal Rule of Civil Procedure 72(a) provides that non-
14 dispositive pretrial matters may be decided by a magistrate
15 judge, subject to reconsideration by the district judge.  <u>See</u>
16 <u>also</u> Local Rule 72-303.  28 U.S.C. § 636(b)(1)(A) provides that
17 the magistrate judge's order should be upheld unless it is
18 "clearly erroneous or contrary to law."  Discovery motions are
19 non-dispositive pretrial motions within the scope of Rule 72(a)
20 and 28 U.S.C. Section 636(b)(1)(A).  <u>People ex rel. Wheeler  v.</u>
21 <u>Southern Pacific Transportation Co.</u>, 1993 WL 816066 (E.D. Cal.
22 1993).

23     The parties first disagree as to how this court must apply
24 the "clearly erroneous or contrary to law" standard.  EID
25 contends that pure issues of law are to be decided <u>de novo</u>.  The
26 defendant, on the other hand, asserts that the standard of

                                3

1  review on motions for reconsideration on a ruling of non-

2  dispositive matters is deferential to the magistrate judge's

3  decision and that it may not be disturbed unless it is "clearly

4  erroneous or contrary to law."  Because the outcome of this

5  court's review may very well turn on the actual standard of

6  review, this question requires close scrutiny.

7       An examination of this issue reveals that the courts have

8  been less than consistent in the application of the "clearly

9  erroneous or contrary to law" standard.  Despite the

10  discrepancies, however, the Ninth Circuit has unambiguously

11  explained that courts should not review issues of law <u>de</u> <u>novo</u> in

12  non-dispositive matters, but rather under the more deferential

13  "clearly erroneous or contrary to law" standard.

14       In <u>Grimes v. City and County of San Francisco</u>, 951 F.2d

15  236, (9th Cir. 1991), the court explained that:

16    A non-dispositive order entered by a magistrate must
      be deferred to unless it is "clearly erroneous or
17    contrary to law." Fed.R.Civ.P. 72(a), 28 U.S.C. §
      636(b)(1)(A). The district court reviews "the
18    magistrate's order for clear error." <u>Maisonville</u>, 902
      F.2d at 748. "Pretrial orders of a magistrate under
19    636(b)(1)(A) are reviewable under the 'clearly
      erroneous and contrary to law' standard; *they are not*
20    *subject to de novo determination....*" <u>Merritt</u>, 649 F.2d
      at 1017. The reviewing court may not simply substitute
21    its judgment for that of the deciding court. <u>United</u>
      <u>States v. BNS, Inc.</u>, 858 F.2d 456, 464 (9th Cir. 1988).
22

23  <u>Id.</u> at 241 (emphasis added).  The case cited by the <u>Grimes</u> court

24  in support of this rule, <u>Merritt v. International Broth. of</u>

25  <u>Boilermakers</u>, 649 F.2d 1013, 1017 (5th Cir. 1981), further

26  explains that "[p]retrial orders of a magistrate under

                                    4

1  § 636(b)(1)(A) . . . are not subject to a de novo determination

2  as are a magistrate's proposed findings and recommendations

3  under § 636(b)(1)(B)."  See also United States v.

4  Abonce-Barrera, 257 F.3d 959 (9th Cir. 2001)("The Magistrates

5  Act's specification that nondispositive matters are to be

6  reviewed by the district court under a far more deferential

7  standard-'clearly erroneous' and 'contrary to law'-than

8  dispositive matters indicates that decisions by the magistrate

9  judge on nondispositive matters are essentially 'final decisions

10 of the district court which may be appealed in due course with

11 other issues.'"(internal citations and quotation omitted).

12 Following the Ninth Circuit's teaching, this court has explained

13 that "[n]on-dispositive pretrial motions referred to the

14 magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) are

15 reviewed under a clearly erroneous or contrary to law

16 standard[,] . . . [while], a magistrate judge's determination

17 concerning matters referred pursuant to 28 U.S.C. § 636(b)(1)(B)

18 are for the most part reviewed de novo." Gordon v. Vasquez, 859

19 F.Supp. 413 (E.D. Cal. 1994).

20      Despite the Ninth Circuit's teaching of the standard of

21 review, the majority of this Circuit's district courts apply the

22 "clearly erroneous" standard to magistrate judges' factual

23 determinations and apply the "contrary to law" standard to

24 issues of law by making a de novo determination.  In Computer

25 Economics, Inc. v. Gartner Group, Inc., 50 F.Supp.2d 980, 983

26 (S.D. Cal. 1999), the Southern District court stated that "[t]he

5

1  'clearly erroneous' standard applies to the magistrate judge's

2  factual determinations and discretionary decisions, including

3  orders imposing discovery sanctions," (internal citation and

4  quotations omitted), and that "the 'contrary to law' standard

5  permits independent review of purely legal determinations." See

6  also Green v. Baca, 219 F.R.D. 485 (C.D. Cal. 2003)(same).

