IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EL DORADO IRRIGATION DISTRICT,

    Plaintiff,           No. CIV S-03-949 LKK GGH

    vs.

TRAYLOR BROS., INC., et al.,

    Defendants.          <u>ORDER</u>

_____/

        Previously pending on this court's law and motion calendar for June 29, 2005, was defendants' motion to compel production of documents concerning communications with MWH. Mark Stump appeared for plaintiff. Theodore Drcar appeared for defendants. As part of its opposition, EID asked for yet another reconsideration of the court's previous order, discussed below, which found a privilege waiver for certain documents. Having reviewed the parties' filings, the court now issues the following order.

        On March 10, 2005, this court issued an order which in part denied El Dorado Irrigation District's (EID's) EID's motion for return of inadvertently produced documents to Traylor Brother's Inc. ("TBI"). These documents were communications disseminated between EID and its engineer at the site, MWH, which EID had earmarked as protected from disclosure under the attorney-client privilege or the work product doctrine. The order found that since the

1

documents were disclosed to MWH as a third party which had served a dual role of engineer and neutral adjudicator, such protections were waived. EID's motion for reconsideration was denied by Judge Karlton on June 13, 2005. In light of these orders, TBI now seeks to compel production of other MWH documents which EID has listed in its privilege log and refused to produce. In seeking reconsideration before the undersigned, and despite the express wording in the contract to the contrary, EID argues that MWH never acted in an adjudicatory capacity, did not act neutrally in rendering engineer's decisions, and that even if there was a waiver as to some documents, it must be limited to communications which discuss or reference engineer's decisions. EID correctly understands that the legal basis for the previous order applies identically to the issue of further production of MWH documents.

As a preliminary matter, because the substance of this motion has already been addressed, the standards for review are the same as those applicable to a motion for reconsideration. EID must set forth "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion, and ... why the facts or circumstances were not shown at the time of the prior motion." E. D. Local Rule 78-230(k). See United States v. Alexander, 106 F.3d 874, 876 (9th Cir.1997) (citing Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.), cert. denied, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 661 (1993)) (Reconsideration appropriate for a change in the controlling law, facts, or other circumstances, a need to correct a clear error, or a need to prevent manifest injustice). "After thoughts" or "shifting of ground" are not appropriate bases for reconsideration. Fay Corp. v. BAT Holdings I, Inc., 651 F.Supp. 307, 309 (W.D.Wash.1987), aff'd, 896 F.2d 1227 (9th Cir.1990). The standards "reflect[ ] district courts' concern for preserving dwindling resources and promoting judicial efficiency." Costello v. United States Government, 765 F.Supp. 1003, 1009 (C.D.Cal.1991).

The court finds that EID has not provided sufficiently new information that could not have been raised before the court previously. On an alternative ground for denying EID's

reconsideration request, the court finds it cannot prevail either on reconsideration of the order, or in opposition to the present motion.

First, EID contends that MWH did not act in an adjudicatory capacity, therefore, it could not have been acting in a dual capacity of EID representative and adjudicator. The contract specifies otherwise, however. In § 9.06A, entitled "Decisions on Disagreements," the contract states:

> Engineer will be the *initial interpreter* of the requirements of the contract documents and *judge* of the acceptability of the work thereunder. *Claims, disputes* and other matters relating to the acceptability of the Work or the *interpretation of the requirements of the contract* documents pertaining to the execution and progress of the Work *shall be* referred initially to Engineer in writing with a request for a *formal decision* in accordance with this paragraph, which Engineer will render in writing within a reasonable time. Written notice of each such claim, dispute and other matter shall be delivered by the claimant to Engineer and the other party to the Agreement within fifteen days of the occurrence of the event giving rise thereto, and written supporting data will be submitted to Engineer and the other party within forty-five (45) days of such occurrence unless Engineer allows an additional period of time to ascertain more accurate data. *In his capacity as interpreter and judge*, Engineer *will not show partiality* to Owner or Contractor and will not be liable in connection with any *interpretation or decision* rendered in good faith in such capacity.

Stump Decl., filed April 14, 2005, Exh. A. (Emphasis added.)

The undersigned cannot imagine language more indicative of adjudicative activities than is set forth in this paragraph. An aggrieved party "shall" submit "disputes" within a specified time frame to an "interpreter and judge" (MWH engineer) who will issue a written "formal decision" based on his "capacity" as a "non-partial" adjudicator. If one were attempting to set up a mandatory exhaustion of remedies process, i.e, an adjudicative process, this paragraph would be the model for such.

EID also makes the rather stunning assertion that "MWH's role on the Mill-Bull Tunnell project, however, was overwhelmingly to act as the District's representative to Traylor, disqualifying MWH from ever serving as a neutral adjudicator of disputes...." Joint Statement at

3

14. EID seemingly concedes that it knew all along that MWH could not be neutral; yet it signed a contract with TBI pledging such neutrality despite its own convictions to the contrary. There is a word for this in contractual law, and it is not a pretty word.

Furthermore, § 9.06 specifically refers to this adjudicatory role of MWH as one of its "capacit[ies]," certainly implying that MWH serves a dual role because it has another capacity.

Accordingly, the court is solidified in its finding that MWH acted in a dual capacity, engineer representative and neutral judge (as least it was contractually obligated to do so). The undersigned finds no California law to change his legal conclusion as issued in the previous order, and finds the out-of-state case authority posited by EID to be inapposite and unpersuasive. Submission of privileged information to MWH in its dual, third party "judge" capacity by EID waived EID's privileges and immunities under state law with respect to documents disclosed to MWH.

Turning to EID's second argument, that a waiver as to documents concerning engineer's decisions does not constitute a blanket waiver as to all communications between MWH and EID, it is correct in general principle, See Transamerica Title Ins. v. Superior Court, 188 Cal. App. 3d 1047, 1052-53, 233 Cal. Rptr. 825, 828 (1988), but inapplicable to the specific situation presented. EID correctly conceded that it had already made the relevance culling for MWH documents to specifically those that pertained to the disputes raised by this litigation, primarily, the assertedly poor work by TBI in missing the mark with the Tunnel. TBI has set forth examples of documents claimed to be privileged in EID's log. Item 128 is a memorandum entitled, "Performance Characteristics of Original Mill-Bull Tunnel Design," from MWH to EID. The contents of this memo concern matters which are the subject of the disputes in this lawsuit and should have been relevant to MWH in its role as neutral adjudicator under § 9.06. This and other examples clearly pertain to MWH's role as neutral adjudicator and are relevant to the issues in this case. Therefore, it is not practical to attempt to have EID unilaterally assert that certain,

relevant documents, although disclosed, were not "relied upon" by MWH when making its performance review decisions.  Since the documents were all specifically relevant to the dispute, they must have been reviewed by MWH, and either consciously or sub-consciously were determinative, or rejected, in its decision.  All of these relevant documents were disclosed to the "interpreter and judge" third party MWH; the third party disclosure for each document waived the privilege for each document; each document was relevant to the issues in this litigation.  The scope of the waiver precisely covers the documents disclosed to MWH and listed in the privilege log.

        Accordingly, IT IS ORDERED that TBI's amended motion to compel production of documents related to MWH, filed June 21, 2005, is granted.  EID's request for reconsideration by the undersigned is denied.  EID shall produce any outstanding MWH documents within fifteen days of this order.

DATED: 7/6/05

        /s/ Gregory G. Hollows

        GREGORY G. HOLLOWS
        UNITED STATES MAGISTRATE JUDGE

GGH:076
EID949.MWH.wpd