IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EL DORADO IRRIGATION DISTRICT,

       Plaintiff,                    No. CIV S-03-0949 LKK GGH

   vs.

TRAYLOR BROS., INC., et al.,

       Defendants.              <u>ORDER</u>

_____/

       Previously pending on this court's law and motion calendar for August 11, 2005, was Traylor Brothers Inc.'s ("TBI") motion to compel, filed July 13, 2005. Michael Barnes appeared for plaintiff. Theodore Drcar appeared for defendants. After reviewing the joint statement and supporting papers, and having heard oral argument, the court now issues the following order.

I. <u>Rule 26 Disclosures Regarding Damages</u>

       Traylor contends that El Dorado Irrigation District ("EID") has not provided calculations or explanations to show how it arrived at the estimated damage figures.

       The court's previous order as it pertained to Rule 26 initial disclosures is pertinent and is repeated here.

\\\\\

> Rule 26(a)(1)(B) requires production of documents etc. "that the disclosing party may use to support its claims or defenses, unless solely for impeachment."
> Every party has a duty to supplement initial disclosures with otherwise disclosable documents which did not come to the party's attention when making the initial disclosure. A rule of reason is to be employed here. The undersigned understands that in a case such as the present one, it may not be possible to presently identify every document from every source of pertinence to a claim or defense, and that procedures must be permitted which allow the late disclosure of documents. It is not the purpose of this order to preclude such late discovered and disclosed documents from being utilized in this litigation. On the other hand, the "duty" to supplement is not a "right" to act with less than best efforts to produce all pertinent documents at the initial disclosure. Parties that "sandbag" their adversary with late disclosed documents which should have been disclosed earlier, i.e., could have been initially disclosed if reasonable efforts had been made to identify them, may find that they are precluded from using such documents or may have other appropriate sanctions imposed against them. Moreover, supplementation of initial disclosures shall be made forthwith after discovery of the non-disclosed document(s).[1]

Order, filed July 6, 2005.

With these considerations in mind, Fed. R. Civ. P. 26(a)(1)(C) more specifically requires disclosure of computation of "any category of damages" claimed, and the documents that support such. The rule itself does not elaborate on this general statement; however, the stated purpose of the rule and some case law lends guidance as to the level of specificity required. Rule 26(a)'s purpose is to "'accelerate the exchange of basic information' that is 'needed in most cases to prepare for trial or make an informed decision about settlement.'" 1993 Advisory Committee Notes; City and County of San Francisco v. Tutor-Saliba Co., 218 F.R.D. 219, 221 (N.D. Cal. 2003). The disclosure must be more specific in detail than broad categories such as wrongful death, property damage. Id. The party must provide more than just a demanded figure, and some analysis may be required. For example, a claim of lost wages may require information relating to hours worked and pay rate. Id

---

[1] This directive supersedes the time limits set forth in Rule 26(a)(3).

The undersigned is not in the position at this time to question the general damages figures given by EID, and given the availability of supportive documents, and the sure-to-be-taken expert depositions, such general calculation is sufficient at this time. However, EID, and TBI for that matter, are cautioned that they will not be permitted to supplement their Rule 26 document disclosures via the "trickle" method. Except for non-privileged Rule 26 documents which could not have been discovered thus far in the exercise of reasonable diligence, the time has come and gone for initial disclosures. Experts may not be funneled new supporting documents which should have already been produced at this time, nor is it likely that the trial judge will look kindly on the attempted use of supporting Rule 26 documents which were not produced in accordance with court orders. Unless substantial justification is found, sanctions are mandatory, and documents not produced for initial disclosures without valid excuse will be precluded from use. Fed. R. Civ. P. 37(a)(3), 37(c)(1); see <u>Klonoski v. Mahlab</u>, 156 F.3d 255, 268-269 (1st Cir. 1998) (initial disclosures); <u>Elswick v. Nichols</u>, 144 F. Supp. 2d 758, 762 (E.D. Ky. 2001) (expert report); <u>Dana Corp. V. American Std, Inc.</u>, 866 F. Supp. 1481, 1508 (n.97) (N.D. Ind. 1994) (striking of documents warranted).

II. <u>SCADA Data</u>

EID shall produce all SCADA data in raw format, within ten days of this order.

III. <u>Shewbridge Documents</u>

Because TBI has not demonstrated under the circumstances that EID's privilege log was unduly delayed, and has not shown prejudice as a result of EID's delayed production of a privilege log, TBI's motion is denied with respect to these documents.

IV. <u>Interrogatories</u>

EID's interrogatory responses are satisfactory. TBI's motion is denied.

V. <u>Sanctions</u>

TBI requests sanctions in the amount of $5370.00. Fed. R. Civ. P. 37(a)(4)(C) provides that "[i]f [a motion to compel] is granted in part and denied in part," as provided by the

instant order, "the court may . . . apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." The court finds EID's actions "substantially justified," Fed. R. Civ. P. 37 (a)(4)(A), and therefore directs each party to bear its own costs. TBI's request for sanctions is denied.

For the reasons stated on the record, IT IS ORDERED that:

1. TBI's motion to compel, filed July 13, 2005, is denied in part and granted in part.

2. EID shall produce in SCADA data in raw format within ten days of the hearing.

DATED: 8/17/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
EID949.805.wpd

4