WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
H. James Wulfsberg - 046192
Michael W. Barnes – 154654
Deirdre J. Cox - 175923
Kaiser Center
300 Lakeside Drive, 24th Floor
Oakland, CA 94612-3524
Telephone:  (510) 835-9100
Facsimile:  (510) 451-2170

Thomas D. Cumpston – 142618
General Counsel
El Dorado Irrigation District
2890 Mosquito Road
Placerville, CA 95667
Telephone: (530) 622 4513
Facsimile: (530) 622-1195

Attorneys for Plaintiff and Counterdefendant
EL DORADO IRRIGATION DISTRICT

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL DORADO IRRIGATION DISTRICT,<br><br>　　Plaintiff,<br><br>v.<br><br>TRAYLOR BROS., INC., TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,  and Does 1-100, inclusive,<br><br>　　Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. CIV.S-03-0949 LKK GGH<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF EN2 RESOURCES, INC. PROJECT RECORDS** |

　　WHEREAS, Defendant and counterclaimant Traylor Bros., Inc. ("TBI") issued a

subpoena to EN2 Resources, Inc. ("EN2") seeking the production of various project

records;

WHEREAS, Plaintiff and counterdefendant El Dorado Irrigation District ("District") withheld from production certain EN2 project records that the District believed were confidential or otherwise protected from production pursuant to a privilege or the work product doctrine;

WHEREAS, the District withheld from its response to TBI's Request for Production No. 7 five EN2 project records that the District believed were confidential or otherwise protected from production pursuant to a privilege or the work product doctrine (hereinafter, the EN2 project records withheld from production by the District will collectively be referred to as the "withheld documents");

WHEREAS, TBI filed a Motion to Compel the production of the withheld documents;

WHEREAS, counsel for TBI and the District (hereinafter collectively, the "Parties") have met and conferred on the subject of the production of the withheld documents by EN2 and have negotiated a mechanism for the production of the withheld documents;

NOW, THEREFORE, to facilitate the resolution of confidentiality and privilege issues with a minimum of Court involvement, the Parties, by and through their respective attorneys, hereby stipulate as follows:

The District will produce the withheld documents to TBI on or before November 3, 2005.

Confidential or privileged EN2 withheld documents shall be so designated by stamping copies of the document with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as Confidential, unless otherwise indicated by the District.

Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in

part from material designated as Confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

Confidential Material produced pursuant to this Stipulation and Order may be disclosed or made available only to the Court, to counsel for one of the Parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff and assistants) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action;

(d) jurors at a trial in this action; and

(e) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment "A," a copy of which shall be provided forthwith to counsel for each other party and for the parties.

Material produced pursuant to this Order may be disclosed or made available only to Qualified Persons, and information derived therefrom shall be used solely for purposes of this Action and/or any mediation involving the parties, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding or litigation, without the express written consent of the District.

Depositions at which Confidential Material is introduced shall be taken only in

the presence of qualified persons.

Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to the effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, and even if a party to this action has designated the same material as Confidential, or from disclosing its own Confidential Material as it deems appropriate.

~~If Confidential Material is included in any papers to be filed in Court, such papers shall be labeled: "Confidential – Subject to Court Order" and filed under seal pursuant to Court rules.~~  **See Attachment A.**

In the event that any Confidential Material is used in any court proceeding in this Action, it shall not lose its confidential status through such use, and the Party using such shall take all reasonable steps to maintain its confidentiality during such use.

This Stipulation and Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party.

In the event additional parties join or are joined in this Action, they shall not have access to "Confidential" Discovery Material until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation

and Order.

If any person receiving documents covered by this Stipulation and Order (the "Receiver") (a) is served with a subpoena in another action; or (b) is served with a demand for production of documents in another action to which he or it is a party; or (c) is served with any other legal process by one not a party to this action, seeking withheld documents which were produced or designated as "Confidential" in this action by someone other than the Receiver, the Receiver shall give prompt actual written notice to the District by hand or facsimile transmission within forty-eight (48) hours of receipt of such subpoena, demand or legal process, and shall not produce any "Confidential" Material prior to the date set forth in the subpoena, demand or legal process.

Because the Parties cannot predict when and if the Court will enter this Stipulation and Order as an order, the Parties agree to abide by this Stipulation and Order at all times as if it were an order of the Court. If the Court declines to enter this Stipulation and Order as an order, the Parties agree that the provisions of this Stipulation will remain in effect, and further agree to return Confidential Materials as set forth in Paragraph 14, below, within 30 days of the Court's declination.

This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential.

This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which shall constitute one document.

