UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EL DORADO IRRIGATION DISTRICT,
a political subdivision of the
State of California,

        NO. CIV. S-03-949 LKK/GGH

    Plaintiff,

  v.                     O R D E R

TRAYLOR BROS., INC., an
Indiana corporation,

    Defendant.
_____/

AND RELATED COUNTER-CLAIMS.
_____/

    Before the court is plaintiff's motion to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292. Plaintiff seeks certification of three questions all under the umbrella of this court's grant of summary judgment to defendants on the California False Claims Act causes of action. See Order Filed Oct. 7, 2005.

////

////

////

1

**I.**

**STANDARD**

Certification is appropriate where the "order involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). All three qualities must be present in order to merit interlocutory certification; that an issue is novel does not, in itself, make it immediately appealable. See Krangel v. General Dynamics Corp., 968 F.2d 914, 915 (9th Cir. 1992). I address these standards below.

**II.**

**ANALYSIS**

The first question to ask is whether the False Claims Act issues are controlling questions of law. The general standard is that a question is controlling under § 1292(b) if resolving it on appeal could materially affect the outcome of litigation. In re Cement Antitrust Litig., 1020, 1026 (9th Cir. 1982). This question is also tied to the third prong of analysis which asks whether immediate appeal would materially advance the litigation. The success of the False Claims Act claims is clearly controlling with regards to certain types of damages sought, although it does not substantially change the path that the litigation will take between now and trial.

The next issue is whether there is a substantial ground for a difference of opinion on the questions which plaintiff seeks to

have certified. Each question will be addressed in turn.

The first question that plaintiff seeks to have certified is whether the California False Claims Act (CFCA) permits reference to surrounding facts and circumstances when determining whether a construction contractor's payment applications are false claims. The primary problem with the request for certification on this issue is that plaintiff appears to misunderstand this court's ruling and thereby are primarily seeking to have a question of fact, and not law, certified. In addressing plaintiff's claim that the payment applications were false claims, the court found that the path from the applications themselves to the falsity was "too long" and the argument was "too attenuated." Order Filed Oct. 5, 2005 at 21. The court did not find that the law did not allow a review of the surrounding facts and circumstances. Rather, the court found that the circumstances in this case were simply too convoluted to determine that there was a false claim. Therefore, certification of this question would primarily result in an analysis of the facts by the Ninth Circuit, and not the law. Section § 1292(b) requires a "controlling question *of law*" not fact, and therefore it would be inappropriate for this court to certify this question at this time. 28 U.S.C. § 1292(b); <u>Link v. Mercedes Benz of North America, Inc.</u>, 550 F.2d 860, 863 (3rd Cir. 1976).

The second question which plaintiff seeks to have certified is newly raised here, it was not addressed at any point in the papers prepared for the motions for partial summary judgment.

3

1  Plaintiff asks whether the CFCA and the Ninth Circuit recognize
2  "purposeful scheme" liability in the absence of express false
3  statements.  This is a theory that has been discussed in some
4  federal FCA cases outside of the Ninth Circuit (it appears from the
5  parties papers that this has never been addressed by the Ninth
6  Circuit).  This court cannot certify for appeal an issue that was
7  not decided by this court in the first place, except in unusual
8  circumstances, none of which have been shown here. Smith v. Arthur
9  Andersen LLP, 421 F.3d 989, 999 (9th Cir. 2005); United States v.
10 Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991) ("Issues not
11 presented to the trial court cannot generally be raised for the
12 first time on appeal.").  There is nothing to appeal.

13     When defendants pointed this out in their opposition to the
14 motion for certification, plaintiff responded by stating that a
15 general allegation in their complaint raises the theory and that
16 cases that plaintiff cited in its brief rely on the theory.  First,
17 plaintiff does not point to any specific mention of the fraudulent
18 scheme in their complaint, they only say that a reference to the
19 FCA statute itself was sufficient.  Second, the fact that a theory
20 is addressed in two opinions (from other circuits) that were cited
21 for other issues in plaintiff's briefs is hardly sufficient to show
22 that it was raised to this court.

23     The third question plaintiff seeks certification of is the
24 only issue which appears to even qualify for consideration for
25 immediate appeal.  Plaintiff seeks to have the court certify
26 whether the CFCA and the Ninth Circuit recognize liability on an

4

implied certification theory. This court found that the Ninth Circuit does not recognize the theory, based upon numerous cases which make this point (most from other circuits) and from a recent case out of the Eastern District which specifically states as much.[1] There is one case within the circuit which does recognize the theory and it disputes the reading of the one Ninth Circuit case which is most often referenced as rejecting the implied certification theory.[2] There is certainly a possibility that the Ninth Circuit will decide otherwise, but it is questionable whether that possibility is "substantial" in light of the number of other circuits that also reject the theory, the general sentiment of the lower courts, and the actual merit of the implied certification theory. There is no compelling reason, however, why this court should treat this question as unusual enough to qualify for early

---

[1] See Swan, 279 F.Supp.2d at 1216, n. 3; Lum v. Vision Service Plan, 104 F.Supp.2d at 1241-42; U.S. ex rel. Hopper v. Anton, 91 F.3d 1261, 1267 (9th Cir. 1996) ("For a certified statement to be 'false' under the Act, it must be an intentional, palpable lie. Innocent mistakes, mere negligent misrepresentations and differences in interpretations are not false certifications under the Act." (internal citations omitted)); U.S. ex rel. Graves v. ITT Educational Services, Inc., 284 F.Supp.2d 487, 497 (S.D. Tex. 2003) ("The Fifth Circuit, with the Second, Fourth, Ninth, and District of Columbia Circuits, has held that a claim under the False Claims Act is 'legally false' only where a party affirmatively certifies compliance with a statute or regulation as a condition to receiving governmental payment or property"); see also Shaw v. AAA Engineering & Drafting, Inc., 213 F.3d at 532 (10th Cir. 2000) (citing Ninth Circuit cases the court found that "[n]ot all courts have embraced the theory that an FCA suit may be based on an implied certification."). But see U.S. ex rel. Holder v. Special Devices, Inc., 296 F.Supp. 2d 1167, 1176 (C.D. Cal. 2003).

[2] U.S. ex rel. Holder v. Special Devices, Inc., 296 F.Supp.2d 1167, 1176 (C.D. Cal. 2003).

5

1 certification.

2 The final element of the test under § 1292(b) is whether
3 certification at this time will materially advance the ultimate
4 termination of the litigation. Plaintiff notes that there is a
5 risk that, if EID does not prevail on the fraud claims, that
6 collateral estoppel will not apply and therefore that a second
7 trial on the merits will be necessary because the False Claims Act
8 burden of proof is less stringent. This is true, it is possible
9 that if the Ninth Circuit disagrees with this court's ruling it may
10 have to conduct a new trial. However, this is not an unusual
11 situation, it arises regularly when a court grants partial summary
12 judgment which dismisses a theory of liability in a case. The
13 grant of certification for interlocutory appeal is to be used
14 sparingly in cases where there is a risk of protracted litigation
15 which can be remedied by early appeal. <u>In re Cement Antitrust</u>
16 <u>Litigation</u>, 673 F.2d 1020, 1026 (9th Cir. 1982)("the legislative
17 history of 1292(b) indicates that this section was to be used only
18 in exceptional situations in which allowing an interlocutory appeal
19 would avoid protracted and expensive litigation.").

20 For the above stated reasons, the motion for certification is
21 DENIED.

22 IT IS SO ORDERED.

23 DATED: December 16, 2005.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

6