UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EL DORADO IRRIGATION DISTRICT,
a political subdivision of the
State of California,

        Plaintiff,

  v.

TRAYLOR BROS., INC., an
Indiana corporation,

        Defendant.
_____/

AND RELATED COUNTER-CLAIMS.
_____/

NO. CIV. S-03-949 LKK/GGH

O R D E R

    Defendant seeks to have this court reconsider its denial of their motion for summary judgment on the fraud cause of action. Following oral argument on the motion to reconsider, the court requested that plaintiff submit evidence of the potential for personal injury resulting from TBI's faulty construction of the Mill-Bull tunnel. Having reviewed the additional briefs, the court denies the motion.

////

1

**I.**

**STANDARDS**

"Under the 'law of the case' doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (citing Thomas v. Bible, 983 F.2d 153, 154 (9th Cir.), cert. denied, 508 U.S. 951 (1993)). Although motions to reconsider are directed to the sound discretion of the court, see Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 824 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988), considerations of judicial economy weigh heavily in the process. Thus, Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances . . . which . . . were not shown upon such prior motion, or what other grounds exist for the motion." Generally speaking, before reconsideration may be granted there must be a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice. See Alexander, 106 F.3d at 876.

As with motions to alter or amend a judgment made pursuant to Fed. R. Civ. P. 59(a), motions to reconsider are not vehicles permitting the unsuccessful party to "rehash" arguments previously presented. See Costello v. United States Government, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). Nor is a motion to reconsider

justified on the basis of new evidence available prior to the court's ruling. See Fay Corp. v. BAT Holdings One, Inc., 651 F. Supp. 307, 309 (W.D. Wash. 1987), aff'd, 896 F.2d 1227 (9th Cir. 1990). Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. See id. These relatively restrictive standards "reflect[] district courts' concern for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.

## II.

## ANALYSIS

The motion to reconsider the previous order briefs, for the first time, the fraud issue which the parties failed to sufficiently address in their cross-motions for summary judgment heard in September of 2005. See Order filed Oct. 7, 2005. Then defendant sought judgment on the fraud cause of action on the grounds that there was no false statement in the payment applications. Plaintiff sought to have the court grant summary judgment on the first two elements of the fraud claim: misrepresentation and knowledge of falsity.

In their briefs in support of the motions for summary judgment, neither party bothered to provided any examination of the general law on fraud or to explain why the court would assume that it should apply the same analysis for that cause of action as it did for the False Claims Act claims. In order to determine whether the standards were the same, the court provided a brief explanation of the recent California Supreme Court case, Robinson Helicopter

3

Company, Inc. v. Dana Corporation, 34 Cal.4th 979 (2004). Order filed Oct. 7, 2005 at 33. TBI now seeks to have this court reconsider the order because it claims that this court's reading of Robinson was erroneous.

This is a motion to reconsider, and therefore defendant must show that the court committed "clear error" or that "manifest injustice" will result. Alexander, 106 F.3d at 876. They have shown neither. Before addressing whether the court's initial reading of Robinson was incorrect, the court's original conclusion is recapitulated in its entirety:

> A recent decision by the California Supreme Court guides review of the instant fraud claim. In Robinson Helicopter Co., Inc. v. Dana Corp., the Court reviewed a breach of contract case in which intentional and negligent misrepresentation claims were also brought. 34 Cal.4th 979, 991-92 (2004). The Court explained that ordinarily under California's public policy tort causes of action should be disallowed where there is an available contract remedy. "Courts will generally enforce the breach of a contractual promise through contract law, except when the actions that constitute the breach violate a social policy that merits the imposition of tort remedies." Id. (internal quotations omitted). The court concluded, however, that fraud allegations in contract cases present a different issue since they deal with intentional misrepresentations constituting an extra layer of blameworthiness Id.

Order filed Oct. 7, 2005 at 33.

The order went on to note that "in order to show a misrepresentation it need not be express but may be implied by or inferred from the circumstances" but "the misrepresentation must be a material and knowingly false representation of fact." Id. at 33 (citing Universal By-Products, Inc. v. City of Modesto, 43 Cal.App.3d 145, 151 (1974); Orient Handel v. United States Fid. &

Guar. Co., 192 Cal.App.3d 684, 693 (2d. Dist. 1987)).  This court found that the payment applications did not contain anything untrue on their face, although they may have implied that the work was being done in accordance with the contract documents.  Based upon this, and more importantly on the factual dispute regarding the June 11th meeting minutes, the court found that there was a triable issue of fact regarding what the June 11, 2002 meeting minutes meant,[1] and a dispute about whether the applications for payment on their own were fraudulent and thus denied summary judgment as to both parties.

TBI now seeks to have this court reconsider its order on the basis that Robinson Helicopter holds that only "affirmative misrepresentations of contract are actionable;" and only where they expose the plaintiff to the risk of personal injury liability.  The court's reading of Robinson Helicopter is less demanding.

In Robinson Helicopter, plaintiff manufactured helicopters using sprag clutches (a safety mechanism) produced by Dana. Robinson was required to produce its helicopters within the exact specifications of the "type certificate" issued by the Federal Aviation Administration (FAA), and any proposed changes in design would have to be approved by the FAA.  One element of the type certificate was the exact grinding tolerances for the sprag clutches.  For a period of years Robinson purchased many sprag clutches from Dana that were ground to the proper specifications.