7  According to a Northern District court, "[t]he 'contrary to law'

8  standard invites plenary review of purely legal determinations

9  by the magistrate judge." Conant v. McCoffey, 1998 WL 16494

10 (N.D. Cal. 1998).

11      In all candor, it appears to this court that the better

12 rule has been expressed by the district courts.  This court is

13 not at liberty, however, to depart from Ninth Circuit precedent.

14 The doctrine of stare decisis, i.e. the requirement to "adhere

15 to decided cases," Planned Parenthood of Southeastern Pa. v.

16 Casey, 505 U.S. 833, 953 (1992) (Rehnquist J. concurring in part

17 and dissenting in part), "compels lower courts to follow the

18 decisions of higher courts on a question of law." 18 James Wm.

19 Moore et al., Moore's Federal Practice 134-7 § 134.01[1].  As a

20 general matter, this court must adhere to the Ninth Circuit's

21 holding until it is overruled.  See, e.g., United States v.

22 Milto, 714 F.2d 294, 298 (3d. Cir. 1983).  The stare decisis

23 obligation of this court does not depend on the correctness of

24 the Circuit's decision, see Hutto v. Davis 454 U.S. 370, 375

25 (1982) (obligated to follow binding decision "however

26 misguided"); regardless of its wisdom, therefore, the district

1  courts are bound to follow the law as established by the Ninth

2  Circuit, since it is the holding which binds, not the rationale.

3  Accordingly, this court will continue to apply the "clearly

4  erroneous or contrary to law" standard as explained in Grimes.

**III.**

**ANALYSIS**

**A.   MWH'S ROLES**

EID objects to the magistrate judge's description of MWH as

an adjudicator and maintains that MWH was not a neutral arbiter.

It contends that MWH was not "really" a neutral arbiter because

the parties selected a Dispute Resolution Board ("DRB") to serve

in that capacity.  Contrary to EID's contentions, however, the

determination regarding MWH's role as an adjudicator may not be

disturbed because it is not clearly erroneous.

While the magistrate judge's characterization of MWH's role

as a neutral adjudicator may not be exact, there is evidence

which can support his conclusion that MWH served in the capacity

of a neutral decisionmaker in addition to being EID's field

representative, thereby playing dual roles.  Although it is true

that the parties agreed to submit certain disputes arising

during construction to a DRB, they also agreed to a preliminary

and more informal process by which MWH would resolve disputes.

According to the contract between the parties, MWH served as the

engineer who, "[i]n his capacity as interpreter and judge, . .

[would] not show partiality to Owner or Contractor" in resolving

submitted claims.  EID's Mot. for Recon. Br. at 4.  Therefore,

1  in addition to functioning as EID's field representative, the

2  magistrate judge concluded that MWH also served as a neutral

3  decisionmaker, and thus, the magistrate judge's finding is not

4  clearly erroneous.

5  **B.   ATTORNEY-CLIENT PRIVILEGE**

6          As expressed by the magistrate judge, the questions of

7  privilege here are "fairly unique."  After a review of

8  California state law, the magistrate judge concluded that he

9  could not practicably distinguish between the documents at issue

10 because "the dominant purpose for intended-to-be-confidential,

11 MWH-EID communications, [was] first and foremost potential

12 dispute resolution."  Order at 21.  Accordingly, the

13 communications made in MWH's role as EID's field representative

14 as opposed to those made as the neutral decisionmaker were not

15 mutually exclusive for privilege purposes.

16         This court's independent review of California's attorney-

17 client privilege doctrine confirms the magistrate judge's

18 observation concerning the ambiguity in the law.  Because there

19 is nothing on-point to guide the court's determination, the

20 court must use its discretion in applying existing law to the

21 present case.  After an examination of the state law, this court

22 cannot conclude that the magistrate judge's determination was

23 clearly erroneous or contrary to law.

24 **C.   WORK-PRODUCT DOCTRINE**

25         EID does not fare any better under the federal work-product

26 immunity doctrine.  The magistrate judge concluded that "EID's

1 disclosures to MWH and vice versa were inconsistent with the

2 need to keep the material secret from its adversary," citing

3 United States v. American Tel. & Tel. Co., 642 F.2d 1285, 1299

4 (D.C. Cir. 1980), and that "MWH's dual roles were blurred."

5 Order at 22.  Again, because the law as applied to these facts

6 is less than clear and the magistrate judge's conclusion is not

7 unreasonable, this court cannot disturb that conclusion.

8                                 **IV.**

9                             **CONCLUSION**

10      For the reasons explained above, plaintiff's motion for

11 reconsideration is DENIED.

12      IT IS SO ORDERED.

13      DATED:  June 13, 2005.

14

15                              /s/Lawrence K. Karlton
                                LAWRENCE K. KARLTON
                                SENIOR JUDGE
16                              UNITED STATES DISTRICT COURT

17

18

19

20

21

22

23

24

25

26