**SO STIPULATED:**

DATED: October 27, 2005    **WULFSBERG REESE COLVIG & FIRSTMAN**

**PROFESSIONAL CORPORATION**

By    /s/ Deirdre Joan Cox
DEIRDRE JOAN COX
Attorneys for Plaintiff and

Counterdefendant

EL DORADO IRRIGATION DISTRICT

DATED: October 27, 2005    **MCKENNA LONG & ALDRIDGE**

By    /s/ Laurence R. Phillips
LAURENCE R. PHILLIPS
Attorneys for Defendant and

Counterplaintiff

TRAYLOR BROS., INC.

**APPROVED AND SO ORDERED:**

Dated: 11/2/05    /s/ Gregory G. Hollows
_____

HON. GREGORY G. HOLLOWS
United States Magistrate Judge

## EXHIBIT A

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL DORADO IRRIGATION DISTRICT,<br><br>　　　Plaintiff,<br><br>v.<br><br>TRAYLOR BROS., INC., TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,  and Does 1-100, inclusive,<br><br>　　　Defendants.<br><br><br>AND RELATED COUNTERCLAIM. | Case No. CIV.S-03-0949 LKK GGH<br><br>**UNDERTAKING PURSUANT TO STIPULATION AND ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL MATERIAL** |

　　　I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulation and Protective Order entered in *El Dorado Irrigation District v. Traylor Bros., Inc., et al.*, United States District Court Case No. CIV.S-03-0949 LKK GGH, and hereby agree to comply with and be bound by the terms and conditions of said Stipulation and Order unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated:　　　　　　　　　　_____
　　　　　　　　　　　　　　　　**NAME**

ATTACHMENT A

The federal rules allow broad discovery. "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. . . ." Fed. R. Civ. P. 26(b)(1). Additionally, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. Relevancy may include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380. Moreover, discovery information disclosed in court filings generally is available to the public. See San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir.1999) ("[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public").[1]

Protective orders safeguard the parties and other persons in light of the otherwise broad reach of discovery. United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982). The court has great discretion to issue protective orders if discovery causes annoyance, embarrassment, oppression, undue burden, or expense. B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979). Good cause, however, is required to obtain a protective order. Fed. R. Civ. P. 26(c); Foltz v State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary").

"Good cause" to bar the public from litigation documents must be more than mere desire. The party seeking protection must show specific prejudice or harm, including, with respect to individual documents, particular and specific need. Id.; San Jose Mercury News, Inc., 187 F.3d at 1102; W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 11:88. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips, 307 F.3d at 1211 (citing Glenmade Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir.1995) (factors)).

Some protective orders enable the parties to designate so much material as "confidential" that, in essence, entire case filings are sealed. The protective order submitted by the parties has the same potential problem. This court will not approve a protective order giving blanket authority to the parties to designate what shall be filed under seal. Accordingly, the parties shall observe the following procedure for filing documents under seal.

In matters to be adjudicated by the District Judge, the parties shall submit to the District Judge a stipulation or application for sealing, showing good cause.

In matters to be adjudicated by the undersigned:

1. As to information designated confidential by the party who proposes to file it under seal: Ten days prior to the planned submission, the submitting party shall file with the undersigned an ex parte application, served on the opposing party, seeking approval of

---

[1] A party may have the right to protect from public disclosure information which has been produced to the other party only because of discovery and which has not been filed with the court. Seattle Times v. Rhinehart, 467 U.S. 20, 104 S.Ct. 2199 (1984). Id. at 33, 37, 104 S.Ct. at 2207, 2209.

each specific filing to be made under seal, together with a proposed order. The court shall attempt to rule expeditiously. *In no event, however, will the court's failure to rule on the application prior to the scheduled filing date be a basis to continue the filing date.* If the court does not communicate its ruling on the application prior to the filing date, the confidential documents shall be filed under seal. If the submitting party does not timely file the application, the confidential material shall be filed in the public record.

2. As to information designated confidential by a party other than the party who proposes to file it:

Ten days prior to the planned filing, the submitting party shall contact the opposing party for permission to make an unsealed filing. Permission, or the lack thereof, shall be memorialized by the submitting party. If the other party fails to permit an unsealed filing, the other party shall file an ex parte application with the undersigned, served on the party proposing to file the information, seeking approval for each specific filing to be made under seal. The other party's application shall be made no later than five days prior to the submitting party's scheduled filing date. The court shall attempt to rule expeditiously. *In no event, however, will the court's failure to rule upon the application prior to the scheduled filing date be a basis to continue the filing date.* If the court does not communicate its ruling on the application prior to the filing date, the information shall be filed under seal. If the other party fails timely to file the application, the submitting party shall file all documents in the public record.

This protective order does not purport to bind other courts with respect to production in cases pending before them.

IT IS SO ORDERED.

Dated: 11/2/05

/s/ Gregory G. Hollows

_____
United States Magistrate Judge