---

[1] These statements may have been "affirmative misrepresentations."

However, at some point Dana changed the grinding process but did not notify Robinson or the FAA.  Nonetheless, Dada "continued to provide written certificates to Robinson with each delivery of clutches that the clutches had been manufactured in conformance with Robinson's written specifications (which specifications prohibited unapproved changes in Dana's manufacturing process)." Dana later switched back to the required specifications, again without notifying Robinson.  Robinson Helicopter, 34 Cal.4th at 985-86.

The sprag clutches manufactured during the period when Dana was not following the specifications experienced a higher failure rate than those properly manufactured.  Although the increased failure in the clutches thankfully did not result in any accidents, injuries, or damage to the helicopters, Robinson was forced to recall the helicopters to replace the clutches.  In order to recover the cost of replacement, Robinson sued, alleging causes of action for breach of contract, breach of warranty and negligent and intentional misrepresentations.  The jury found that Dana "had made false misrepresentations of fact and had knowingly misrepresented or concealed material facts with the intent to defraud."  The California Court of Appeal, however, applied the economic loss rule and found that Robinson could not recover in tort.  Id. at 986-88.

The California Supreme Court found that, while contract law should generally govern breach of contract cases, certain egregious acts favor allowing tort remedies.  The court found that tort damages have been allowed in contract cases "where a breach of duty

6

directly causes physical injury; for breach of the covenant of good faith and fair dealing in insurance contracts; for wrongful discharge in violation of fundamental public policy; *or* where the contract was fraudulently induced." Robinson Helicopter Co., Inc., 34 Cal.4th at 989-90 (quoting Erlich v. Menezes, 21 Cal.4th 543, 551 (1999))(emphasis added).  The court cited Harris v. Atlantic Richfield Co. which held that "when one party commits a fraud during the contract formation *or performance*, the injured party may recover in contract and tort." 14 Cal.App.4th 70, 78 (1993) (emphasis added) (Harris did not involve personal injury).  Again citing Erlich v. Menezes, the court concluded that a tortious breach of conduct may be found when:

> (1) the breach is accompanied by a traditional common law tort, such as fraud or conversion; (2) the means used to breach the contract are tortious, involving deceit or undue coercion; or (3) one party intentionally breaches the contract intending or knowing that such a breach will cause severe, unmitigable harm in the form of mental anguish, personal hardship, or substantial consequential damages.

34 Cal.4th at 990.  Further, the court explained that "[f]ocusing on intentional conduct gives substance to the proposition that a breach of contract is tortious only when some independent duty arising from tort law is violated." Id.

The Robinson court noted that Dana had committed "affirmative misrepresentations" that caused Robinson to incur costs associated with replacing the faulty parts and that "Dana's provision of faulty clutches exposed Robinson to liability for personal damages if a helicopter crashed and to disciplinary action by the FAA."

7

Id. at 990-91. Therefore, the court held that "the economic loss rule does not bar Robinson's fraud and intentional misrepresentation claims because they were independent of Dana's breach of contract." Id. The court also engaged in a lengthy discussion of why this rule was good public policy, never mentioning a personal injury requirement in that analysis. Id. at 991-93.

Finally, the court stated that "[o]ur holding today is narrow in scope and limited to a defendant's affirmative misrepresentations on which a plaintiff relies and which expose a plaintiff to liability for personal damages independent of the plaintiff's economic loss." Id. at 993. Although the court clearly found the possibility of serious personal injury to be a persuasive factor, the decision cannot be read as limiting liability to instances of personal injury. Rather, the California Supreme Court's opinion focuses on the independent reasons why tort damages may be allowed in cases where there is fraud in the creation or performance of a contract.

EID does claim that the faulty construction could result in personal injuries.[2] The court has reviewed the additional evidence submitted by EID in support of its assertion. While it does seem that it could be possible for some foolish person to be injured by

---

[2] TBI responds by arguing that EID is immune from personal injury liability and thus even if there was risk of personal injury, EID would not be exposed to liability as a result of TBI's allegedly fraudulent conduct. Given the court's disposition of the motion, I need not resolve this claim.

8

the tunnel if it was left open, the preventative measures that have been put in place appear to nearly entirely foreclose that possibility. In any event, being convinced that the Robinson court did not limit recovery to where there was personal injury, this court will not rest its decision on the somewhat weak possibility that injury might occur.

Finally, with regards to the character of the purported misrepresentations, plaintiff has alleged affirmative misrepresentations with regard to the June 11th statements. The court's previous order specifically held summary judgment inappropriate because there were still significant disputed facts about the nature of those purported misrepresentations.

Since the court is satisfied that Robinson does not limit tort recovery to fraud involving potential person injury and there appears to be issues of fact about whether there were affirmative misrepresentations in the June 11th statements, the motion for summary judgment must be denied.[3]

The motion to reconsider is DENIED.

IT IS SO ORDERED.

DATED: February 7, 2006.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[3] Indeed, it may be that there is an issue of fact concerning personal injury despite EID's precautions.

9