1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   EL DORADO IRRIGATION DISTRICT,
                                          NO. CIV. S-03-949 LKK/GGH
12          Plaintiff,

13      v.                                **PRETRIAL CONFERENCE ORDER**
                                                **[TENTATIVE]**
14   TRAYLOR BROS., INC.; TRAVELERS
     CASUALTY AND SURETY COMPANY
15   OF AMERICA,

16          Defendants.
     _____/
17

18       Pursuant to court order, a Pretrial Conference was held in

19   Chambers on June 12, 2006.  ERIC FIRSTMAN, MARK STUMP and THOMAS

20   CUMPSTON appeared as counsel for plaintiff; MARK BUDWIG and MICHAEL

21   McGUINNESS  appeared  as  counsel  for  defendants.   Above-listed

22   counsel  are  therefore  designated  as  lead  trial  counsel.   After

23   hearing, the court makes the following findings and orders:

24   ////

25   ////

26   ////

                                  1

**I.   JURISDICTION/VENUE**

Jurisdiction is predicated upon 28 U.S.C. § 1332, and has previously been found to be proper by order of this court, as has venue.  Those orders are confirmed.

**II.   JURY/NON-JURY**

Both parties have timely demanded a jury trial and this matter will be tried to a jury.

**III.   UNDISPUTED FACTS**

See Attachment "A."

**IV.   DISPUTED FACTUAL ISSUES**

See Attachment "A."

**V.   DISPUTED EVIDENTIARY ISSUES**

As directed at the Pretrial Conference, the parties' motions in limine are to be filed not later than July 31, 2006. Oppositions shall be filed not later than August 14, 2006, with reply briefs due not later than August 21, 2006.

Hearing on the motions in limine is SET for September 5, 2006 at 10:00 a.m. in Courtroom No. 4.

The parties will not be permitted to bring motions in limine relative to any evidentiary issues not listed in the final pretrial order absent a showing that the issue was not reasonably foreseeable at the time of the pretrial order.

**VI.   SPECIAL FACTUAL INFORMATION**

See Attachment "B."

////

////

1

## VII.   RELIEF SOUGHT

2      Plaintiff seeks monetary damages in the following categories:

3      1.   MWH extended services during period of repair/completion
4  in the amount of $1,538,313.00.

5      2.   HPT extended services during period of repair/completion
6  in the amount of $1,571,888.00.

7      3.   EN2 extended services during period of repair/completion
8  in the amount of $252,485.00.

9      4.   Cost of sedimentation pond cleanup (Ramos Environmental)
10  in the amount of $263,385.00.

11      5.   Spillway 20 construction in the amount of $318,235.00.

12      6.   Spillway 20 design services in the amount of $194,273.00.

13      7.   Spillway 20 District staff costs in the amount of
14  $41,289.00.

15      8.   EID in-house charges related to cost to correct/cost to
16  repair/complete in the amount of $620,000.00

17      9.   EID in-house charges for past increased Operations &
18  Maintenance costs.

19      10.   Future construction cost of repairs to the Tunnel in the
20  amount of $12.2-$25.7 million.

21      11.   Future design, permitting and construction costs for
22  correction/remediation of defective Tunnel alignment in the amount
23  of $3.05-$6.425 million.

24      12.   Lost power sales from June 27, 2002 to December 11, 2003
25  in the amount of $2,463,348.00.

26      13.   Lost CEC grant in the amount of $610,456.00.

3

1      14.   Payments made for defective tunnel boring in the amount
2  of $2,063,353.00.

3      Defendant seeks:

4      1.   Monetary damages in the amount of not less than
5  $6,579,000.00, calculated as follows:

6            a.   Unpaid contract balance - $3,478,812.00.

7            b.   Consumptive Water Delay claim - $330,000.00.

8            c.   Decant Slab Delay claim - $225,000.00.

9            d.   Sedimentation Pond claim - $175,000.00.

10           e.   Outstanding Change Orders - $65,005.00.

11           f.   EID-Cause Delays (Post 9/02) - $2,080,000.00.

12           g.   Cost Escalation (Labor & Power) - $205,000.00.

13           h.   Extra Environmental Services - $20,000.00.

14     2.   A judicial declaration that:

15           a.   TBI did not materially breach the contract;

16           b.   TBI was not in default of the contract;

17           c.   EID breached the contract;

18           d.   EID's purported termination of the contract was void
19                and ineffective; and

20           e.   Travelers was not in breach of the suretyship
21  agreement.

22     3.   An award of attorney's fees and costs.

23     4.   Statutory interest on unpaid retention.

24     5.   Statutory interest for late or unpaid progress payments.

25  ////

26  ////

4

1

**VIII.   POINTS OF LAW**

2    Trial briefs shall be filed with the court no later than
3 fourteen (14) days prior to the date of trial in accordance with
4 Local Rule 16-285.  The parties shall brief the following points
5 of law in their trial briefs:

6    A.   The elements, standards and burden of proof relative to
7 a claim for breach of contract under the facts and circumstances
8 of this case.

9    B.   The elements, standards and burden of proof relative to
10 a claim for a breach of the implied convenant of good faith and
11 fair dealing under the facts and circumstances of this case.

12    C.   The elements, standards and burden of proof relative to
13 a claim for fraud under the facts and circumstances of this case.

14    D.   The elements, standards and burden of proof relative to
15 the breach of a surety bond under the facts and circumstances of
16 this case.

17    E.   The elements, standards and burden of proof relative to
18 the amount of damages appropriate under the facts and circumstances
19 of this case.

20    ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY
21 ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT
22 BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

23

**IX.   ABANDONED ISSUES**

24    Plaintiff has abandoned its claim for injunctive relief.
25 Defendant has abandoned its claim for damages for lost future
26 profit.

### X.   WITNESSES & EXHIBITS

Plaintiff and Defendant anticipate calling the following witnesses:  See Attachments "C" and "D."

Each party may call a witness designated by the other.

A.   No other witnesses will be permitted to testify unless:

(1)   The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2)   The witness was discovered after the Pretrial Conference and the proffering party makes the showing required in "B" below.

B.   Upon the post-Pretrial discovery of witnesses, the attorney shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify.   The evidence will not be permitted unless:

(1)   The witnesses could not reasonably have been discovered prior to Pretrial;

(2)   The court and opposing counsel were promptly notified upon discovery of the witnesses;

(3)   If time permitted, counsel proffered the witnesses for deposition;

(4)   If time did not permit, a reasonable summary of the witnesses' testimony was provided opposing counsel.

At present, plaintiff and defendant contemplate the following by way of exhibits:  See Attachment "E."

1    A.    No other exhibits will be permitted to be introduced
2  unless:

3         (1)   The party proffering the exhibit demonstrates that
4  the exhibit is for the purpose of rebutting evidence which could
5  not be reasonably anticipated at the Pretrial Conference, or

6         (2)   The exhibit was discovered after the Pretrial
7  Conference and the proffering party makes the showing required in
8  paragraph "B," below.

9    B.    Upon the post-Pretrial discovery of exhibits, the
10  attorneys shall promptly inform the court and opposing counsel of
11  the existence of such exhibits so that the court may consider at
12  trial their admissibility.    The exhibits will not be received
13  unless the proffering party demonstrates:

14        (1)   The exhibits could not reasonably have been
15  discovered prior to Pretrial;

16        (2)   The court and counsel were promptly informed of
17  their existence;

18        (3)   Counsel forwarded a copy of the exhibit(s) (if
19  physically possible) to opposing counsel.  If the exhibit(s) may
20  not be copied, the proffering counsel must show that he has made
21  the exhibit(s) reasonably available for inspection by opposing
22  counsel.

23    As to each exhibit, each party is ordered to exchange copies
24  of the exhibit not later than fifteen (15) days from the date of
25  this Pretrial Order.  Each party is then granted ten (10) days to
26  file with the court and serve on opposing counsel any objections

7

1   to said exhibits.  In making said objections, the party is to set
2   forth the grounds for the objection.  As to each exhibit which is
3   not objected to, it shall be marked and received into evidence and
4   will require no further foundation.  Each exhibit which is objected
5   to will be marked for identification only.

6       In addition to electronically filing said objections, if any,
7   the objections must be submitted by email, as an attachment in Word
8   or WordPerfect format, to: arivas@caed.uscourts.gov.

9       The attorney for each party is directed to appear before and
10  present an original and one (1) copy of said exhibit to Ana Rivas,
11  Deputy Courtroom Clerk, not later than 10:30 a.m. on the date set
12  for  trial.   All  exhibits  shall  be  submitted  to  the  court  in
13  binders.    Plaintiff's  exhibits  shall  be  listed  numerically.
14  Defendant's exhibits shall be listed alphabetically.  The parties
15  shall  use  the  standard  exhibit  stickers  provided  by  the  court:
16  pink for plaintiff and blue for defendant.

17              **XI.   DISCOVERY DOCUMENTS**

18      In the event that various former employees of Traylor Bros.
19  are not available, the plaintiff proposes to use the depositions
20  of Tunnel Boring Machine operators and the Project Engineer.

21      Defendant  anticipates  the  introduction  of  the  following
22  discovery documents in its case-in-chief:

23      1.  TBI Requests for Admission:  No. 1, Set No. 1; No. 8, Set
24  No. 1; No. 9, Set No. 1; No.13, Set No. 2.

25      2.  Interrogatories:  Response to Interrogatory No. 9, Set No.
26  1; and Response to Interrogatory No. 13, Set No. 1.

## XII.   **FURTHER DISCOVERY OR MOTIONS**

Pursuant to the court's Status Conference Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Pretrial Conference.   That order is confirmed.   The parties are, of course, free to do anything they desire pursuant to informal agreement.   However, any such agreement will not be enforceable in this court.

## XIII.   **STIPULATIONS**

Defendant's proposed stipulations are refused by plaintiff. Relative to plaintiff's proposal to use summaries, plaintiff is to provide the summaries not later than thirty (30) days before trial.

## XIV.   **AMENDMENTS/DISMISSALS**

None.

## XV.   **FURTHER TRIAL PREPARATION**

A.   Counsel are directed to Local Rule 16-285 regarding the contents of and the time for filing trial briefs.

B.   Counsel are informed that the court has prepared a set of standard jury instructions.   In general, they cover all aspects of the trial except those relating to the specific claims of the complaint.   Accordingly, counsel need not prepare instructions concerning matters within the scope of the prepared instructions. A copy of the prepared instructions is emailed to the parties concurrently with this order.

C.   Counsel are further directed that their specific jury instructions shall be filed fourteen (14) calendar days prior to the date of trial.   As to any instructions counsel desires to

1   offer, they shall be prepared in accordance with Local Rule 51-
2   163(b)(1) which provides:

3       "Two copies of the instructions shall be submitted. One
4       copy shall be electronically filed as a .pdf document
5       and shall contain each instruction on a separate page,
6       numbered and identified as to the party presenting it.
7       Each instruction shall cite the decision, statute,
8       ordinance, regulation or other authority supporting the
9       proposition stated in the instruction."

10      The second copy ("jury copy") shall be submitted by e-mail to
11   lkkorders@caed.uscourts.gov.

12      **In addition, counsel shall provide copies of proposed forms**
13   **of verdict, including special verdict forms, at the time the**
14   **proposed jury instructions are filed with the court.**

15      D.   It is the duty of counsel to ensure that any deposition
16   which is to be used at trial has been filed with the Clerk of the
17   Court.  Counsel are cautioned that a failure to discharge this duty
18   may result in the court precluding use of the deposition or
19   imposition of such other sanctions as the court deems appropriate.

20      E.   The parties are ordered to file with the court and
21   exchange between themselves not later than one (1) week before the
22   trial a statement designating portions of depositions intended to
23   be offered or read into evidence (except for portions to be used
24   only for impeachment or rebuttal).

25      F.   The parties are ordered to file with the court and
26   exchange between themselves not later than one (1) week before

trial the portions of answers to interrogatories which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

G. The court has extensive audiovisual equipment available. Any counsel contemplating its use shall contact the court's Telecommunications Manager, Andre Carrier, at (916) 930-4223, at least two weeks in advance of trial to receive the appropriate training.

## XVI.   SETTLEMENT NEGOTIATIONS

None at this time.

## XVII.   AGREED STATEMENTS

None.

## XVIII.   SEPARATE TRIAL OF ISSUES

Plaintiff seeks to bifurcate the claim on the surety. Plaintiff was directed at Pretrial Conference to bring that motion with its motions in limine.

## XIX.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

## XX.   ATTORNEYS' FEES

The matter of the award of attorneys' fees to prevailing parties pursuant to statute will be handled by motion in accordance with Local Rule 54-293.

////

////

////

### XXI.   MISCELLANEOUS

The parties desire a jury questionnaire. The proposed questionnaire shall be provided to the court not later than fifteen (15) days before trial.

### XXII.   ESTIMATE OF TRIAL TIME/TRIAL DATE

Trial by jury is **SET** for September 19, 2006, at 10:30 a.m., in Courtroom No. 4. The parties represent in good faith that the trial will take approximately twenty-five (25) days.

Counsel are to call Ana Rivas, Courtroom Deputy, at (916) 930-4133, one week prior to trial to ascertain status of trial date.

### XXIII.   OBJECTIONS TO PRETRIAL ORDER

Each party is granted fifteen (15) days from the effective date of this Pretrial Order [Tentative] to object to or augment same. Each party is also granted five (5) days thereafter to respond to the other party's objections. If no objections or additions are made, the Tentative Pretrial Order will become final without further order of the court.

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(e), this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

////

////

////

////

////

12

## XXIV.  OTHER

All time limits and dates that refer to the Pretrial Order refer to the date this Pretrial Order [Tentative] is filed and not the date an amended order, if any, is filed.

IT IS SO ORDERED.

DATED:   July 28, 2006.

LAWRENCE K.  KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

13

Case 2:03-cv-00949-LKK-GGH Document 435 Filed 05/26/2006 Page 1 of 48

WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
H. James Wulfsberg – 046192
Eric J. Firstman – 111534
Mark A. Stump – 104942
Michael W. Barnes – 154654
Kaiser Center
300 Lakeside Drive, 24th Floor
Oakland, CA 94612-3524
Telephone: (510) 835-9100
Facsimile: (510) 451-2170

Thomas D. Cumpston – 142618
General Counsel
El Dorado Irrigation District
2890 Mosquito Road
Placerville, CA 95667
Telephone: (530) 622-4513
Facsimile: (530) 622-1195

Attorneys for Plaintiff and Counterdefendant
EL DORADO IRRIGATION DISTRICT

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

EL DORADO IRRIGATION DISTRICT,

Plaintiff,

v.

TRAYLOR BROS., INC., TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, and Does 1-100, inclusive,

Defendants.

AND RELATED COUNTERCLAIM.

Case No. CIV-S-03-0949 LKK GGH

**JOINT STATEMENT OF UNDISPUTED FACTS AND DISPUTED FACTUAL ISSUES**

Date: June 12, 2006
Time: 1:30 p.m.
Courtroom: 4
Judge: Hon. Lawrence K. Karlton

*ATTACHMENT "A"*

# I.   GENERAL UNDISPUTED FACTS

## A.   Description of the District's Facilities

1.   El Dorado Irrigation District is a public entity that provides drinking and irrigation water to residential, agricultural and commercial customers in much of the western portion of El Dorado County. In this case, El Dorado Irrigation District will usually be referred to as "EID" or "the District". The District is the plaintiff and counter-defendant in this case.

2.   Traylor Bros., Inc. is a licensed general contractor. One of its areas of expertise is the construction of tunnels. In this case, Traylor Bros., Inc. will be referred to as "TBI" or "Traylor". TBI is one of the defendants and a counter-claimant in this case.

3.   EID contracted with TBI to design and build the Mill-Bull Tunnel, a water supply tunnel that is about two miles long. This lawsuit involves disputes that arose during the construction of the Mill-Bull Tunnel project.

4.   Travelers Casualty and Surety Company of America is a licensed surety in the State of California that issued a performance bond to EID guaranteeing TBI's performance of certain construction work on the Mill Bull Tunnel project. Travelers is one of the defendants in this case.

5.   The Mill Bull Tunnel is located east of Placerville, in El Dorado County. It is part of an aquaduct called the "El Dorado Canal", currently owned by EID.

6.   The El Dorado Canal was initially constructed over 100 years ago. Various upgrades and repairs have been made to the system over the years.

7.   The primary source of water that flows through the El Dorado Canal is snowmelt water from the Sierra, which EID stores in reservoirs. EID releases water from the reservoirs which eventually flows into the South Fork of the American River.

8.   EID takes water out of the River at Kyburz, a town on U.S. Highway 50 where a diversion dam is located on the River.

9.   From the diversion dam, the water flows directly into the El Dorado Canal.

10.   The route of the El Dorado Canal runs roughly parallel to, but at a higher elevation than, the River.

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1    11.   For much of its approximately 22 mile length, the El Dorado Canal is an earthen

2  ditch.   However, some of the Canal consists of flumes.   A flume is a man-made channel

3  constructed of wood, steel or concrete, through which water flows.

4    12.   There are tunnels that form part of the Canal.  The Mill Bull Tunnel is one of those

5  tunnels.

6    13.   Another structure that comprises  the Canal is called an "inverted siphon", or just

7  siphon for short.  A siphon is a steel pipeline, about six feet in diameter, that starts at the edge of

8  a ravine, runs down the side of a ravine to a point where the siphon crosses the stream at the

9  bottom of the ravine, then runs up the other side of the ravine to an elevation slightly lower than

10  the one where the siphon starts.  To work, a siphon must run entirely full throughout its length.

11    14.   There are two siphons near the Mill-Bull Tunnel.   The "Alder Creek Siphon" is

12  upstream about a quarter mile of the Tunnel.  This siphon dips down into the ravine of Alder

13  Creek.  The "Plum Creek Siphon" is about a half mile downstream of the Mill-Bull Tunnel and it

14  dips down into the ravine of Plum Creek.

15    15.   The Canal also contains many spillways.  Spillways are openings in the Canal that

16  allow EID to discharge of water from the Canal in certain situations.

17    16.   At the lower end of the El Dorado Canal near Placerville, water empties into a small

18  reservoir called the "Forebay".  The elevation of the Forebay is much higher than the elevation

19  of the River at that point.

20    17.   From the Forebay, water goes to one of two places.  Some of the water goes to the

21  District's water treatment facilities, where it is treated and then used for drinking water purposes.

22  Other water from the Forebay is used to generate electricity at a hydroelectric power plant.  The

23  power plant is located on the bank of the River, directly downslope from the Forebay.

24    18. The water used to generate electricity empties from the Forebay into pipes that are

25  called the "penstock".  The penstock carries the water down the steep slope from the Forebay to

26  the power plant. By the time the water reaches the bottom of the penstock, it is under great

27  pressure.  That pressurized water is then directed against the blades of a turbine, which spins an

28

1  electrical generator, which generates the power. After the water passes through the turbine, it is
2  released back into the River.

3      19. Sediment existed in the El Dorado Canal prior to the Mill-Bull Tunnel being
4  constructed.

5      **B.    Description of Project 184.**

6      20.    This entire system of reservoirs, ditches, flumes, tunnels, the Forebay, the penstock
7  and the hydroelectric plant are collectively referred to as "Project 184". Project 184 is the name
8  given to these facilities by the Federal Energy Regulatory Commission, called "FERC".

9      21.    Before 1999, Project 184 had been owned for decades by Pacific Gas & Electric
10 Company. In 1999, EID acquired Project 184 from PG&E.   At that time, the Canal, penstock
11 and hydroelectric plant were not operational due to storm damage that  had occurred in 1997.
12 These and other portions of Project 184 had to be repaired  before the system could be operated.

13     22.    EID now operates Project 184 under several licenses and permits, including  the
14 operating license granted by FERC, with which EID had to comply. There is also a special use
15 permit granted EID by the United States Forest Service, over whose land Project 184 runs, with
16 which EID also had to comply.

17     23.    The Mill Bull Tunnel was mined within federal land administered by the Forest
18 Service. There are other state and federal requirements related to the project.

19     **C.    The 1997 Storms**

20     24.    In January 1997, prior to EID's acquiring Project 184, a prolonged period of rain
21 caused landslides and mudslides to occur on a section of the Canal located between Mill Creek
22 and Bull Creek, destroying a part of the Canal.

23     25.    After these slides occurred, studies determined that the mountainside between Mill
24 Creek and Bull Creek was unstable and would always pose a landslide risk and a threat to the
25 reliability of the Canal. Therefore, the District decided to by-pass  that section of the canal with
26 a tunnel, called the "Mill to Bull Tunnel" or the "Mill-Bull Tunnel".

27     **D.    The Construction Contract**

28     26.    On November 1, 1999, the District entered into a tunnel construction contract

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1   with TBI.  Under its contract, TBI agreed to both design and build the Tunnel for the District in

2   approximately one year for an amount not to exceed approximately $11.3 million.  The contract

3   provides, however, that the contract price and duration are subject to adjustment.    Such

4   adjustments, when agreed to, are known as "contract change orders".

5       27.    The Contract is comprised of several separate documents.  EID and TBI disagree

6   about whether or not certain documents are a part of the Contract.    The parties do agree,

7   however, that at least the following documents are a part of the Contract:

8       a.  A document called the "Agreement", which among other things lists a series of other

9           documents that form the Contract.

10       b.  The General Conditions of the Contract.

11       c.  The Special Provisions of the Contract.

12       d.  The DRB Agreement.

13       e.  All approved contract change orders.

14       28.  All documents that are a part of the Contract collectively are called the "Contract

15   Documents."

16   **E.**    **URS Corporation**

17       29.  TBI contracted with URS Corporation to design the project.  URS is a professional

18   consulting engineering company that is duly licensed to perform this design work. URS is not a

19   party to this case.

20   **F.**    **Montgomery Watson Harza**

21       30.  In or around August 2000, the District retained Montgomery Watson Harza, a

22   consulting engineering and construction management firm, to act as both EID's construction

23   manager for the project and the "Engineer" under the terms of the contract.    Early in the project,

24   MWH was known as "Harza" and later became MWH.  MWH is not a party to this lawsuit.

25       31.  As the "construction manager", MWH acted as the District's representative in dealing

26   with TBI during the Project. As the "Engineer", MWH had specified responsibilities under the

27   Contract.

28   **G.**    **How The Tunnel Was Designed and Constructed**

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-6100

1

2      32.   URS issued a set of design drawings for the Tunnel.   Prior to commencing

3  construction of the Tunnel, TBI presented these drawing to EID for review and approval.

4      33.   Excavating a tunnel is known as "mining" a tunnel.   The Mill-Bull Tunnel was

5  mined from its upper end, near Mill Creek,  to its lower end, at the exit portal near Bull Creek.

6      34.   Just upstream of the section of the Canal section to be by-passed by the Mill Bull

7  Tunnel  was an existing  water tunnel, called the "El Dorado Tunnel" which was about 3500 feet

8  long.

9      35.   It was decided to build the Mill to Bull Tunnel starting from inside the existing El

10  Dorado Tunnel.  It would then proceed roughly westward through the mountain for a distance of

11  about 10,320 feet, ending at a location on the existing Canal about near  Bull Creek.

12      36.   As designed by URS, the Mill-Bull Tunnel was to be circular in shape, with a

13  diameter of 8 feet 8 inches.  It was to be built at a very gentle, steady downward grade of 0.07%.

14      37.   At the location where the mining started, TBI used explosives to mine a short

15  "starter tunnel".

16      38.   After the starter tunnel was ready, TBI moved a "tunnel boring machine" into the

17  starter tunnel, which then mined all the rest of the tunnel.  A tunnel boring machine, or TBM, is

18  essentially a very powerful horizontal drill.

19      39.   A TBM operates by first gripping the sides of the existing tunnel walls to hold the

20  machine in place.  Then, a rotating cutter head at the front of the TBM is pushed forward against

21  the rock, chipping and flaking away the rock at the face of the excavation.  Water is pumped onto

22  the surface being excavated to aid in dust control in the mining process.  The resulting small, wet

23  rock pieces, called "muck" or "spoils", are conveyed backwards through the TBM and placed in

24  a "muck car".  Periodically, after the cutter head has been extended forward as far as it can go in

25  front of the TBM, the entire TBM machine is moved forward, and the process is repeated until

26  the mining is complete.

27      40.   In the Mill Bull Tunnel project, the muck car was removed from the tunnel by

28  electric locomotive with  muck cars out of the tunnel on rails to a temporary disposal area, where

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

- 6 -

1  the muck car was unloaded.  The majority of water used by the TBM (called "cutterhead water"
2  or "process water")  was pumped out of the tunnel. The process water then had to be cleaned and
3  disposed of in compliance with permits.

4      41.  During the course of the Project, due to environmental permit requirements, the
5  way the process water was handled was modified.

6      42.  The Contract that was initially entered into in 1999, provided that the TBM spoils
7  would be dumped at the jobsite.  However, during the course of the project the decision was
8  made to move the  spoils  to other locations off the jobsite.

9      43.  The TBM machine can be steered by adjusting the angle at which the cutter head
10  mines the rock.  The TBM was guided by a ZED laser guidance system with a target mounted on
11  the  the TBM on which a laser mounted on the tunnel wall behind the TBM was projected.

12      44.  The Tunnel was mined through solid granite through most of its length.  At points
13  along the Tunnel, there are cracks in the rock that allow groundwater to seep into the Tunnel.
14  The groundwater drained to the bottom of the tunnel, where it was removed. It was always
15  anticipated that some oil would become mixed with the groundwater and process water in the
16  course of the construction process, although disputes exist between the parties arising from the
17  amount of oil that actually leaked .

18      45.  During the tunnel mining process, it was decided that the process water and the
19  groundwater seeping into the Tunnel would be  pumped into a sedimentation pond located in the
20  existing El Dorado Canal, to allow the sediment to settle and oil to separate from the water.

21  **H.  Environmental Permitting**

22      46.  EID operates Project 184 under numerous permits granted by state and federal
23  agencies, all of whom have some oversight responsibility for environmental protection.  These
24  agencies include FERC, the Forest Service, the U.S. Fish and Wildlife Service, the California
25  Water Resources Control Board, the California Regional Water Quality Control Board, the
26  California Department of Fish and Game, and the California State Historical Preservation Office.

27      47.  EID was responsible for obtaining all permits needed to build the project.

28      **II.  UNDISPUTED FACTS REGARDING CAUSES OF ACTION**

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

### A.    Breach of Contract Claim by EID

48.    TBI was a design-build contractor.  Subject to limitations and qualifications elsewhere in the Contract and Change Orders,  the Contract's Special Provisions, Section 3.1, provided that TBI's responsibility included the "the complete design and construction of the Project, including without limitation the Mill-Bull Tunnel and associated canal-tunnel transitions at each portal, and all facilities related to construction of diversion and conveyance facilities, as described generally in the Contract Documents."

49.    Subject to limitations and qualifications elsewhere in the Contract and Change Orders,  Contract Special Provisions Section 3.1,  provides that "[a]fter submission and approval of all required design documentation, [TBI was required to] complete construction of the Mill-Bull Tunnel and all associated facilities in strict accordance with the approved design documentation, including without limitation, mobilization and demobilization; temporary construction support facilities, including temporary line and standby power, water, structures, and facilities; treatment and disposal of ground water; site survey and staking; quality control; and site cleanup and restoration. Subject to any permit or governmental restrictions, [TBI could] work multiple shifts and on nights and weekends."

50.    The Contract provided that EID was to pay TBI for the cost of this work and a fee not to exceed a Guaranteed Maximum Price, which was initially set at $11,280,960.   The Contract defines what falls within, and does not fall within, the cost of the work.  EID and TBI dispute whether certain cost items fall within, or outside, the cost of the work.

51.    The Contract Agrement section 5.2.2 provides that this Guaranteed Maximum Price shall be subject to adjustment according to the terms of the contract.

52.    Change Order No. 3, at paragraph 7, states that "Tunnel alignment, starter tunnel details, exit portal details, energy dissipater details and transition/connection details to the canal at Bull Creek shall be as shown in the plans titled "Contract Drawings for Mill-Bull Tunnel Project – Project No. 184, dated 1/02/01, attached and hereby incorporated in the Contract Agreement by reference, subject to review and approval by the Owner [EID]."

53.    Drawing No. MB-10 shows a nearly  straight line and 0.07% (approximate) grade

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

- 8 -

1   for the Tunnel, with tolerances listed in Drawing MB-2, Note 8, of 6 +/-inches vertically and 24

2   +/- inches horizontally.

3        54.    Drawing No. MB-10 shows the Tunnel to conform to the existing tunnel and canal

4   grades at the upstream and downstream portals respectively.

5        55.    In the Contract Special Provisions, TBI was granted latitude in developing the plans

6   and specifications for construction. Special Provisions, Section 6.7 states: "Bidders are at liberty

7   to design Project features to accommodate their proposed construction methods, within the limits

8   of the design requirements." However, "after submission and approval of all required design

9   documentation, [TBI was required to] complete construction of the Mill-Bull Tunnel and all

10  associated facilities in strict accordance with the approved design".

11       56.    MWH observed the work by TBI. The Contract provided, however, that MWH's

12  observation of the work did not relieve TBI from its contractual duty to perform work in

13  accordance with the Contract Documents.

14       57.    The TBM averaged about 70 linear feet of mining per day rather than the 100 linear

15  feet per day TBI had estimated when it developed its original schedule at the beginning of the

16  project.

17       58.    The Contract permits TBI to present the District monthly payment applications

18  for Costs of Work incurred by TBI .

19       59.    TBI achieved "hole through" of the Tunnel on September 21, 2002.

20       60.    The TBM exited the mountain approximately 5 feet too low and 12 feet off

21  horizontally of where shown on drawings prepared by URS.

22       61.    After hole-though, TBI surveyed the entire Tunnel and confirmed that most of it

23  was outside of tolerances listed in the drawings.

24       62.    Rather than following a uniform slope from upstream to downstream, the Tunnel

25  generally gradually drops to the approximate mid point, where it is about 11.5 feet below the

26  design grade. At that point the tunnel levels out or gradually rises until it exits the mountain about

27  5 feet lower that designed.

28       63.    During the course of the project, EID issued TBI a series of change orders in the

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1 total amount of just under $2.4 million.

2     64.    The terms of the contract initially required TBI to complete the work within 366
3 days from issuance of the Notice to Proceed. However, the contract provided that this completion
4 deadline was subject to extension by agreement, or for delays and other events that were not the
5 fault of TBI.

6     65.    To date, Change Orders were issued by EID to TBI have extended the contract
7 completion date to June 27, 2002.

8     66.    The parties agreed that should TBI not complete the project within the contract
9 time, including extensions, TBI agreed to pay EID $500 per calendar day for each day of delay
10 until the project is substantially complete and operational.

11     67.    EID ceased making any further payments to TBI after the date of hole-through.

12     68.    To date, EID has paid TBI $11,067,925.80 for its work on the Project.

13     69.    TBI last performed work on the Mill Bull Tunnel job site on or about July 15,
14 2003.

15 **B.**    **Fraud Claim By EID**

16     70.    During the course of construction TBI's Project Engineer, David Baddgor, was
17 responsible for surveying, including the surveying the alignment of the tunnel and TBM.
18 During the course of the project TBI retained an independent outside surveyor to verify the
19 accuracy of the survey being performed by TBI's engineer, David Baddgor. TBI advised EID that
20 it would share the results of this independent survey once completed.

21 **C.**    **Claims By EID Against Traveler's Performance Bond**

22     71.    After execution of the Agreement and prior to commencement of performance of
23 work on the Project by TBI, a Performance Bond ("Bond") was issued by TBI's surety, Travelers
24 Casualty and Surety Company of America ("Travelers").

25     72.    The Bond guaranteed TBI's performance of its contractual obligations on the
26 Project, subject to certain terms and conditions.

27     73.    On July 16, 2003, the District issued "7-Day Notice" letter declaring TBI to be in
28 default of its obligations under the Construction Contract. A copy of this letter was sent to

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1    Travelers. However, the District's letter gave no notice to Travelers that it was making a claim

2    against the Bond.

3      74.  The District by letter of August 12, 2003, advised TBI that EID was extending its

4    notice of terminate to November 1, 2003. The District subsequently extended its notice of

5    termination into 2004.

6      75.  By letter dated August 22, 2003, the District requested that Travelers and TBI

7    participate in a conference with the District as contemplated under the the Bond.

8      76.  On September 9, 2003, Travelers sent a letter acknowledging that EID's notice of

9    termination had been extended to November 1, 2003, and asked EID provide Travelers with certain

10   information prior to meeting.

11     77.  On January 5, 2004 and March 31, 2004, EID gave Travelers further notices under

12   the Bond. Travelers responded to each of these notices.

13   **D.  TBI Claim For Declaratory Relief**

14   *[Many of the facts recited above also support TBI's claim for declaratory relief. To avoid*

15   *repetition, they are not recited again here but are incorporated herein by reference.]*

16   **E.  TBI Claim of  Breach of Contract**

17   *[Many of the facts recited above also support TBI's claim for breach of contract. To avoid*

18   *repetition, they are not recited again here but are incorporated herein by reference.]*

19     78.  Following hole through on September 21, 2002, TBI at all times thereafter

20   acknowledged it was responsible for the Tunnel misalignment.

21     79.  TBI designed and built a modification to the exit portal diversion structure that

22   directs water from the exit portal, that was built about 5 feet below design grade, back up to the

23   level of the existing Canal. TBI did not charge EID for this work.

24     80.  TBI designed and built a dewatering pumping system that removes (or "dewaters")

25   the water from the low section of the tunnel when the flow in the Canal is shut down. TBI did not

26   charge EID for this work.

27     81.  In addition to the tunnel alignment issue, a number of disputes arose between the

28   TBI and EID during the course of construction. These disputes include issues of adjustment in the

1 contract price and time.  Many of these disputes remain unresolved and give rise to the present
2 lawsuit.

3     82.     The parties, pursuant to the contract and a separate agreement ("DRB Agreement"),
4 agreed to use the services of a Disputes Review Board ("DRB") to assist the parties to resolving
5 issues and claims during the project.

6     83.     The DRB was required to conduct a hearing at which time each party was given an
7 opportunity to present their side of the dispute.  The DRB was then to issue a written decision
8 setting forth its opinion on the dispute.

9     84.     The contract provides that the DRB's decisions were non-binding on the parties but
10 are admissible by either party in litigation.  disputed

11     85.     Between September 2002 and July 2003, a number of disputes arose between EID
12 and TBI about the scope of the duties of the parties related to the Tunnel misalignment and other
13 project issues.

14     86.     On or about July 16,  2003, EID declared that TBI was in default and give notice
15 that it was terminating TBI's contract.

16     87.     On or about July 16, 2003,  EID took possession of and started flowing water
17 through the tunnel.

18     88.     Since taking possession of the tunnel on or about July 16, 2003, EID has been using
19 the Tunnel ever since as a part of the El Dorado Canal system.

20     89.     Since taking possession of the tunnel in July of 2003, EID has not made any
21 modifications to the inside of the tunnel.

22     90. Since taking possession of the tunnel in July of 2003, EID has performed in excess of
23 $1 million of work at the structures at the exit portal of the tunnel to make the pre-existing
24 Spillway 20 at that location functional.

25     91. The original contract entered into between EID and TBI did not expressly address
26 whether Spillway 20 would continue to be necessary.

27     92. The original URS design of the tunnel by-passed the pre-existing Spillway 20 rendering
28 it not operational.

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-6100

- 12 -

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1    93. In 2004 and 2005, EID built a spillway, which it calls Spillway 20, at or near the same

2    location as the pre-existing Spillway 20. ,

3    94. EID was considering whether to build a spillway at or near the location of the pre-

4    existing Spillway 20 before it learned that the Mill-Bull Tunnel was misaligned.

5    95. The last payment EID has made to TBI on the project was on or about September 2002.

6                    **III.    DISPUTED FACTS[1]**

7    **A.    Issues Common To More Than One Claim**

8    96.    Whether or not the scope of the release in Contract Change Order No. 3 was

9    intended to cover all claims TBI made or could have made against EID arising out of the Contract

10   up to and including February 16, 2001.

11   97.    Whether or not it was EID's or TBI's responsibility under the Contract to perform

12   the work and assume the costs to comply with environmental requirements for handling muck and

13   complying with water treatment and discharge requirements, as reflected in the Contract

14   Documents and applicable permits.

15   98.    Whether or not in early October 2001 TBI Construction Manager George Mitteer

16   ("Mitteer") informed the District that TBI was having difficulty establishing survey control

17   points.

18   99.    Whether or not George Mitteer told the District in October 2001 that TBI would

19   have an independent survey done if Mitteer remained unconfident about TBI's survey.

20   100.    Whether or not Mitteer acknowledged in October 2001 that an accurate survey

21   was essential for the TBM's directional coordinates.

22   101.    Whether or not on December 7, 2001, Mitteer advised the District that he was

23   concerned about the coordinate settings of the TBM and that he was going into the tunnel to

24

25   _____
     [1] TBI General Objections:  TBI contends that EID failed to timely provide TBI with sufficient time
26   to evaluate, verify and respond to many of statements of disputed fact issues EID has listed.  Many
     of EID's statements are vague, compound, argumentative, misleading, and assume erroneous and
27   unproven facts that TBI does not agree to and specifically disputes.  TBI generally objects to all
     such EID statements on these bases.)

28

1  verify them.

2      102.    Whether or not on December 11, 2001, MWH requested that TBI maintain all
3  field survey books on hand so that copies could be incorporated into TBI's as-built record,
4  including realignment information, if used.

5      103.    Whether or not on December 12, 2001, Mitteer informed the District that TBI had
6  verified prior surveys from other datum monuments off site and was confident the coordinates set
7  in the TBM were correct.

8      104.    On February 18, 2002, TBI Construction Manager John F. McDonald advised the
9  District in a letter that TBI was confident of the data it was then using for alignment of the tunnel;
10 that TBI would employ an independent survey team to verify horizontal alignment and vertical
11 grade in the tunnel before TBI had progressed to a point where it believed that this information
12 could be critical; and that TBI had the responsibility for the alignment, and promised to maintain
13 its field books for the record.

14     105.    On or about March 11, 2002, TBI advised the District that the TBM laser target
15 monitor had malfunctioned and would be difficult to replace; and that TBI was awaiting modems
16 to connect to the data logger

17     106.    Whether or not David Baddgor knew of the tunnel misalignment in April 2002,
18 discussed it with George Mittier, Bert Dore and/or John McDonald, then decided to then tunnel
19 uphill, with one or all of their concurrence.

20     107.    Whether or not David Baddgor's, John McDonald's and/or Bert Dore's account of
21 Baddgor's report to McDonald and Dore in late April 2002 about the line and grade of the Tunnel
22 is credible.

23     108.    Whether or not (and when) Bert Dore knew or should have known before hole-
24 through that the Tunnel was being constructed below the designed grade.

25     109.    Whether or not Bert Dore's assertion that the backward flow of water in the Tunnel
26 during construction was being caused by the installation of "ring steel" is credible, and whether he
27 knowingly made a misrepresentation regarding this flow to EID representatives.

28     110.    Whether or not (and when) John McDonald and/or Bert Dore and/or other TBI

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1  management knew or should have known before hole-through that the Tunnel was being
2  constructed below the designed grade.

3      111.    Whether or not (and when) Tom Erdman knew or should have known before hole-
4  through that the Tunnel was being constructed below the designed grade.

5      112.    Whether or not (and when) TBI as an organization knew or should have known
6  before hole-through that the Tunnel was being constructed below the designed grade.

7      113.    Whether or not (and when) EID as an organization should have known before hole-
8  through that the Tunnel was being constructed below the designed grade.

9      114.    Whether or not John McDonald told EID representatives on June 11 and 18, 2002
10  that the CCS survey showed the tunnel off line and grade by only 1.25 inches, and whether or not
11  the meeting minutes of those meetings are reasonably interpreted as such.

12      115.    Whether or not, as Bert Dore testified during deposition, TBI told MWH at a project
13  meeting that the independent third party surveyor "found that the tunnel was right on line and
14  grade".

15      116.    Whether or not TBI deliberately concealed from EID the truth about the tunnel
16  alignment when TBI submitted its payment applications submitted for work performed between
17  November 2001 and August 2002.

18      117.    Whether or not TBI's payment applications submitted for work performed between
19  November 2001 and August 2002 constitute statements which, impliedly or inferentially under the
20  circumstances, misrepresent that the work for which payment was sought had been constructed in
21  compliance with the Contract Documents, or omit to state that grade of the Tunnel had not been
22  constructed in compliance with the Contract Documents.

23      118.    Whether or not TBI's explanations for deleting nearly all of its email generated
24  during the course of the Mill-Bull Tunnel project are credible. (TBI contends that issues relating to
25  alleged intentional or negligent spoliation of evidence are irrelevant or inadmissible pursuant to
26  FRE Rule 403.)

27      119.    Whether or not TBI took steps to preserve all of its project related records.
28      120.    Whether or not TBI's post hole-through accusations of misconduct made against

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1  David Baddgor are credible.

2      121.   Whether or not the reasons given by TBI for removing the TBM from the Mill-Bull
3  Tunnel job site very shortly after Tunnel hole-through are credible.

4      122.   Whether or not TBI had a duty to design a solution to the Tunnel misalignment.

5      123.   Whether or not EID had a duty to design a solution to the Tunnel misalignment.

6      124.   Whether or not a Tunnel dewatering system test on July 14, 2003 was accepted by
7  the District.

8      125.   Whether or not the tunnel misalignment will create long-term maintenance and
9  operational problems for the District, including, among other problems:

10     •   An increased tendency of the tunnel to accumulate silt, thereby reducing the tunnel's
11         capacity and changing the tunnel's hydraulic characteristics;

12     •   An increased likelihood of ice formation and blockage during cold weather;

13     •   The need to drain the defective low point of the tunnel in order to perform
14         maintenance or inspections;

15     •   The increased hazard to animals and humans resulting from the defective tunnel being
16         submerged for most of its length.

17  (TBI contends that these issues are irrelevant even if proved to be true, as there is no admissible
18  evidence of damages arising from these conditions. As to the fourth bullet point, TBI contends
19  that there is no admissible evidence to support this claim and the existence of the immunity found
20  at Government Code section 831.8(b) makes this claimed disputed fact also irrelevant.)

21     126.   Whether or not the failure of TBI to bore the Mill-Bull tunnel in conformance with
22  the contract specifications and within the agreed-upon schedule has jeopardized the District's
23  ability to obtain the federal and state reimbursement of Project costs. (TBI contends that there is no
24  dispute before this court in this action relating to damages arising out of an alleged failure to obtain
25  federal or state reimbursement and therefore such a claimed disputed fact is irrelevant. Such a
26  claim is not included in EID's Rule 26 disclosure statement.)

27     127.   Whether or not the Tunnel poses an unreasonable risk of personal injury to humans
28  or animals over its 100 year life. (TBI contends that there is no evidence, expert or otherwise, that

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1 the tunnel has a 100 year life expectancy and therefore this issue as phrased is irrelevant.)

2    128.    Whether or not EID's large turnover in managerial personnel on the project had an
3 impact on the on the orderly and proper administration of project.

4    129.    Whether or not EID ever issued a complete and fully integrated set of contract
5 documents.

6    130.    Whether or not the parties understood during the project what constituted the
7 complete contract between EID and TBI.

8    131.    Whether or not the parties currently understand what constitutes the complete
9 contract between EID and TBI.

10    132.    Whether or not MWH properly staffed the project with competent personnel and if
11 not, what impact had on the orderly and proper administration of the project.

12    133.    Whether or not Traylor has been in business for approximately 60 years, during
13 which time it has completed hundreds of millions of dollars of public works projects. Prior to this
14 project, no owner has ever sought to terminate Traylor Bros. for cause from a project. [EID
15 objection: irrelevant as to the first sentence, speculative as to the second.]

16    134.    Whether or not much of the canal is located in rugged country on the side of a
17 canyon.

18    135.    Whether or not, if the Canal gets blocked or breaks, the spillways can be used to
19 discharge the water in the Canal in a controlled manner.

20    136.    Whether or not, in the many years that the El Dorado Canal was operated prior to
21 the construction of the Mill-Bull Tunnel the El Dorado Canal accumulated sediment that required
22 removal.

23    137.    Whether or not large quantities of sediment existed in the El Dorado Tunnel prior to
24 the Mill-Bull Tunnel being constructed. [EID objection: "large quantities" is argument, not fact]

25    138.    Whether or not, after the Mill-Bull Tunnel was operational (i.e., water started to run
26 through it) most of the pre-existing sediment that was in the El Dorado Tunnel was washed
27 through the Mill-Bull Tunnel.

28

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

139. Whether or not, in some years that the El Dorado Canal was in operation prior to the construction of the Mill-Bull Tunnel, during periods of severe cold weather, the Canal was susceptible to getting clogged with ice and snow.

140. Whether or not during such periods, it was necessary to deploy a large group of workers to break and remove the ice in order to keep the water following through the Canal. At times the ice and snow conditions got so severe that the flow of water in the Canal had to be shut off.

141. Whether or not the Contract includes the following documents:

The "Construction Plan and Document Summary", containing construction requirements including:

- The Project "Contract Drawings" that showed the specifics of the tunnel

- A Project Schedule

- A Project narrative description

- A Project quality control plan

- A Project procedures manual

- The Project's environmental and permit requirements, including the plans for crossing the SADD Bridge, weed control, bat protection, spotted own protection, historic species protection,

- The Project's construction requirements, including storm water and spill containment protection, cutterhead water management and canal restoration plans, tunnel spoils treatment and groundwater management

- Waste discharge, water quality and federal permits

142. Whether or not, as the "Engineer" under the contract, one of MWH's obligations was to render written initial impartial decisions regarding disputes between EID and TBI. In rendering those decisions MWH was not to show any "partiality" to either EID or TBI. [EID

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

- 18 -

1 comment: this issue is now irrelevant, given the Court's ruling that obtaining such decisions

2 cannot be asserted as a condition precedent to filing suit.

3      143.   Whether or not the Tunnel's design met professional standards or the basic design

4 requirements of the Contract.

5      144.   Whether or not the contract signed by TBI and EID in November of 1999 set forth

6 the following "basic design requirements" that TBI was obligated to meet:

7     .1     The tunnel shall have a minimum hydraulic capacity of 165 cubic feet per second.

8     .2     The portal transitions and tunnel shall be designed to avoid decreases in the existing
flume systems freeboard and shall be designed by a registered civil engineer.

9

10     .3     No new access roads shall be constructed, although existing roads may be improved
by the use of additional aggregate base material, and any changes in grade, width or
alignment of existing roads must be approved by EID in advance.

11     .4     At a minimum the tunnel shall be an eight-foot circular or modified horseshoe.

12     .5     All flow areas within the portal cuts shall be shotcrete lined, or better.

13     .6     All steel sets remaining in the tunnel shall be shotcrete lined, or better.

14

15     .7     East portal and Alder Creek spoil disposal area access shall be from Highway 50
and Alder Creek Summer Tract Road.

16     .8     Muck disposal shall be at the existing Alder Creek spoil disposal area.

17     .9     West portal access shall be available to light trucks only via the Plum Creek Road
and El Dorado Canal Road.

18

19     .10    TBI shall be responsible for protection of and repair to any Project-related damage
to existing structures associated with the El Dorado canal.

20     .11    TBI shall provide auxiliary power supplies capable of providing at least one week
of adequate reserve capacity to lights and fans and other auxiliary equipment.

21      145.   Whether or not the tunnel TBI designed, built and delivered to EID complied with

22 all of the above-listed "basic design requirements."

23      146.   Whether or not in its approximately 60 years of business, TBI has completed

24 hundreds of millions of dollars of public works projects, which has included over 100 tunnel

25 projects.

26      147.   Whether or not any owner, prior to EID on this project, has ever sought to terminate

27 TBI for cause.

28     **B.**     **Disputed Facts on EID Breach of Contract claim**

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

WULFSBERG REESE COLVIG & FIRSTMAN
LAW OFFICES
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1    148.    Whether or not the misalignment of the Tunnel, in light of the Tunnel's asserted

2    ability to flow 160 cfs of water in normal operation, constitutes a breach of contract.

3    149.    Whether or not the corrective work that TBI performed after hole-through was done

4    "at risk", meaning that the District had no obligation to accept it.

5    150.    Whether or not the Tunnel dewatering system, which the District contends is

6    extracontractual work, performs reliably to dewater the dip in the Tunnel in a reasonable amount of

7    time.

8    151.    Whether or not the Tunnel is "substantially complete".

9    152.    Whether or not TBI's warranty and duty to repair obligations ended, as TBI

10   contends, following the allegedly successful dewatering test on July 14, 2003.

11   153.    Whether or not the actions EID took to terminate TBI from the Mill Bull Tunnel

12   contract were effective to terminate the contract.

13   154.    Whether or not, following TBI's departure from the job site on July 15, 2003, TBI

14   had any further right under the Dispute Resolution Board clause to convene a DRB hearing on any

15   issue.

16   155.    Whether or not TBI was responsible for the sediment in the "sed pond" and for the

17   contamination of that sediment, and to clean the contaminated and uncontaminated sediment.

18   156.    Whether or not TBI was responsible for keeping water out of the muck cars to

19   prevent dumping that water into the spoils pile.

20   157.    Whether or not, by June/July 2003, TBI performed its contract obligations

21   regarding the tunnel, or whether was in breach of its contract obligations, had repudiated its

22   contract obligations and/or abandoned its contract obligations and/or committed an anticipatory

23   breach of its contract obligations.

24   158.    Whether EID justifiably terminated TBI's rights to proceed under the Contract.

25   159.    Whether EID suffered damages as a result of TBI's breach of the Contract and/or

26   costs recoverable under the Contract's defective work / termination provisions.

27   160.    Whether or not EID performed and/or satisfied all conditions precedent and

28   subsequent under its contractual obligations.

1 161. Which party bears responsibility under the Contract for delays in performance.

2 162. Whether or not EID's performance of its contractual obligations were excused by

3 TBI.

4 163. Whether or not TBI breached the contract.

5 164. Whether or not EID breached the contract.

6 165. Whether or not any breach of the contract by TBI was material.

7 166. Whether or not TBI satisfied the design criteria for the project.

8 167. Whether or not TBI's satisfaction of the design criteria materially/substantially

9 satisfied its contract obligations.

10 168. Whether or not TBI's remediation work satisfied the contract's design criteria and

11 requirements.

12 169. Whether or not EID's consultant MWH was contractually responsible for quality

13 control of tunnel construction.

14 170. Whether or not TBI achieved substantial completion of the project in July of 2003.

15 171. Whether or not EID suffered any damages as a result of any alleged breaches by

16 TBI.

17 172. Whether or not the "horizontal" misalignment of the tunnel affects the performance

18 of the tunnel despite the remedial work performed by TBI.

19 173. Whether or not the "vertical" misalignment of the tunnel affects the performance of

20 the tunnel despite the remedial work performed by TBI.

21 174. Whether or not the as-built condition of the tunnel is subject to blockage by ice or

22 snow during extreme cold periods, and if so, under what conditions.

23 175. Whether or not the various portions of the El Dorado Canal are more prone to

24 blockage by ice or snow during extreme cold periods than the Mill-Bull Tunnel.

25 176. Whether or not the Mill-Bull Tunnel has ever been blocked by ice and snow.

26 177. Whether or not, due to the misalignment, the Mill-Bull Tunnel is likely to ever

27 become blocked with sediment.

28 178. Whether or not sediment passes through the as-built Mill-Bull Tunnel.

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

179. Whether or not EID incurred any extended contraction management costs and if so, for how much.

180. Whether or not EID's claimed extended construction management costs were legally caused by TBI's delay in completing the project.

181. Whether or not EID incurred any extended environmental monitoring services and if so, for how much.

182. Whether or not EID's claimed extended environmental monitoring services were legally caused by TBI's delay in completing the project.

183. Whether or not EID incurred costs in the completion of the sedimentation pond clean up and if so, for how much.

184. Whether or not EID's claimed costs in the completion of the sedimentation pond were legally caused by a breach of contract by TBI.

185. Whether or not EID asserted a claim against TBI for the overtopping problem of the downstream flume, with knowledge that the cause for the overtopping was that the old, wooden flume had settled.

186. Whether or not EID's claimed costs relating to Spillway 20 Project were legally caused by any alleged breach of contract by TBI.

187. Whether or not EID's claimed damages for HPT extended water treatment services are delay-related.

188. Whether or not EID's claimed damages for completion of the sediment pond clean up was caused by a breach of the contract by TBI.

189. Whether or not EID's claim for tunnel repair costs constitute economic waste.

190. Whether or not EID's claim for tunnel repair costs are reasonable.

191. Whether or not the contract documents include the Project Procedures Manual, or any part thereof, referenced in Change Order 3.

192. Whether or not the Agreement portion of the contract documents has precedence over the Project Procedures Manual.

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1    193.    Whether or not any contract documents have precedence over any other contract
2  documents.

3    194.    Whether or not EID's conduct in having EID's counsel write and/or edit MWH's
4  purported Neutral Engineer Decisions constituted a breach of the covenant of good faith and fair
5  dealing in the contract by EID.

6    195.    Whether or not EID's notices to the DRB claiming that the DRB was invalid and
7  that it had terminated TBI constituted a breach of the covenant of good faith and fair dealing.

8    196.    Whether or not EID's conduct relating to the purported termination of the contract
9  constituted a breach of the covenant of good faith and fair dealing.

10   197.    Whether or not MWH properly and timely issued neutral Engineer's Decision
11  during the project.

12   198.    Whether or not EID attempted to mitigate its damages.

13   199.    Whether or not EID is estopped from claiming TBI breached the contract or is
14  responsible for its damages.

15   200.    Whether or not EID consented to the acts and/or omissions of TBI in performing
16  under the contract.

17   201.    Whether or not EID waived its right to claim that TBI was in breach of the contract
18  or waived its right to claim all, or any part of, its damages.

19   202.    Whether or not EID released its right to claim that TBI was in breach of the contract
20  or released its right to claim all, any or part of, its damages.

21   203.    Whether or not EID's alleged damages were caused by intervening and/or
22  superseding independent causes that were not foreseeable or under the control of TBI.

23   204.    Whether or not TBI's performance under the contract was excused by the conduct
24  or representations of EID.

25   205.    Whether or not EID's "unclean hands" relieved TBI of its contractual obligations.

26   206.    Whether or not one of the reasons PG&E paid EID to take Project 184 was because
27  PG&E felt that the system was too old and expensive to economically maintain and operate.

28

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-6100

207. Whether the data collected by the data logger contains information on the alignment of the tunnel.

208. Whether or not TBI had any obligation to install and maintain a data logger on the project.

209. Whether or not TBI had any obligation to provide EID with data logger data.

210. Whether or not EID misrepresented to TBI why EID wanted the data logger data.

211. Whether or not EID mismanaged the project

212. Whether or not MWH mismanaged the project.

213. Whether the water emergency EID declared in July 2003 was reasonable foreseeable or anticipated by EID.

214. Whether or not the Contract Documents executed by the parties in November of 1999 set forth any express requirement that TBI was required to design a tunnel that would be self-cleaning such that no sediment would accumulate in the tunnel. [Irrelevant – EID isn't challenging the design.]

215. Whether or not the Contract Documents executed by the parties in November of 1999 set forth any express requirement that TBI was required to design a tunnel such that all ice and snow that flowed into the tunnel would pass without restriction through the tunnel. [Irrelevant – EID isn't challenging the design.]

216. Whether or not on or around January 3, 2001, URS issued a set of design drawings for the Tunnel. Prior to commencing construction of the Tunnel, TBI presented these drawing to EID for review and approval. [EID comment: Irrelevant – EID isn't challenging the design.]

217. Whether or not, on or about October 22, 2001, MWH reviewed and returned the drawings to TBI without taking any exception to the design, and authorized TBI to proceed to construct the Tunnel in accordance with the drawings. [EID comment: Argumentative as phrased – this paragraph and the previous one do not recite all relevant history on this issue

218. Whether or not the planned exit location of the Tunnel near Bull Creek was several feet downstream from the existing Spillway 20 on the Canal. Therefore, as planned, the Tunnel by design would by-pass the existing Spillway 20, rending it non-functional.

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1       219.    Whether or not the Tunnel was designed so that water would flow through it by

2   force of gravity only.

3       220.    Whether or not, although TBI contends that it not a required contract criteria, the

4   Tunnel, as designed, even at maximum water flows probably would always have a small airspace

5   between the surface of the water and the top of Tunnel. In other words, as designed, the Tunnel

6   would probably at no point ever flow full.

7       221.    Whether or not the Contract that was initially entered into in 1999, provided that the

8   TBM spoils would be dumped at the jobsite. However, during the course of the project the

9   decision was made to move the spoils to other locations off the jobsite, where it was ultimately

10  some was used in road construction.

11      222.    Whether or not the TBM could be steered to the vertical and horizontal

12  specifications called for in URS's design.

13      223.    Whether or not groundwater seeping into the Tunnel became mixed with rock in the

14  bottom of the Tunnel and at times oil from the TBM. While it was anticipated that some oil would

15  become mixed with the groundwater and process water in the course of the construction process,

16  the parties dispute whether the oil leakage that actually occurred was excessive.

17      224.    Whether or not the purpose of the sedimentation pond was, in part, to separate the

18  oil from the water. As anticipated and inherent in this type of construction, this process resulted in

19  some contamination of the sediment by the oil that had leaked from the TBM.

20      225.    Whether or not, during the construction, it was decided that the water would then be

21  pumped to a on-site treatment plant to treat the oil and grease that was in the process water.. TIB

22  did not operate the water treatment plant. EID contracted with a company called HPT to operate

23  the plant. After treatment, the water was released into a spillway from the treatment plant back

24  into the River.

25      226.    Whether or not the quality control provisions that EID contends were incorporated

26  into the Contract were complied with.

27

28

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

227. Whether or not the Contract's General Conditions, Section 11.02.B.5 and 14.05.C.1, grant MWH the right to reject and refuse payment for "defective Work," a defined term in the Contract General Conditions.

228. Whether or not the Contract permits TBI to invoice for the costs of correcting nonconforming work under the nonconforming work procedures in the Project Procedures Manual, which require notice to the District and election of remedies by the District as to the disposition of the defective Work.

229. Whether or not the tunnel qualifies as "defective Work."

230. Whether or not TBI's tunneling work can qualify as "correcting defective Work".

231. Whether or not Change Order 3, at paragraph 9, states: Contractor acknowledges receipt, on February 19, 2001, of the "FERC Project 184, Mill to Bull Tunnel, Construction Plan and Document Summary". Contractor acknowledges and confirms he will prosecute the Works in compliance with the referenced documents. Terms and Conditions relative to compliance are as contained in the Contract Documents, including but not limited to Agreement Sec. 5.2.2.

232. Whether or not the Contract allows no flexibility for deviations from the Contract Drawings, except where tolerances are expressly provided.

233. Whether or not Section 6.7 of the Special Provisions means that TBI was required to build the tunnel according to the Contract Drawings included in the Construction Plan and Document Summary, also known as the "Contract Drawings."

**C.    Fraud Claim**

234. Whether or not, on or about March 15, 2002, TBI burned out a transformer, thus making the TBM laser non-functional.

235. Whether or not, on or about April 3, 2002, the TBM went off target at Station 31+47+/- (approximately 3,147 feet from the starting point of the Mill-Bull Tunnel) and at that time, the TBM was pointed upwards; and if, in response, MWH requested that TBI check the tunnel alignment and provide survey data.

236. Whether or not on or about April 4, 2002, when MWH asked TBI to provide survey data, TBI employee David Baddgor responded that "It is forthcoming."

Case 3:03-cv-00949-KKC-GHD Document 4354 Filed 05/26/2006 Page 40 of 168

237. Whether or not on April 10, 2002, TBI falsely reported that the TBM was on line and grade at Station 35+00+/-.

238. Whether or not as of April 14, 2002, TBI had reported no tunnel line or grade problems to the District or its agents, nor had TBI advised the District or its agents that there were any indications that misalignment problem existed, even though, as of April 14, 2002, the Tunnel was 10 feet below the contractually-specified vertical grade at Station 36+74.

239. Whether or not, on or about April 27, 2002, TBI's Project Engineer, David Baddgor, conducted a survey of the tunnel, accurately determining the tunnel's actual elevations, from which TBI could then determine that the tunnel was at a minimum nine (9) feet low.

240. Whether or not, following David Baddgor's survey of the Tunnel on or about April 27, 2002, he advised his Project Manager John McDonald and the Project Superintendent Bert Dore that the tunnel was substantially low.

241. Whether or not, on May 2, 2002, TBI falsely advised the District that the data logger is real time read-only and has no memory to record historical alignment and grade data.

242. Whether or not, in May 2002, TBI's John McDonald and/or Bert Dore agreed with David Baddgor to turn the TBM uphill and mine uphill for the second ½ of the tunnel.

243. Whether or not TBI subsequently refused to provide any data logger information to the District or its agents, internally discussed and documented discussing "destroying" or otherwise making unavailable to EID the data-logger information, and may have done so with respects to portions of the information.

244. Whether or not on May 29, 2002, the District and MWH again requested that TBI provide tunnel survey data to the District.

245. Whether or not on May 29, 2002, David Baddgor advised the District on behalf of TBI that "he was working on it" [i.e., providing tunnel survey data to the District].

246. Whether or not it was in the scope of David Baddgor's responsibilities as TBI Project Engineer, entrusted by TBI with responsibility for surveying, adjusting the laser guidance system, and the ultimate alignment of the tunnel, making David Baddgor's knowledge TBI's corporate knowledge and his statements TBI's corporate statements.

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-6100

1    247.   Whether or not on June 11, 2002, TBI falsely represented to the District and MWH

2  that vertical grade and horizontal alignment were within 1.25 inch of the specification grade and

3  alignment (within tolerance), as confirmed by the TBI survey and the California Construction

4  Control survey.

5    248.   Whether or not the statement in the preceding paragraph was made by TBI

6  representatives, including its Project Manager John McDonald, at the June 11, 2002 progress

7  meeting, who had authority to make this statement on behalf of TBI,

8    249.   Whether or not the minutes of the June 11, 2002 progress meeting that TBI received

9  and approved accurately reflect the statements made at the meeting, or are reasonably interpreted

10  as meaning that the vertical grade and horizontal alignment were within 1.25 inch of the

11  specification grade and alignment (within tolerance).

12    250.   Whether or not, on June 18, 2002, David Baddgor falsely reassured the District and

13  MWH on behalf of TBI that the 1.25 inch tolerance at the Bull Portal is correct.

14    251.   Whether or not the minutes of the June 18, 2002 progress meeting that TBI received

15  and approved accurately reflect the statements made at the meeting, or are reasonably interpreted

16  as meaning that vertical grade and horizontal alignment were within 1.25 inch of the specification

17  grade and alignment (within tolerance).

18    252.   Whether or not on July 15, 2002, John McDonald of TBI falsely reassured the

19  District's agent, MWH, that TBI would initiate a third party survey if the survey prepared by

20  TBI's engineer and verified by California Construction Control "is not within tolerances."

21    253.   Whether or not, between December, 2001 and October 2002, the District and

22  MWH made repeated requests for survey data, which were ignored or refused by TBI, even

23  though a complete survey had been performed by Mr. Baddgor as early as April 27, 2002 and

24  then verified by Mr Berti of California Construction Control.

25    254.   Whether or not, between December, 2001 and October 2002, TBI continued to

26  make representations that line and grade were within design tolerances. These representations

27  included the following specific instances.

28    255.   Whether or not in early July 2002, a member of the EID Board of Directors

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1   visited the tunnel and, noticing the ponding water, specifically asked about its cause.

2      256.    Whether or nor, in response to this inquiry, TBI's John McDonald falsely advised
3   EID's General Manager, Ane Deister, that the ponding water was due to ground water and
4   normal tunnel construction conditions, and not that the tunnel was misaligned and the TBM was
5   then tunneling uphill. (TBI can not understand exactly what "inquiry" is at issue and therefore
6   can not respond whether the fact id disputed or undisputed.)

7      257.    Whether or not, at the time of making these statements to Ane Deister, John
8   McDonald either knew, or should have known, that this statement was false. (TBI can not
9   understand exactly what statements are at issue and therefore can not respond whether the fact id
10   disputed or undisputed.)

11      258.    Whether or not, in the early summer of 2002, members of EID staff asked about
12   the ponding water in the tunnel.

13      259.    Whether or not, in response to these inquiries, Bert Dore advised EID staff that
14   the ponding water was due to ground water and ring steel.

15      260.    Whether or not Bert Dore subsequently admitted that he then knew the tunnel was
16   misaligned and then tunneling uphill. (TBI can not understand exactly what inquiries are at issue
17   and therefore can not respond whether the fact is disputed or undisputed.)

18      261.    Whether or not Bert Dore subsequently admitted that he believed the tunnel was
19   then out-of-tolerance by only by 18" which was well outside the contract 6" tolerance. (TBI can
20   not understand who Mr. Dore allegedly admitted this allegation to and therefore can not respond
21   whether the fact is disputed or undisputed.)

22      262.    Whether or not it was foreseeable that if TBI submitted a payment application for
23   defective Work without providing MWH with sufficient information to determine the defective
24   Work or misrepresenting or concealing the defective Work from MWH, then such payment
25   application would result in the payment application being submitted to EID accompanied by a
26   false representation of fact that TBI had properly performed the work encompassed by the
27   payment application and that TBI was not billing for "defective Work" as defined in the Contract
28   Documents.

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

263.    Whether or not TBI caused the District's engineer MWH to approve TBI's payment applications, which TBI agreed constitutes a false representation of fact to EID that TBI had properly performed the work encompassed by the payment application and that TBI was not billing for "defective Work" as defined in the Contract Documents.

264.    Whether or not, each time that TBI submitted a Request for Payment as set forth above, its conduct caused MWH to misrepresent to the District that TBI had:

a.      Properly earned a specified amount for tunnel excavation work properly performed in accordance with the Contract Documents;

b.      Properly excavated an aggregate total length of tunnel in accordance with the Contract Documents prior to the date of each Request for Payment;

c.      Properly earned a specified total amount for tunnel excavation properly performed in accordance with the Contract Documents prior to the date of each Request for Payment;

(TBI contends this claimed disputed fact is incomplete as stated and can not be responded to as disputed or undisputed.)

265.    Whether or not TBI had any reasonable basis for believing that the foregoing representations were true.  (TBI contends this claimed disputed fact is incomplete as stated and can not be responded to as disputed or undisputed.)

266.    Whether or not, at the time that TBI submitted its Requests for Payment to the District as set forth above, TBI had no reasonable basis for believing that the tunnel conformed to the vertical grade and horizontal alignment required by the Contract Documents.

267.    Whether or not, at the time that TBI submitted its Requests for Payment to the District as set forth above, TBI knew that the District had the contractual right to withhold further payments to TBI under the Agreement if the District discovered that the tunnel did not conform to the vertical grade and horizontal alignment required by the Contract Documents, and for that reason concealed the true facts from EID.

268.    Whether or not, at the time that TBI submitted its Requests for Payment to the District as set forth above, TBI knew that the District had the contractual right to order TBI to

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

- 30 -

1 stop work and correct the defective tunnel if the District discovered that the tunnel did not
2 conform to the vertical grade and horizontal alignment required by the Contract Documents, and
3 for that reason concealed the true facts from EID.

4      269. Whether or not TBI made false representations to the District, or concealed the
5 true tunnel alignment from the District, with the intention of inducing the District into paying
6 TBI for the tunnel excavation work reflected in each Request for Payment.

7      270. Whether or not, as the result of TBI's false representations and concealments, the
8 District made payment to TBI for tunnel excavation as requested in the Requests for Payment set
9 forth above.

10      271. Whether or not, as the result of TBI's false representations and concealments, the
11 District was deprived of the opportunity to order TBI to stop work and to correct the defective
12 tunnel alignment and grade until TBI had defectively excavated the entire length of the tunnel.

13      272. Whether or not, as the result of TBI's false representations and concealments, the
14 District was deprived of the opportunity to exercise its contractual right to withhold further
15 payments to TBI under the Agreement.

16      273. Whether or not the District made payment to TBI in reliance upon TBI's false
17 representations and concealments that the tunnel excavation had been properly performed in
18 accordance with the Contract Documents.

19      274. Whether or not the District's reliance on TBI's representations and/or
20 concealments was justified.

21      275. Whether or not, by the time the District learned of the falsity of the foregoing
22 representations, it was too late for the District to exercise its contractual right to order TBI to
23 stop work and repair its materially defective tunnel excavation work.

24      276. Whether or not, at all times when these representations were made by TBI, the
25 District was ignorant of the falsity of TBI's representations and believed them to be true.

26      277. Whether or not, if TBI had told EID the truth in April 2002, that remedial work
27 could have been completed sufficient to allow water to flow and power generated by the eventual
28 hole through date.

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

278. Whether or not, each time that TBI made the representations of fact alleged and submitted a Request for Payment for tunnel excavation work to the District through it construction manager, MWH, if TBI intentionally failed to reveal to the District and MWH, and intentionally suppressed the fact, that the tunnel was not being excavated according to the line and grade set forth in the Contract Documents, making the statements TBI was making about the progress of the tunnel excavation work, both in the Requests for Payments and in other contemporaneous communications with the District and MWH as alleged above, highly deceptive.

279. Whether or not the District did not know the true facts about the Tunnel misalignment until after the tunnel excavation was completed in September 2002.

280. Whether or not TBI intended to deceive the District and MWH by concealing the fact that the tunnel was being excavated substantially off the line and grade set forth in the Contract Documents, for the purposes of inducing MWH to certify the Requests for Payment to the District for payment, and also for the purpose of inducing the District to make payment.

281. Whether or not MWH reasonably relied on the deceptions of TBI in certifying the Requests for Payment to the District for payment, and EID reasonably relied on those deceptions in making payment on the Requests for Payment.

282. Whether or not, as the result of the suppressions of fact made by TBI, the District made payment to TBI for tunnel excavation as requested in the Requests for Payment set forth above.

283. Whether or not, as the result of the suppressions of fact made by TBI, the District was deprived of the opportunity to order TBI to stop work and to correct the defective tunnel alignment and grade until TBI had defectively excavated the entire length of the tunnel.

284. Whether or not, as the result of the suppressions of fact made by TBI, the District was deprived of the opportunity to exercise its contractual right to withhold further payments to TBI under the Agreement.

285. Whether or not, as a proximate result of the fraudulent conduct of TBI as alleged herein, the District has been damaged.

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

- 32 -

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1  286.  Whether or not TBI as an entity knew that the tunnel was misaligned prior to tunnel

2  hole through in September 2002.

3  287.  Whether or not Dave Baddgor knew (and if so, to what extent he knew) the tunnel

4  was not within the design alignment at any time before hole through in September 2002.

5  288.  Whether or not Dave Baddgor told anyone at TBI that the tunnel was not on the

6  design alignment.

7  289.  Whether or not anyone other than Dave Baddgor knew that the tunnel was not on

8  the design alignment before hole through in September 2002.

9  290.  Whether or not Dave Baddgor's, or any other TBI's non-managerial employee's,

10  alleged knowledge of a tunnel misalignment can be imputed to TBI. This is not a conclusion of

11  law, not a "disputed fact" as such.

12  291.  Whether or not during the construction of the tunnel TBI personnel had access to

13  any computer-generated data or information showing in real time the actual grade and alignment of

14  the TBM in relation to the design grade and alignment.

15  292.  Whether or not TBI personnel intentionally destroyed any computer data or

16  information regarding the construction of the tunnel for purposes of preventing EID from learning

17  of the actual grade and alignment of the tunnel during or after construction.

18  293.  Whether or not TBI refused to give existing data or information regarding the

19  alignment of the tunnel during construction.

20  294.  Whether or not TBI affirmatively represented to EID that the tunnel was within the

21  design alignment prior to the tunnel hole through in September 2002.

22  295.  Whether or not TBI impliedly represented to EID that the tunnel was within the

23  design alignment.

24  296.  Whether or not the as built tunnel constitutes non-conforming work as that term is

25  defined in the contract.

26  297.  Whether or not TBI staged the hole through event.

27  298.  Whether or not MWH was defrauded in approving TBI's invoices.

28  299.  Whether or not TBI had a reasonable basis for submitting its invoices for work.

300. Whether or not TBI may invoice for work performed in correcting non-conforming or defective work.

301. Whether or not, at the times, if any, that TBI made representations regarding the progress of the tunnel construction, it had a reasonable basis for making such representations.

302. Whether or not TBI intentionally failed to reveal any facts regarding the progress or status of the construction of the tunnel.

303. Whether or not TBI intentionally suppressed any facts regarding the progress or status of the construction of the tunnel.

304. Whether or not EID suffered any damages legally caused by TBI's alleged fraud.

305. Whether MWH's negligence in the performance of its responsibilities in reviewing TBI's payment applications was an intervening, superseding cause of EID's alleged fraud damages.

306. Whether or not EID faces an increased risk of personal injury liability as a result of the as-built condition of the tunnel.

307. Whether or not TBI's monthly payment applications invoices contain an express representation on whether the tunnel was or was not aligned correctly.

308. Whether or not the contract required MWH, once it was hired and designated as the "Engineer" under the Contract, to verify that the TBI's invoices were accurate.

309. Whether or not, during construction, any one from TBI expressly advised EID that the Tunnel was misaligned, or that some parts of the Tunnel were being mined uphill.

310. Whether or not, On or about July 31, 2002, which was approximately seven weeks prior to tunnel hole-through, TBI provided MWH with the survey results of both David Baddgor and the independent surveyor. If these results had been compared to the as-planned elevations on the Contract Drawing they would have shown that the that the tunnel was several feet off the as-planned vertical alignment. [EID comment - Entire paragraph is argument, not a statement of fact.

311. Whether or not MWH made numerous requests for the independent survey data. Once available, TBI provided it to MWH.

312. Whether or not MWH made numerous requests for the data logger data during

WULFSBERG REESE COLVIG & FIRSTMAN
LAW OFFICES
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1  course of construction, claiming it wanted the information to assist TBI in increasing the drilling

2  production rate of the TBM.

3      313.    Whether or not TBI denied all of MWH's request for the data logger data during

4  course of construction, contending that it had no contractual obligation to provide this data to EID

5  and that it suspected that EID wanted to use that data against TBI.

6      314.    Whether or not John McDonald discussed with TBI's in-house lawyer, Joseph W.

7  Annakin whether to "destroy data logger" and "data-logger stuff", but the decision was made not

8  to destroy the data.

9      315.    Whether or not George Williamson made the statement recorded in John

10  McDonald's job diary, that "before we turn on the H2O need to get all of our $."

11      **D.**    **EID Claim Against Travelers**

12      316.    Whether or not the District has fulfilled all of its obligations under the Bond,

13  except as excused or waived.

14      317.    Whether or not Travelers breached and defaulted in its obligations to the District

15  under the Bond.

16      318.    Whether or not the actions EID took to demand that Travelers complete the Mill

17  Bull Tunnel project under the terms of its surety bond were effective to create an obligation for

18  Travelers to complete the work.

19      319.    Whether or not the District has sustained, and will continue to sustain, damages

20  arising out of Travelers' default and breach.

21      320.    Whether or not EID satisfied all its obligations and conditions precedent required

22  prior to asserted a claim against the subject bond.

23      321.    Whether or not EID was in material breach of the contract at the time it attempted to

24  make a claim against the bond.

25      322.    Whether or not EID has the right to assert a claim against the bond after the project

26  was substantially complete.

27      323.    Whether or not TBI was in default of its contractual obligations giving rise to

28  TRAVELERS' obligations under the surety bond.

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1    324. Whether or not TRAVELERS breached the suretyship agreement as to EID.

2    325. Whether or not EID suffered any damages as a result of TRAVELERS alleged

3    breach of the suretyship agreement.

4    326. Whether or not the express conditions precedent contained in the Bond are valid

5    and binding on EID. EID comment – this is a legal conclusion, not a fact.

6    327. Whether or not EID made no further efforts to set up a meeting with in September

7    2003 and afterwards.

8    328. Whether or not a letter of September 26, 2003, has the significance to it attributable

9    to Travelers.

10    329. Whether or not Travelers is entitled to assert all of the same defenses that TBI has

11    to claims being asserted it by EID in this action.

12    **E.    EID Causation and Damages**

13    330. Whether or not the amount of damages caused by TBI's breaches of contract that

14    EID may recover against TBI, for correcting defective work and completing the work, includes

15    any or all of the following amounts:

16          • MWH extended services during period of repair/completion - $1,538,313
17          • HPT extended services during period of repair/completion - $1,571,888
          • EN2 extended services during period of repair/completion - $252,485
18          • Cost of sedimentation pond cleanup (Ramos Environmental) - $263,385
          • Spillway 20 construction - $318,235
19          • Spillway 20 design services - $194,273
          • Spillway 20 District staff costs - $41,289.00
20          • EID in-house charges related to cost to correct / cost to repair/complete - $620,000
          • EID in-house charges for past increased Operations & Maintenance costs -
21          • Future construction cost of repairs to the Tunnel - $12.2 to $25.7 million
          • Future design, permitting and construction costs for correction / remediation of
22            defective Tunnel alignment - $3.05 million to $6.425 million
          • Liquidated damages @ $500 per day from June 27, 2002 to July 16, 2003 –
23            $191,000.
          • Cost to correct non-compliant electrical service from Camp 2 to Bull Portal –
24            $83,292.00

25        (TBI contends that EID may not seek damages for "EID in-house charges related to cost to correct/cost to repair/complete" and/or "EID in-house charges for past increased Operations and Maintenance costs" as those claims and amounts have never been disclosed to TBI in EID's Rule
26    26 disclosure and/or have been ruled inadmissible in the Court's Order Striking Mr. Korkowski's Report and Testimony dated January 24, 2006. EID does not disclose any amount for claimed
27    damages for "past increased Operations and Maintenance")

28    331. Whether or not the amount of damages caused by TBI's fraud, that EID may

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1  recover from TBI includes any or all of the following amounts:

2  - MWH extended services during period of repair/completion - $1,538,313
   - HPT extended services during period of repair/completion - $1,571,888
3  - EN2 extended services during period of repair/completion - $252,485
   - Cost of sedimentation pond cleanup (Ramos Environmental) - $263,385
4  - Spillway 20 construction - $318,235
   - Spillway 20 design services - $194,273
5  - Spillway 20 District staff costs - $41,289.00
   - EID in-house charges related to cost to correct / cost to repair/complete - $620,000
6  - EID in-house charges for past increased Operations & Maintenance costs -
   - Future construction cost of repairs to the Tunnel - $12.2 to $25.7 million
7  - Future design, permitting and construction costs for correction / remediation of
     defective Tunnel alignment - $3.05 million to $6.425 million
8  - Lost power sales from June 27, 2002 to December 11, 2003 - $2,463,348
   - Lost CEC grant from June 27, 2002 to December 11, 2003 - $610,456
9  - Payments made for defective tunnel boring - $2,063,353

10         (TBI contends that the only damages that EID may seek under its fraud cause of action are
    those alleged in its Rule 26 disclosure – categorized by EID as payments made for alleged
11  defective boring in the amount of $2,063,353. Any other alleged damages are not recoverable
    under this cause of action and therefore irrelevant. Additionally, TBI contends that EID may not
12  seek damages for "EID in-house charges related to cost to correct/cost to repair/complete" and/or
    "EID in-house charges for past increased Operations and Maintenance costs" as those claims and
13  amounts have never been disclosed to TBI in EID's Rule 26 disclosure and/or have been ruled
    inadmissible in the Court's Order Striking Mr. Korkowski's Report and Testimony dated January
14  24, 2006. EID does not disclose any amount for claimed damages for "past increased Operations
    and Maintenance.")
15
           332.    Whether or not the amount of damages that EID may recover from Travelers for
16
    the breaches of its obligations under the surety bond for the cost to complete the tunnel TBI for
17
    fraud include any or all of the following amounts:
18
19  - MWH extended services during period of repair/completion - $1,538,313
    - HPT extended services during period of repair/completion - $1,571,888
20  - EN2 extended services during period of repair/completion - $252,485
    - Cost of sedimentation pond cleanup (Ramos Environmental) - $263,385
21  - Spillway 20 construction - $318,235
    - Spillway 20 design services - $194,273
22  - Spillway 20 District staff costs - $41,289.00
    - EID in-house charges related to cost to correct / cost to repair/complete - $620,000
23  - EID in-house charges for past increased Operations & Maintenance costs -
    - Future construction cost of repairs to the Tunnel - $12.2 to $25.7 million
24
           (TBI and Travelers contend that EID may not seek any damages from Travelers as EID's
25  Rule 26 disclosure statement includes no claim for damages from Travelers. Additionally, even if
    EID could seek damages from Travelers, in may not seek damages for "EID in-house charges
26  related to cost to correct/cost to repair/complete" and/or "EID in-house charges for past increased
    Operations and Maintenance costs" as those claims and amounts have never been disclosed to TBI
27  or Travelers in EID's Rule 26 disclosure and/or have been ruled inadmissible in the Court's Order
    Striking Mr. Korkowski's Report and Testimony dated January 24, 2006. EID does not disclose
28  any amount for claimed damages for "past increased Operations and Maintenance")

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1  333.  Whether or not the future design, permitting and construction costs for correction

2  / remediation of defective Tunnel alignment is $3.05 million to $6.425 million. (TBI would

3  object to this fact if it is submitted in support of either its fraud or breach of suretyship causes of

4  action as this claimed cost was not included in the Rule 26 disclosure for those claims.)

5  334.  Whether or not EID may recover its attorney fees in this action, under the

6  Performance Bond or otherwise. (TBI contends that any claims by any parties as to attorneys

7  fees are not factual disputes but a legal dispute based upon the bond, California law and a finding

8  of which party is a "prevailing party.")

9  335.  Whether or not the opinions expressed by Ray Henn are credible expert opinion.

10  (TBI contends that credibility issues that exist as to all witnesses and for all parties are not

11  factual disputes)

12  336.  Whether or not the opinions expressed by George Ashton are credible expert

13  opinion. (TBI contends that credibility issues that exist as to all witnesses and for all parties are

14  not factual disputes)

15  337.  Whether or not the opinions expressed by Jack Harris are credible expert opinion.

16  (TBI contends that credibility issues that exist as to all witnesses and for all parties are not

17  factual disputes)

18  338.  Whether or not the opinions expressed by Jack Cassidy are credible expert

19  opinion. (TBI contends that credibility issues that exist as to all witnesses and for all parties are

20  not factual disputes)

21  339.  Whether or not the opinions expressed by Patricia Galloway are credible expert

22  opinion. (TBI contends that credibility issues that exist as to all witnesses and for all parties are

23  not factual disputes)

24  340.  Whether or not the opinions expressed by Robert Ettema are credible expert

25  opinion. (TBI contends that credibility issues that exist as to all witnesses and for all parties are

26  not factual disputes)

27  341.  Whether or not the opinions expressed by Robert Taylor are credible expert

28  opinion. (TBI contends that credibility issues that exist as to all witnesses and for all parties are

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1 | not factual disputes)

2     342.   Whether or not the opinions expressed by Mark Johnson are credible expert
3 | opinion. (TBI contends that credibility issues that exist as to all witnesses and for all parties are
4 | not factual disputes)

5     343.   Whether or not the opinions expressed by Tom MacDonald are credible expert
6 | opinion. (TBI contends that credibility issues that exist as to all witnesses and for all parties are
7 | not factual disputes)

8     344.   Whether or not the opinions expressed by David Buel are credible expert opinion.
9 | (TBI contends that credibility issues that exist as to all witnesses and for all parties are not
10 | factual disputes)

11     345.   Whether or not the opinions expressed by Kurt Kroner are credible expert
12 | opinion. (TBI contends that credibility issues that exist as to all witnesses and for all parties are
13 | not factual disputes)

14     346.   Whether or not the opinions expressed by George Williamson are credible expert
15 | opinions. (TBI contends that credibility issues that exist as to all witnesses and for all parties are
16 | not factual disputes)

17     347.   Whether or not the opinions expressed by Eric Martin are credible expert
18 | opinions. (TBI contends that credibility issues that exist as to all witnesses and for all parties are
19 | not factual disputes)

20     348.   Whether or not EID has the right to seek damages that it failed to properly list on
21 | its Rule 26 Disclosure Statement. [Not an issue of fact] (TBI objects to EID's raising legal and
22 | evidentiary issues in a Statement of Disputed Facts.)

23     349.   Whether or not EID has the right to seek damages that it has failed to identify
24 | records that support said damages on its Rule 26 Disclosure Statement. [Not an issue of fact]
25 | (TBI objects to EID raising legal and evidentiary issues in a Statement of Disputed Facts.)

26     350.   Whether or not EID has the right to seek damages that the Court has struck
27 | pursuant to prior order. [EID comment: Not an issue of fact] (TBI objects to EID raising legal
28 | and evidentiary issues in a Statement of Disputed Facts.)

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

351.     Whether or not EID the right to seek damages for unsegregated costs associated for delay or late completion of the project. [EID comment: Not an issue of fact] (TBI objects to EID raising legal and evidentiary issues in a Statement of Disputed Facts.)

**F.     TBI Causes of Action**

352.     Whether or not EID's acts and omissions during the project were a violation of its covenant of good faith and fair dealing.

*No. 1: Declaratory Relief*

353.     Whether or not TBI owes anything to EID pursuant to the terms of the contract.

354.     Whether or not EID owes anything to TBI pursuant to the terms of the contract.

355.     Whether or not EID's performance is excused or barred (see paragraphs 234-244)

*No. 2: Breach of Contract*

356.     Whether or not EID failed to comply with the conditions precedent established in the contract.

357.     Whether or not EID ever reviewed and approved the URS design drawings.

358.     Whether or not the URS design drawings became formal Contract Documents.

359.     Whether or not EID misrepresented the role of MWH during the project including abdicating its responsibility to issue neutral decisions to EID's lawyers.

360.     Whether or not the misrepresentation of the role of MWH during the project was a breach of the covenant of good faith and fair dealing in the contract.

361.     Whether or not EID has paid all outstanding amounts owed to TBI under the contract.

362.     Whether or not EID failed to process and pay change orders in a timely and reasonable manner.

363.     Whether or not EID failed to pay progress payments in a timely manner pursuant to California law.

364.     Whether or not EID failed to pay contract retention in a timely manner pursuant to California law.

365.     Whether or not EID withheld monies for work directed to be performed that was

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

- 40 -

1   in fact performed by TBI.

2       366.    Whether or not EID paid for costs incurred by TBI in complying with regulatory
3   requirements that were the responsibility of EID.

4       367.    Whether or not EID caused compensable delay to TBI during construction of the
5   project.

6       368.    Whether or not EID's notices to terminate the contract were valid.

7       369.    Whether or not EID's attempts to terminate the contract were a breach of its duty
8   of good faith and fair dealing under the contract.

9       370.    Whether or not EID was justified in its attempt to terminated TBI after TBI had
10  achieved substantial completion of the project.

11      371.    Whether or not EID failed to declare the project substantially complete when it
12  was substantially complete under the provisions of the contract.

13      372.    Whether or not EID unlawfully terminated the DRB or otherwise denied TBI the
14  right to present claims to the DRB.

15      373.    Whether or not EID's notices to the DRB claiming that the DRB was invalid and
16  that it had terminated TBI constituted a breach of the covenant of good faith and fair dealing.

17      374.    Whether or not EID's delay in replacing its DRB designee pursuant to the
18  contract was a breach of the covenant of good faith and fair dealing in the contract.

19      375.    Whether or not EID failed to comply with the implied covenant of good faith and
20  fair dealing in the contract by such conduct that prevented or hindered TBI's ability to obtain the
21  benefits of the contract.

22      376.    Whether or not EID imposed improper and unreasonable conditions on
23  completion of the project, including demands for certain repairs and testing to the tunnel that are
24  unnecessary and/or outside the scope of the contract.

25      377.    Whether or not EID is liable to TBI for the damages, exclusive of interest and
26  penalties, in or about the following amounts or those amounts proven at trial:

27
        Unpaid Contract Balance        $3,478,812
28
        Consumptive Water Delay Claim   $ 330,000
        Decant Slab Delay Claim        $ 225,000

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

| Sedimentation Pond Claim | $ 175,000 |
| Outstanding Change Orders | $ 65,005 |
| EID-Caused Delays (Post 9/02) | $2,080,000 |
| Cost Escalation (Labor & Power) | $ 205,000 |
| Extra Environmental Services | $ 20,000 |

378.    Whether or not TBI is entitled to recover its attorney's fees if it prevails in this action.

379.    Whether or not TBI's claims are barred by a failure to fulfill conditions precedent or subsequent.

380.    Whether or not TBI's claims are barred by its actions constituting waiver.

381.    Whether or not TBI's claims by releases given by TBI.

382.    Whether or not TBI's claims for breach of contract are barred because it consented, in whole or in part, to any conduct by EID that did not conform to the contract documents.

383.    Whether or not TBI is estopped by its actions from asserting contract breaches.

384.    Whether TBI's claims are barred in whole or in part because TBI's actions – including but not limited to failing to complete the Project – demonstrate that TBI did not mitigate its damages.

385.    Whether or not TBI, through its bad faith conduct in, among other things, failing to complete the Project, is barred from asserting claims under the doctrine of unclean hands.

386.    Whether or not TBI's claims should be allowed upon proof that it engaged in acts – such as systematically destroying project email even after the threat of lititgation had arisen -- constituting spoliation of evidence.

387.    Whether of not acts of God or other unavoidable accidents or conditions excuse either party's performance.

388.    Whether or not TBI complied with all applicable laws and regulations.

389.    Whether or not TBI's fraud and misrepresentations are a defense to TBI's contract and declaratory relief claims.

390.    Whether or not the DRB was a panel composed of three impartial experts in the tunneling industry selected by the parties in the following manner: one was selected by EID, one

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

- 42 -

1   was selected by TBI, and the third was selected by EID's and TBI's appointees.

2   391.   Whether or not the DRB was properly established pursuant to the terms of the
3   contract and DRB Agreement during the course of the project.

4   392.   Whether or not pursuant to the contract, TBI and EID were to present all disputes
5   they could not resolve themselves to the DRB for consideration.

6   393.   Whether or not the DRB's decisions are admissible by either party in this lawsuit.

7   394.   Whether or not during the course of the project, TBI made a claim for extra costs
8   associated with the Consumptive Water System Design. The claim was submitted to the DRB,
9   which convened a hearing and issued a report that found that TBI's claim for delay resulting
10  from the Consumptive Water System Design was valid and apportioned 80% of the
11  responsibility for the costs in this claim to EID. [EID comment: the admissibility of the DRB
12  decision will be the subject of a motion in limine.]

13  395.   Whether or not during the course of the project, TBI made a claim for extra costs
14  incurred in delays to construction of a Spoils Decant Facility. The claim was submitted to the
15  DRB, which convened a hearing and issued a report that found that TBI's claim for delay against
16  EID resulting from the construction of a Decant Slab was valid. [EID comment:   the
17  admissibility of the DRB decision will be the subject of a motion in limine.]

18  396.   Whether or not during the course of the project, TBI made a claim for extra costs
19  associated with clean up of a Sedimentation Pond. The claim was submitted to the DRB, which
20  convened a hearing and issued a report that found that TBI's claim for extra costs against EID
21  was valid (except for a potential allocation resulting from excessive oil and grease discharges
22  into the Sedimentation pond by TBI, if any.) [EID comment:  the admissibility of the DRB
23  decision will be the subject of a motion in limine.]

24  397.   Whether or not EID "refused" to accept any of these three decisions by the DRB.

25  398.   Whether or not on July 23, 2003, EID sent a letter to its DRB member advising
26  him that he services were being terminated by EID effective immediately.

27  399.   Whether or not either party had the right to unilaterally dissolve the DRB or
28  unilaterally prevent the DRB process from going forward.

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1    400.   Whether or not "EID" reported to FERC that TBI had completed 99.5% of the
2  project.

3    401.   Whether or not EID has been using the Tunnel "without interruption" to transport
4  water except for planned outages for inspection of the tunnel, during an ice accumulation
5  incident in January 2004,  and for maintenance and repairs to other portions of the El Dorado
6  Canal.

7    402.   Whether or not, since taking possession of the tunnel in July of 2003, EID has
8  generated millions of dollars in water and power sales based upon water that has flowed through
9  the tunnel.

10    403.   Whether or not, in the approximately 3 years that EID has operated the Mill-Bull
11  Tunnel, ice and snow has never completely stopped the flow of water through the tunnel.

12    404.   Whether or not, in the approximately 3 years that EID has operated the Mill-Bull
13  Tunnel it has never removed sediment from the tunnel.

14    405.   Whether or not EID has, or ever has had, a written management plan for handling
15  ice that develops on the El Dorado Canal during cold spells during the winter.

16    406.   Whether or not the original contract entered into between EID and TBI required
17  TBI to design and build a tunnel that would maintain operation of Spillway 20 would continue to
18  be necessary.

19    407.   Whether or not a section of wood flume downstream of the Mill-Bull Tunnel
20  would overtop when the water in the canal approached 150 cfs.   EID claimed TBI was
21  responsible for this problem.

22    408.   Whether or not, at the time EID made this claim against TBI, it was aware that the
23  wooden flume where this overtopping had occurred had settled.

24    409.   Whether or not EID shuts down the flow of water in the El Dorado Canal at least
25  once every year to perform maintenance and repairs to various components of the El Dorado
26  Canal unrelated to the misalignment.

27    410.   Whether or not TBI's originally filed a timely claim for damages against EID
28  pursuant to Government Code section 900 *et seq*. and whether that claim was denied by EID on

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1   June 9, 2003.  TBI subsequently amended its Government Code claim twice, which were both
2   times denied by EID.

3      411.   Whether or not TBI has satisfied all conditions precedent to the filing of this
4   action.

5      412.   Whether or not EID has sought to secure MWH's cooperation in prosecuting
6   EID's lawsuit against TBI.  EID has entered into a "tolling agreement" with MWH, where EID
7   has reserved its rights to prosecute claims against MWH relating to the tunnel misalignment and
8   MWH's performance on the project pending the outcome of EID's lawsuit against TBI.

9      413.   Whether or not the Mill Bull Tunnel, as built, is capable of carrying water at 165
10  cubic feet per second.

11     414.   Whether or not, prior to the Mill Bull Tunnel being constructed, in the winter
12  months it was sometimes necessary to deploy a large number of workers to chip, break and spill
13  ice and snow on the El Dorado Canal in order to keep the Canal operational.

14     415.   Whether or not, prior to the Mill Bull Tunnel being constructed, the El Dorado
15  Canal system occasionally was shut down by ice and snow during severe cold weather periods.

16     416.   Whether or not the Contract executed by the parties in November of 1999 set forth
17  any express requirement that TBI was required to design a tunnel such that all ice and snow that
18  flowed into the tunnel would pass without restriction through the tunnel.

19     417.   Whether or not a severe cold weather event would result in the Mill-Bull Tunnel
20  being blocked by ice and snow, and if so, whether other portions of the El Dorado Canal at the
21  same time would also likely be shut down by these same severe weather conditions.

22     418.   Whether or not the Mill Bull Tunnel has ever been blocked by ice and/or snow in
23  the approximately three years it has been in operation, and if so, for how many days.

24     419.   Whether or not the Contract executed by the parties in November of 1999 set forth
25  any express requirement that TBI was required to design a tunnel that would be self-cleaning such
26  that no sediment would accumulate in the tunnel.

27

28

- 45 -

420.    Whether or not the Mill Bull Tunnel has ever been blocked by sediment in the approximately three years it has been in operation, and if not, whether it is reasonable to believe it ever will be.

421.    Whether or not a very large amount of sediment existing in the El Dorado Tunnel, and if so, whether or not since EID started operating the canal system in July 2003 much of this pre-existing sediment has passed through the Mill Bull Tunnel.

422.    Whether or not EID ever reviewed and approved the URS design drawings, and if so, whether or not EID ever provided TBI notice of such during the course of the project.

423.    Whether or not as the "Engineer" under the Contract, one of MWH's obligations was to render impartial decisions regarding disputes between EID and TBI, and if so, whether or not EID, in breach of the implied covenant of good faith and fair, wrongly prevented and/or interfered in MWH properly carrying out this obligation.

424.    Whether or not EID had to complete all necessary repairs and testing of the El Dorado Canal system, and had to obtain permission from FERC to run water though the Canal, before it could begin utilizing the Mill Bull Tunnel.

425.    Whether or not EID can claim actual operating revenue losses allegedly resulting from the late completion of the Mill Bull Tunnel in light of the fact that EID had not completed all necessary repairs and testing of the El Dorado Canal system, and had not obtained permission from FERC to run water though the Canal.

426.    Whether or not EID attempted to prevent TBI from timely completing remedial fixes associated with the misalignment of the Tunnel because EID had not yet completed all necessary repairs and testing of the El Dorado Canal system, and had not yet obtained permission from FERC to run water though the Canal.

427.    Whether or not EID breached its contract with TBI by failing to timely and in good faith complete its audit to TBI's costs on the project.

428.    Whether or not the steps that have been taken to prevent individuals from entering into the El Dorado Tunnel (e.g., heavy grate, barbed wire fences, locked gates, warning signs, and grab lines) are reasonable and adequate.

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

429.   Whether or not EID would have taken some or all of the same security steps to prevent individuals from entering the El Dorado Tunnel (e.g., heavy grate, barbed wire fences, locked gates, warning signs, and grab lines) even if the Mill Bull Tunnel was not misaligned.

430.   Whether or not the Contract signed by the parties in November of 1999 required that TBI design and build a tunnel that maintained the functionality of existing Spillway 20.

431.   Whether or not the Mill Bull Tunnel, as designed, would render Spillway 20 non-functional.

432.   Whether or not EID had determined it had a need for rebuilding Spillway 20 before EID knew that the Mill Bull Tunnel was misaligned.

433.   Whether or not EID falsely and in bad faith claimed that the reason EID was rebuilding Spillway 20 was because of the misalignment in the Mill Bull Tunnel and that TBI was responsible for paying for all of the Spillway 20 reconstruction costs.

434.   Whether or not EID falsely and in bad faith claimed that the reason EID was rebuilding Spillway 20 was because of the misalignment in the Mill Bull Tunnel and that TBI was responsible for paying for all of the Spillway 20 reconstruction costs.

435.   Whether or not some leaking of oil and other hydrocarbons from the TBM operation into the process water and excavation spoils was an expected and inherent part of the tunneling process.

436.   Whether or not the Contract provided that the Guaranteed Maximum Price shall be subject to adjustment in certain specified instances.

437.   Whether or not under the Contract TBI's "Cost of the Work" included the costs incurred by TBI in repairing or correcting damaged or nonconforming work executed by the TBI or its subcontractors or suppliers.

438.   Whether or not during the course of the project TBI told EID that it would hire an independent surveyor to check the survey being performed by TBI's engineer, and that TBI would provide the results of the independent surveyor's to EID.

1    439.    Whether or not during the course of the project TBI did hire an independent

2  surveyor to check the survey being performed by TBI's engineer, and that TBI did provide the

3  results of the independent surveyor's to EID.

4    440.    Whether or not the independent survey data TBI provided to EID on or about July

5  31, 2002, which was approximately seven weeks prior to tunnel hole-through, if compared to the

6  as-planned elevations, showed that the as-built tunnel was several feet off the as-planned vertical

7  alignment.

8    441.    Whether or not TBI, as requested by EID, promptly undertook efforts to come up

9  with a remedial fix to the tunnel misalignment.

10    442.    Whether or not EID ever advised TBI, prior to TBI installing the dewatering system

11  in the Mill Bull Tunnel, that the dewatering system was going to be unsatisfactory to EID because

12  it was too slow.

13    443.    Whether or not EID ever advised TBI that it must provide a means of dewatering

14  the Mill Bull Tunnel within a specified amount of time.

15    444.    Whether or not MWH, as the "Engineer" under the Contract, ever required or

16  specified that TBI replace or substantially rebuild the misaligned Mill Bull Tunnel

17  Dated:    May 26, 2006    **McKENNA LONG & ALDRIDGE LLP**

18

19    By _____

20    Mark G. Budwig
     Attorneys for Defendant and Counterclaimant

21    TRAYLOR BROS., INC. and Defendant
     TRAVELERS CASUALTY AND SURETY

22    COMPANY OF AMERICA

23  Dated:    May 26, 2006    **WULFSBERG REESE COLVIG & FIRSTMAN**

24    **PROFESSIONAL CORPORATION**

25

26    By _____

27    Mark A. Stump
     Attorneys for Plaintiff and Counterdefendant
     EL DORADO IRRIGATION DISTRICT

28

LAW OFFICES
**WULFSBERG REESE COLVIG & FIRSTMAN**
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1  WULFSBERG REESE COLVIG & FIRSTMAN
   PROFESSIONAL CORPORATION
2  H. James Wulfsberg – 046192
   Eric J. Firstman – 111534
3  Mark A. Stump – 104942
   Michael W. Barnes – 154654
4  Kaiser Center
   300 Lakeside Drive, 24th Floor
5  Oakland, CA 94612-3524
   Telephone:   (510) 835-9100
6  Facsimile:   (510) 451-2170

7  Thomas D. Cumpston – 142618
   General Counsel
8  El Dorado Irrigation District
   2890 Mosquito Road
9  Placerville, CA 95667
   Telephone:   (530) 622-4513
10 Facsimile:   (530) 622-1195

11 Attorneys for Plaintiff and Counterdefendant
   EL DORADO IRRIGATION DISTRICT

12

13                **UNITED STATES DISTRICT COURT**

14                **EASTERN DISTRICT OF CALIFORNIA**

15

16 EL DORADO IRRIGATION DISTRICT,          Case No. CIV-S-03-0949 LKK GGH

17            Plaintiff,                     **JOINT STATEMENT OF THE CASE**

18 v.                                        Date:       June 23, 2006
                                             Time:       10:00 a.m.
19 TRAYLOR BROS., INC., TRAVELERS            Courtroom:  4
   CASUALTY AND SURETY COMPANY OF            Judge:      Hon. Lawrence K. Karlton
20 AMERICA,  and Does 1-100, inclusive,

21            Defendants.

22

23 AND RELATED COUNTERCLAIM.

24

25

26

27            *ATTACHMENT  "B"*

28

**FILED**

JUN 2 3 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK

JOINT STATEMENT OF THE CASE
CIV-S-03-0949 LKK GGH

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

## I.  GENERAL

This will provide a summary of what this case is about, including who the parties are and the general nature of their disputes. Following this summary will be list of those facts that the parties agree upon and which are relevant to the disputes.

### A.   The Parties, the Project and this Case

1.   El Dorado Irrigation District is a public entity that provides drinking and irrigation water to customers in much of the western portion of El Dorado County. We will refer to El Dorado Irrigation District as "EID" or "the District". EID is the plaintiff and counter-defendant in this case.

2.   Traylor Bros., Inc. is a licensed general contractor. One of its areas of expertise is the construction of tunnels. We will refer to Traylor Bros., Inc. as "TBI" or "Traylor". TBI is one of the defendants and a counter-claimant in this case.

3.   EID contracted with TBI to design and build the Mill-Bull Tunnel, a water supply tunnel that is about two miles long. This lawsuit involves disputes that arose during the construction of the Mill-Bull Tunnel project.

4.   Travelers Casualty and Surety Company of America is a licensed surety that issued a performance bond to EID guaranteeing TBI's performance of certain construction work on the Mill Bull Tunnel project. Travelers is one of the defendants in this case.

5.   The Mill Bull Tunnel is located east of Placerville, in El Dorado County. It is part of an aquaduct called the "El Dorado Canal", currently owned by EID. The canal carries water for EID's customers, and to generate electricity at a hydroelectric plant.

6.   The Mill Bull Tunnel and El Dorado Canal are part of a system of reservoirs, ditches, flumes, tunnels and the hydroelectric plant known as "FERC Project 184".

7.   In January 1997, prior to EID's acquiring FERC Project 184, landslides destroyed a part of the canal between Mill Creek and Bull Creek. Subsequent studies showed that this area was unstable and would always pose a landslide risk and a threat to the reliability of the Canal. Therefore, the District decided to by-pass that section of the canal with the Mill Bull Tunnel.

8.   On November 1, 1999, EID and TBI entered into a written contract. TBI agreed to

WULFSBERG REESE COLVIG & FIRSTMAN
LAW OFFICES
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1 both design and build the Tunnel for the District in approximately one year for an amount not to
2 exceed approximately $11.3 million, subject to adjustments in the time or price as provided by
3 the terms of the contract.

4   9.   Prior to commencing construction of the Tunnel, TBI hired a professional engineer,
5 URS, to design the tunnel. TBI presented a set of design drawings prepared by URS for the
6 Tunnel to EID for review and approval. As had been agreed to, the starting location of the tunnel
7 was changed, from near Mill Creek to a location within the old El Dorado Tunnel, and it still
8 ended at the Bull Portal. The tunnel retained its name as the Mill Bull Tunnel.

9   10.   As designed, the Mill Bull Tunnel started inside the existing El Dorado Tunnel. It
10 would then proceed roughly westward through the mountain for a distance of about 10,320 feet,
11 ending at a location on the existing Canal about near Bull Creek.

12   11.   The Mill Bull Tunnel was to be round, with a diameter of 8 feet 8 inches. It was to
13 be built at a very gradual, steady downward grade, dropping less than 4 feet per mile.

14   12.   Except for a short section that was excavated by blasting, TBI mined the tunnel by
15 using a tunnel boring machine or "TBM," which is essentially a very powerful horizontal drill. A
16 TBM uses a rotating cutter head at the front of the machine to chip and flake away the rock at the
17 face of the excavation. The resulting small, wet rock pieces, called "muck" or "spoils", are
18 loaded onto small rail cars that are removed from the tunnel by an electric locomotive.

19   13.   TBI reached the Bull Portal end of the Tunnel on September 21, 2002. This is
20 known as "hole-through".

21   14.   At hole-through, the TBM exited the mountain approximately 5 feet too low and 12
22 feet off wide of the location shown on drawings provided by TBI. TBI then surveyed the entire
23 Tunnel and confirmed that most of it was outside of tolerances listed in the drawings.

24   15.   Rather than following a uniform slope from upstream to downstream, the Tunnel
25 generally gradually drops to the approximate mid point, where it is about 11.5 feet below the
26 design grade. At that point the tunnel levels out or gradually rises until it exits the mountain about
27 5 feet lower that designed. We will refer to this condition generally as "misalignment."

28   16.   *After discovery of the misalignment, TBI performed remedial work which it

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1  contends constitutes an effective solution to the misaligned tunnel. EID disputes that TBI's

2  remedial work provides an effective solution to the misalignment.*

3      17.    On or about July 16, 2003, EID initially declared that TBI was in default and gave

4  notice that it was terminating TBI's contract. That termination was thereafter extended several

5  times. TBI disputes the termination was ever effected pursuant to the terms of the contract.

6      **B.**    The Disputes

7      18.    This case arises in part from the parties' disagreement over their Contract, the

8  misalignment, the time it took to do the work, any repairs or corrections that have been made and

9  that may be necessary, claimed extra costs and losses suffered by both parties, and the

10  responsibility for any costs incurred due to these issues.

11      19.    In addition to the tunnel alignment issue, a number of disputes arose between the

12  TBI and EID during the course of construction. These disputes include issues related to water

13  treatment, sediment, construction costs, adjustments in the contract price and time, and both

14  parties' management of the project. Many of these disputes remain unresolved and give rise to the

15  present lawsuit.

16      **II.**    **THE PARTIES' CLAIMS**

17      **A.**    **EID's Claims Against TBI and Travelers**

18

19      EID contends that TBI breached the Contract by:

20      ▪    Constructing a misaligned tunnel

21      ▪    Finishing late

22      ▪    Not correcting the tunnel

23      ▪    Not cleaning up sediment it contaminated with gear oil, requiring EID to clean it up

24      ▪    Not observing environmental requirements

25

26      ▪    Abandonment/repudiation/anticipatory breach, resulting in termination

27      EID contends that Travelers, as a surety, is equally liable to EID as TBI, and that Travelers

28  did not honor its bond.

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1   EID also contends that TBI concealed the misalignment of the tunnel prior to hole through,

2   that TBI suggested during construction that the tunnel was on line and grade when it was not, and

3   that TBI later asserted that  the tunnel's misalignment would not cause operational problems when

4   it would.

5   EID seeks monetary damages as compensation.

6

7   **B.    TBI's Claims Against EID**

8   TBI contends that it did not materially breach the Contract,  that it was not in default under

9   the Contract, *that it never misrepresented the alignment of the tunnel*, and that EID has suffered

10  no damages as a result of the misalignment.

11  TBI  also contends that EID breached the Contract by, among other things:

12  • Improperly trying to terminate the Contract

13  • *Improperly terminating the Project's Disputes Review Board*

14  • Failing to make further payments to TBI after hole-through

15  • Failing to extend the Contract duration

16  • Failing to pay TBI for extra work requested by EID

17  TBI seeks monetary damages as compensation.

18  EID and TBI each dispute all of the claims and defenses of the other.

19

20  * Statements bracketed by asterisks subject to deletion pursuant to the outcome of  motions

21  in limine.

22

23

24

25

26

27

28

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

Dated:    June 23, 2006          **McKENNA LONG & ALDRIDGE LLP**

By _____
   Márk G. Budwig
   Attorneys for Defendant and Counterclaimant
   TRAYLOR BROS., INC. and Defendant
   TRAVELERS CASUALTY AND SURETY
   COMPANY OF AMERICA

Dated:    June 22, 2006          **WULFSBERG REESE COLVIG & FIRSTMAN**
                                 **PROFESSIONAL CORPORATION**

By _____
   Mark A. Stump
   Attorneys for Plaintiff and Counterdefendant
   EL DORADO IRRIGATION DISTRICT

SD:22147382.1

1 │ WULFSBERG REESE COLVIG & FIRSTMAN
   │ PROFESSIONAL CORPORATION
2 │ H. James Wulfsberg – 046192
   │ Eric J. Firstman – 111534
3 │ Mark A. Stump – 104942
   │ Kaiser Center
4 │ 300 Lakeside Drive, 24th Floor
   │ Oakland, CA 94612-3524
5 │ Telephone: (510) 835-9100
   │ Facsimile:  (510) 451-2170
6 │
   │ Thomas D. Cumpston – 142618
7 │ General Counsel
   │ El Dorado Irrigation District
8 │ 2890 Mosquito Road
   │ Placerville, CA 95667
9 │ Telephone: (530) 622-4513
   │ Facsimile: (530) 622-1195
10 │
    │ Attorneys for Plaintiff and Counterdefendant
11 │ EL DORADO IRRIGATION DISTRICT
12 │ PETER J. IPPOLITO, BAR NO. 68457
    │ MARK G. BUDWIG, BAR NO. 126045
13 │ MICHAEL R. MCGUINNESS, BAR NO. 132646
    │ LAURENCE R. PHILLIPS, BAR NO. 190152
14 │ MCKENNA LONG & ALDRIDGE LLP
    │ Suite 3300, Symphony Towers
15 │ 750 B Street
    │ San Diego, CA 92101
16 │ Telephone:    (619) 595-5400
    │ Facsimile:    (619) 595-5450
17 │
    │ Attorneys for Defendant/Counterclaimant
18 │ TRAYLOR BROS., INC. and Defendant TRAVELERS CASUALTY AND
    │ SURETY COMPANY OF AMERICA
19 │

**FILED**

**JUN 2 3 2006**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

20 │        **UNITED STATES DISTRICT COURT**

21 │        **EASTERN DISTRICT OF CALIFORNIA**

| 22  EL DORADO IRRIGATION DISTRICT, | Case No. CIV-S-03-0949 LKK GGH |
|---|---|
| 23      Plaintiff, | **JOINT CASE IN CHIEF WITNESS LIST** |
| 24  v. | |
| 25  TRAYLOR BROS., INC., TRAVELERS | Pretrial Conference Date: June 23, 2006 |
|     CASUALTY AND SURETY COMPANY OF | Time:              10:00 a.m. |
| 26  AMERICA,  and Does 1-100, inclusive, | Courtroom:          4 |
|     | Judge: Hon. Lawrence K. Karlton |
| 27      Defendants. | |
| 28  AND RELATED COUNTERCLAIM. | |

JOINT (

WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100
LAW OFFICES

*ATTACHMENT "C"*

1    Plaintiff and Counterdefendant EL DORADO IRRIGATION DISTRICT ("EID") and

2    Defendants and Counterclaimants TRAYLOR BROS., INC. ("TBI") and TRAVELERS

3    CASUALTY AND SURETY COMPANY ("Travelers") anticipate calling the following witnesses

4    at trial in their case in chief:[1]

5                    **EID Case in Chief Witnesses**

6        **EID Personnel**

7        1.    David Powell * [2]

8        2.    Ane Deister

9        3.    Len Marino

10       4.    Steven Lindstrom *

11       5.    David Stabenow

12       6.    Mike Fernandez

13       These witnesses may be contacted through EID, 2890 Mosquito Road, Placerville, CA

14   95667.

15       **MWH Personnel**

16       7.    Tom Erdman *

17       8.    David Rogers *

18       These witnesses may be contacted through MWH's counsel, Thomas Gill, Esq.

19   Manning & Marder, Kass, Ellrod, Ramirez LLP, One California Street, Suite 1100

20   San Francisco, CA 94111

21       **TBI Affiliated Personnel**

22       9.    David Baddgor * : 31878 Carson Road, Placerville, CA 95667.

23       10.    Bert Dore *" 1200 Riverside Drive, Burbank, CA.

24

25   _____

26   [1] The parties fully reserve all rights to object to any witness listed herein by the other side to
     testify.

27   [2] The "*" notes that this witness is listed by both sides to be called in their case in chief.  There are
     10 such witnesses.

28

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

11. John McDonald *: 250 South Oak Knoll, Apartment Number 108, Pasadena, CA 91101

12. Kurt Kroner *: 2233 Watt Avenue, Suite 330, Sacramento, CA 95825

13. Bruce Milligan*, 835 North Congress Avenue, Evansville, IN 47715

**Former PG&E Employees (Canal Patrol / Maintenance)**

14. Mike Cloves

15. Dan Harnden

These witnesses may be contacted through EID, 2890 Mosquito Road, Placerville, CA 95667.

**EID Experts and Damages Document Summarizing Witnesses:**

16. Janet Pollard, 2890 Mosquito Road, Placerville, CA 95667

17. Gary Buzby, 2890 Mosquito Road, Placerville, CA 95667

18. George Ashton, 86 Bank Street, Lebanon, NH 03766

19. John Cassidy, 2884 Saklan Indian Drive, Walnut Creek, CA 94595

20. Patricia Galloway, 345 Wall Street, Princeton, NJ 08540

21. Jack Harris, 4101 E. Wesley Ave., Suite 5, Denver, CO 80222

22. Ray Henn, 110 16th Street, Suite 900, Denver, CO 80202-5202

23. Web Owen, 3377 Coach Lane, Ste K, Cameron Park, CA 95682

**EID Document Foundations (if required)**

24. Karen Theriault (EID)

25. Rico Cadiz (MWH)

26. John Van Zander, (Bestor Engineers) 9701 Blue Larkspur Lane, Monterey, CA 93940

27. Michael Barnes *: 300 Lakeside Drive, 24th Floor, Oakland, CA 94612.

**TBI & Travelers Case in Chief Witnesses**

| NAME | EMPLOYER | ADDRESS |
|------|----------|---------|

JOINT CASE IN CHIEF WITNESS LIST         - 3 -
SD:22147384.11906:001\2135578.1

| | NAME | EMPLOYER | ADDRESS |
|---|---|---|---|
| 1 | Baddgor, Dave * | TBI | 31878 Carson Road<br>Placerville, CA 95667 |
| 2 | Barnes, Michael * | EID | 300 Lakeside Drive, 24th Floor<br>Oakland, CA 94612 |
| 3 | Bartow, Don | TBI | 835 North Congress Avenue<br>Evansville, IN 47715 |
| 4 | Buel, Dave | EID & TBI<br>Percipient Expert | Placerville, CA 95667 |
| 5 | Cangelosi, Greg | TBI | 2155 East 7th St., Suite 100<br>Los Angeles, CA 90023 |
| 6 | Cumpston, Tom | EID | 2890 Mosquito Road<br>Placerville, CA 95667 |
| 7 | Dore, Bert * | TBI | 2155 East 7th St., Suite 100<br>Los Angeles, CA 90023 |
| 8 | Ebert, Pam | Travelers | 215 Shuman Boulevard<br>Naperville, IL 60563 |
| 9 | Erdman, Tom * | MWH | 5840 Pony Express Trail<br>Space 31<br>Pollock Pines, CA 95726 |
| 10 | Ettema, Robert | TBI Expert | 11 Wellesey Way<br>Iowa City, IA 52245 |
| 11 | Jacob, Mark | MWH | Unknown |
| 12 | Johnson, Mark | TBI Expert | 5059 Newport Avenue, Suite 206<br>San Diego, CA 92107 |
| 13 | Kowkowski, Mark | EID | 7225 Highway 50<br>Pollock Pines, CA 95726 |
| 14 | Kroner, Kurt * | Parsons & TBI<br>Percipient Expert | 2233 Watt Avenue, Suite 330<br>Sacramento, CA 95825 |
| 15 | Lindstrom, Steve * | EID | 2890 Mosquito Road<br>Placerville, CA 95667 |
| 16 | MacDonald, Thomas | TBI Expert | 500 12th Street, Suite 200<br>Oakland, CA 94607 |
| 17 | Martin, Eric | Self & TBI<br>Percipient Expert | PO Box 262<br>Pollock Pines, CA 95726 |
| 18 | McDonald, John * | TBI | 2155 East 7th St., Suite 100<br>Los Angeles, CA 90023 |
| 19 | Milligan, Bruce* | TBI | 835 North Congress Avenue<br>Evansville, IN 47715 |

| | NAME | EMPLOYER | ADDRESS |
|---|---|---|---|
| 20 | Mitteer, George | TBI | 2244 Hidden Valley Road Cleehum, WA 98922 |
| 21 | Nowak, Dan | CTS | 1609 South Central Ave., Ste. H Kent, WA 98032 |
| 22 | Powell, David * | EID | 2890 Mosquito Road Placerville, CA 95667 |
| 23 | Rogers, Dave * | MWH | 2890 Mosquito Road Placerville, CA 95667 |
| 24 | Shewbridge, Scott | EID | 2890 Mosquito Road Placerville, CA 95667 |
| 25 | Taylor, Robert | TBI Expert | 555 West Beech Street, Suite 400 San Diego, CA 92101 |
| 26 | Traylor, Mike | TBI | 840 Apollo Street, Suite 210 El Segundo, CA 90245 |
| 27 | Wilkins, William | EID | Unknown |
| 28 | Williamson, George | TBI & TBI Percipient Expert | 20470 Mockingbird Road Bodega Bay, CA 94923 |
| 29 | Young, David | URS | Pleasanton, CA |

Dated:    June 22, 2006         **McKENNA LONG & ALDRIDGE LLP**


By _____
   Mark G. Budwig
   Attorneys for Defendant and Counterclaimant
   TRAYLOR BROS., INC. and Defendant
   TRAVELERS CASUALTY AND SURETY
   COMPANY OF AMERICA


Dated:    June 22, 2006         **WULFSBERG REESE COLVIG & FIRSTMAN PROFESSIONAL CORPORATION**


By _____
   Eric J. Firstman
   Attorneys for Plaintiff and Counterdefendant
   EL DORADO IRRIGATION DISTRICT

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1 │ WULFSBERG REESE COLVIG & FIRSTMAN
  │ PROFESSIONAL CORPORATION
2 │ H. James Wulfsberg – 046192
  │ Eric J. Firstman – 111534
3 │ Mark A. Stump – 104942
  │ Kaiser Center
4 │ 300 Lakeside Drive, 24th Floor
  │ Oakland, CA 94612-3524
5 │ Telephone: (510) 835-9100
  │ Facsimile:  (510) 451-2170
6 │
  │ Thomas D. Cumpston – 142618
7 │ General Counsel
  │ El Dorado Irrigation District
8 │ 2890 Mosquito Road
  │ Placerville, CA 95667
9 │ Telephone: (530) 622-4513
  │ Facsimile: (530) 622-1195
10 │
   │ Attorneys for Plaintiff and Counterdefendant
11 │ EL DORADO IRRIGATION DISTRICT
12 │ PETER J. IPPOLITO, BAR NO. 68457
   │ MARK G. BUDWIG, BAR NO. 126045
13 │ MICHAEL R. MCGUINNESS, BAR NO. 132646
   │ LAURENCE R. PHILLIPS, BAR NO. 190152
14 │ MCKENNA LONG & ALDRIDGE LLP
   │ Suite 3300, Symphony Towers
15 │ 750 B Street
   │ San Diego, CA  92101
16 │ Telephone:     (619) 595-5400
   │ Facsimile:      (619) 595-5450
17 │
   │ Attorneys for Defendant/Counterclaimant
18 │ TRAYLOR BROS., INC. and Defendant TRAVELERS CASUALTY AND
   │ SURETY COMPANY OF AMERICA
19 │

**FILED**

JUN 2 3 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
              DEPUTY CLERK

20 │ **UNITED STATES DISTRICT COURT**

21 │ **EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 22 — EL DORADO IRRIGATION DISTRICT, | Case No. CIV-S-03-0949 LKK GGH |
| 23 — Plaintiff, | **JOINT REBUTTAL WITNESS LIST** |
| 24 — v. | |
| 25 — TRAYLOR BROS., INC., TRAVELERS CASUALTY AND SURETY COMPANY OF | Pretrial Conference Date: June 23, 2006 |
| 26 — AMERICA, and Does 1-100, inclusive, | Time:                    10:00 a.m. |
| | Courtroom:          4 |
| 27 — Defendants. | Judge: Hon. Lawrence K. Karlton |
| 28 — AND RELATED COUNTERCLAIM. | |

JOI ████████████████████████

99(

*ATTACHMENT "D"*

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1    Plaintiff and Counterdefendant EL DORADO IRRIGATION DISTRICT ("EID") and

2    Defendants and Counterclaimants TRAYLOR BROS., INC.("TBI") and TRAVELERS

3    CASUALTY AND SURETY COMPANY ("Travelers"), in addition to their case in chief

4    witnesses, reserve the right to call the following rebuttal witnesses at trial:[1]

5                              **EID Rebuttal Witnesses**

6        1.    Kevin Bolle, 16616 Spring Street, Camptonville, CA 95922.

7        2.    Mark G. Budwig, Suite 3300 Symphony Towers, 750 B Street, San Diego, CA

8    92101.

9        3.    David Buel, (PG&E, EID retired).

10       4.    Greg Cangilosi, c/o TBI.

11       5.    Mark Korkowski, c/o EID

12       6.    Marc Jacobs, c/o MWH counsel (address at para. 8 above).

13       7.    Rick Lind, (EN2 Resources) 463 Main Street, Ste. A. Placerville, CA 95667

14       8.    Mark Martin, (Owens Engineering) 3377 Coach Lane, Ste K, Cameron Park, CA

15   95682

16       9.    Randy Rodriguez, 9080 Figuero Road, Sonora, CA.

17       10.   Steve Setoodeh, 2890 Mosquito Road, Placerville, CA 95667

18       11.   Eric Martin, P.O. Box 262, Pollock Pines, CA 95726

19                         **TBI & Travelers Rebuttal Witnesses**

20       12.   Annakin, Joseph, TBI, 1355 Boyard Park Drive, Evansville, IN 47715

21       13.   Ashton, George D. , EID Expert, 86 Bank Street, Lebanon, NH 03766

22       14.   Berti, Bob, CCS, PO Box 1764, Diamond Springs, CA 95922

23       15.   Bolle, Kevin, TBI, 16616 Spring Street, Camptonville, CA 95922

24       16.   Cadiz, Rico, MWH, Moreno Valley, CA

25       17.   Cassidy, John J., EID Expert, 2884 Saklan Indian Drive, Walnut Creek, CA 94595

26

27   [1] The Parties reserve all rights to object to the other side calling any witness listed herein by the
     other side as a witness.

28

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1     18.    Chan, Esmond C., JNEC, 2975 Treat Boulevard., Suite B2, Concord, CA 94518

2     19.    Coleman, Wayne, MWH, Unknown

3     20.    Cowan, Charles E., Self, 30500 North East 258th Avenue, Yacolt, WA 98675

4     21.    Deister, Ann, EID, 2891 Mosquito Road, Placerville, CA 95667

5     22.    Doolittle, Jim, EID, 7225 Highway 50, Pollock Pines, CA 95726

6     23.    Ericson, Kyle, RWQCB, 3443 Routier Road, Suite A, Sacramento, CA 95827

7     24.    Harris, Jack W., EID Expert, 4101 East Wesley Avenue, Ste. 5,Denver, CO 80222

8     25.    Hetland, William, EID, Unknown

9     26.    Hoel, Tim, HPT, 11355 Folsom, Suite E, Rancho Cordova, CA 95670

10    27.    Jermstad, David B., CE, 3932 Ponderosa Road, Suite 200, Shingle Springs, CA

11 95680

12    28.    Johnson, Tim, TBI, Unknown

13    29.    Kessler, John, EID, Sky Park, CA

14    30.    Korbin, Greg, DRB, 1167 Brown Avenue, Lafayette, CA 94549

15    31.    Larsen, Raymond W., EID, Unknown

16    32.    Lehr, Strafford K., CDF&G, 1701 Nimbus Road, Suite A, Rancho Cordova, CA

17 95670

18    33.    Lind, Rick A., EN2, PO Box 2260, Placerville, CA 95667

19    34.    Lockwood, George, CRWCB, 3443 Routier Road, Suite A,Sacramento, CA 95827

20    35.    Marino, Len, EID, 2890 Mosquito Road, Placerville, CA 95667

21    36.    Martin, Mark, OEMC, 3377 Coach Lane Suite K, Cameron Park, CA 95682

22    37.    McKain, Fred, EID, Placerville, CA 95667

23    38.    Mueller, Christopher, URS, 500 12th Street, Suite 200, Oakland, CA 94607

24    39.    Neasham, WM. (Sam), EID, 11201 Gold Express Dr., Ste. 200,Gold River, CA

25 95670

26    40.    Owen, Webster, OEMC, 3377 Coach Lane, Suite K, Cameron Park, CA 95682

27    41.    Pence, Ken, USFS, PO Box 2260, Placerville, CA 95667

28    42.    Perley, Bill, EID, Placerville, CA 95667

43. Roach, Mike, TBI, 1031 Pemberton Hill Rd., Ste 102, Apex, NC 27502

44. Rodriguez, Randy, TBI, 9080 Figuero Road, Sonora, CA 95370

45. Sherwood, Spence, Veercamp, 2585 Cold Springs Road, Placerville, CA 95667

46. Traylor, Glen, TBI, 2021 Midwest Road, Suite 200, Oak Brook, IL 60523

47. Vander Dussen, Mike, CE, 3932 Ponderosa Road, Suite 200, Shingle Springs, CA 95680

48. Vargas, Al, EID, 2629 Deer Trail Lane, Cameron Park, CA 95682

49. Veerkamp, Doug, Veercamp, 2585 Cold Springs Road, Placerville, CA 95667

50. Waddell, Karen, EID, 2890 Mosquito Road, Placerville, CA 95667

51. Wheeldon, George, EID, 2600 Consolation Court, Shingle Springs, CA 95680

52. Wilton, James, DRB, 410 Manzanita Way, Woodside, CA 94062

53. Wright, Mike, EID, Pollock Pines, CA 95726

54. Yamashita, Takeshi, FERC, Unknown

Dated:    June 22, 2006              **McKENNA LONG & ALDRIDGE LLP**

By _____
Mark G. Budwig
Attorneys for Defendant and Counterclaimant
TRAYLOR BROS., INC. and Defendant
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA

Dated:    June 22, 2006              **WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION**

/s/ Eric J. Firstman
By _____
Eric J. Firstman
Attorneys for Plaintiff and Counterdefendant
EL DORADO IRRIGATION DISTRICT

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1   WULFSBERG REESE COLVIG & FIRSTMAN
    PROFESSIONAL CORPORATION
2   H. James Wulfsberg – 046192
    Eric J. Firstman – 111534
3   Mark A. Stump – 104942
    Michael W. Barnes – 154654
4   Kaiser Center
    300 Lakeside Drive, 24th Floor
5   Oakland, CA 94612-3524
    Telephone:     (510) 835-9100
6   Facsimile:     (510) 451-2170

7   Attorneys for Plaintiff and Counterdefendant
    EL DORADO IRRIGATION DISTRICT
8

9   MCKENNA LONG & ALDRIDGE LLP
    Peter J. Ippolito, Bar No. 68457
10  Mark G. Budwig, Bar No. 126045
    Suite 3300, Symphony Towers
11  750 B Street
    San Diego, CA  92101
12  Telephone:     (619) 595-5400
    Facsimile:     (619) 595-5450
13
    Attorneys for Defendant/Counterclaimant
14  TRAYLOR BROS., INC. and Defendant
    TRAVELERS CASUALTY AND SURETY
15  COMPANY OF AMERICA

16              **UNITED STATES DISTRICT COURT**

17              **EASTERN DISTRICT OF CALIFORNIA**

18

19  EL DORADO IRRIGATION DISTRICT,          Case No.  CIV S-03-0949 LKK GGH

20              Plaintiff,                   **JOINT CASE-IN-CHIEF EXHIBIT**
                                             **LIST**
21          v.

22  TRAYLOR BROS., INC.; TRAVELERS
    CASUALTY AND SURETY COMPANY OF
23  AMERICA; and DOES 1 - 100, inclusive,

24              Defendants.

25

26  AND RELATED CROSS-CLAIM.

27

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

*ATTACHMENT "E"*

1906-001\2139189.2

| | | **TBI / EID Joint Case-In-Chief Exhibit List[1]** | | |
|---|---|---|---|---|
| **New Ex. No.** | **Date** | **Description** | **EID Objections[2]** | **TBI Objections[1, 3]** |
| 1. | 11/01/99 | Project #184- Mill-Bull Tunnel Agreement, including General Conditions, Revised Draft of Special Provisions and Exhibits | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Prejudice, Confusion, Waste of Time (FRE 403); Other (commingled records). |
| 2. | 09/22/00 | Change Order No. 1 | | |
| 3. | 04/24/01 | Change Order No. 2 | | |
| 4. | 04/24/01 | Change Order No. 3 | | |
| 5. | 02/00/02 | Federal Energy Regulatory Commission Project 184, Mill to Bull Tunnel Construction Plan and Summary Documents | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Other (limited admissibility) |
| 6. | 06/20/01 | Change Order No. 4 | | |
| 7. | 07/09/01 | Change Order No. 5 | | |
| 8. | 08/24/01 | Change Order No. 6 | | |
| 9. | 10/24/01 | Change Order No. 7 | | |
| 10. | 10/24/01 | Change Order No. 8 | | |
| 11. | 10/25/01 | Change Order No. 9 | | |
| 12. | 02/20/02 | Change Order No. 10 | | |
| 13. | 02/26/02 | Change Order No. 11 | | |

---

[1] The parties have made a good faith effort to determine the exhibits they will use with their witnesses in their respective Case in Chief. The parties also have rebuttal/impeachment exhibits that they have separately listed and exchanged) and the parties will work jointly to prepare as a single rebuttal joint exhibit list that will exclude duplicates from this Case in Chief List and their respective rebuttal/impeachment lists. These rebuttal exhibits will start at Exhibit No. 1000. EID has also omitted approximately 400 invoices that will be the subject of a FRE 1006 Summary, separately listed, and that can be numbered if necessary.

[2] The parties have, in good faith, diligently compiled ,exchanged, reviewed and listed objections to about 800 exhibits in a short period of time. The parties anticipate withdrawing certain objections, including authenticity, after further reviewing of the actual exhibits files and discussions with opposing counsel. Given these time constraints, the parties ackolwedge that it may have misstated or omitted objections, and will request leave to fully state the appropriate objection at the trime of trial. EID specifically notes that it has not had sufficient time to fully evaluate issues regarding to attorney client communications and Rule 26 Disclosure / Rule 37 sanction issues.

[3] TBI/Travelers objects to any exhibits EID has listed that was not included in its mandatory trial exhibit list filed on May 26, 2006. EID has changed the number of its exhibits in this "joint" exhibit list from the numbering in its May 26, 2006, exhibit list, which makes comparison time consuming. TBI/Travelers has not had sufficient time to confirm whether EID is seeking to untimely add new exhibits.

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 14. | 03/25/02 | Change Order No. 12 | | |
| 15. | 04/18/02 | Change Order No. 13 | | |
| 16. | 04/18/02 | Change Order No. 14 | | |
| 17. | 07/10/02 | Change Order No. 15 | | |
| 18. | 08/20/02 | Change Order No. 16 | | |
| 19. | | Change Order No. 17 | | Other (commingled records; not final version) |
| 20. | | Change Order no. 18 | | |
| 21. | | Change Order No. 19 | | Other (not final version) |
| 22. | 05/15/97 | Traylor Bros., Inc. Prequalification Package | | Portions: Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403). |
| 23. | 05/19/97 | Bidding Documents | | |
| 24. | 09/20/00 | Notice of Adoption of New Waste Discharge Requirements for El Dorado Irrigation District, US Forest Service, El Dorado National Forest, El Dorado Canal, Mill Creek to Bull Creek Tunnel, El Dorado County (Author:William Croyle / Recipient William Wilkins) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Other (limited admissibility) |
| 25. | 10/02/00 | Notification of Applicability of General Waste Discharge Requirements Order No. 5-00-175, NPDES No. CA0083356, El Dorado Irrigation District, Project 184 - El Dorado Canal, Mill Creek to Bull Creek Tunnel, El Dorado County (Order No. 5-00-175-11) (Author: Gary Carlton / Recipient William Wilkins) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Other (limited admissibility). |
| 26. | 10/10/00 | TB 1000-002 Notification of General Waste Discharge Requirements (Author: Mark Jacob / Recipient George Mitteer) | | Other (incomplete) |
| 27. | 10/20/00 | 9905-015 CO Estimates and Proposal for Water Treatment Changes | | |

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

- 2 -

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | (Author: George Mitteer / Recipient Marc Jacob) | | |
| 28. | 10/23/00 | 9905-016 CO Estimates and Proposal for Spoil Pile Changes (Author: George Mitteer / Recipient Marc Jacob) | | |
| 29. | 11/09/00 | 9905-020 Water Treatment Plant Proposal (Author: George Mitteer / Recipient Marc Jacob) | | |
| 30. | 01/08/00 | 9905-032 Water Treatment Plant Estimate with Muck Water Collection Facilities (Author: George Mitteer / Recipient Marc Jacob) | | |
| 31. | 01/08/00 | 9905-033 Updated Proposal for Haul and Dispose of Tunnel Muck (Author: George Mitteer / Recipient Marc Jacob) | | |
| 32. | 03/17/01 | Conformed Agenda/Minutes (Author EID) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Other (limited admissibility). |
| 33. | 04/05/01 | In Reply Re Project No. 184-CA -Original Review of District's Construction Plan and Document Summary dated February 2001 (Author: James Goris / Recipient William Wilkins) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.); Hearsay (FRE 801 et seq.); Best Evidence (FRE 1001 et seq.); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list). |
| 33. B | 04/05/01 | In Reply Re Project No. 184-CA -George Mitteer's copy Review of District's Construction Plan and Document Summary dated February 2001 (Author: James Goris / Recipient William Wilkins) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.); Hearsay (FRE 801 et seq.); Best Evidence (FRE 1001 et seq.); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list). |
| 34. | 04/19/01 | In Reply Re Project No. 184-CA -Original Receipt of April 12, 2001 letter responding to comments | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.); Hearsay (FRE 801 et seq.); Best |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | (Author: James Goris / Recipient William Wilkins) | | Evidence (FRE 1001 et seq.); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list). |
| 34. B | 04/19/01 | In Reply Re Project No. 184-CA - George Mitteer's copy Receipt of April 12, 2001 letter responding to comments (Author: James Goris / Recipient William Wilkins) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Hearsay (FRE 801 et seq.); Best Evidence (FRE 1001 et seq.); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list). |
| 35. | 06/12/01 | In Reply Re Project No. 184-CA - Original Receipt of May 29, 2001 letter responding to final comments (Author: James Goris / Recipient William Wilkins) (Author: James Goris / Recipient William Wilkins) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Hearsay (FRE 801 et seq.); Best Evidence (FRE 1001 et seq.); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list). |
| 35. B | 06/12/01 | In Reply Re Project No. 184-CA - George Mitteer's Copy Receipt of May 29, 2001 letter responding to final comments (Author: James Goris / Recipient William Wilkins) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Hearsay (FRE 801 et seq.); Best Evidence (FRE 1001 et seq.); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list). |
| 36. | 06/19/01 | 0601-7944: Notice to Proceed (Author: William Perley / Recipient: George Mitteer) | | |
| 37. | 06/20/01 | 9905-063: NTP of June 19, 2001 (Author: George Mitteer / Recipient: William Wilkins) | | |
| 38. | 06/25/01 | Tentative Wastewater Discharge Requirements (Author: Richard McHenry / Recipient: William Wilkins) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Other (limited admissibility) |
| 39. | 08/02/01 | Notice of Adoption of New Waste Discharge Requirements (Author: | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Other (limited |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1, 3] |
|---|---|---|---|---|
| | | Richard McHenry / Recipient: William Wilkins) | | admissibility) |
| 40. | 10/23/01 | TBI-9905-057 Fax transmission of Mill-Bull Tunnel Revised Drawings (Author: Thomas Erdman / Recipient: George Mitteer) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Other (limited admissibility) |
| 41. | 08/02/01 | Memo re Traylor Bros., Inc's insufficient effort being cooperative and communicative with EID (Author: George Williamson / Recipient: William Perley) | | Prejudice, Confusion, Waste of Time (FRE 403). |
| 42. | 10/17/01 | 9905-132: Change Order #8 HPT Research Water Treatment Work (Author: George Mitteer / Recipient: Thomas Erdman) | | |
| 43. | 12/11/01 | TB1201-064: TBM Alignment (Author: Thomas Erdman / Recipient: George Mitteer) | | Best Evidence (FRE 1001 et seq.); |
| 44. | 01/18/02 | Letter re Notice of Violation (Author: William Crolye / Recipient Ane Deister) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Other (limited admissibility) |
| 45. | 01/21/02 | TBO102-070 - CRWQCB N.O.V. & EN2 Resources NCR # 4 (Author: Thomas Erdman / Recipient: George Mitteer) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Hearsay (FRE 801 et seq.); Best Evidence (FRE 1001 et seq.); Other (limited admissibility) |
| 46. | 01/28/02 | Transmittal re Tunnel Boring Permit (Author: Thomas Erdman / Recipient: John McDonald) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Hearsay (FRE 801 et seq.); Best Evidence (FRE 1001 et seq.); Other (limited admissibility) |
| 47. | 02/01/02 | Tunnel Permit Log | | |
| 48. | 02/15/02 | Traylor Bros., Inc. Organization Chart | | |
| 49. | 02/18/02 | 9905-173 Alignment of Tunnel (marked Exhibit 9 to | | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | McDonald depo) (Author: John McDonald / Recipient: Thomas Erdman) | | |
| 50. | 04/16/02 | Fax Transmittal re Cutter Reports & Revised Notes from Meeting at EID on 4/12/02 (Author: John McDonald / Recipient: Thomas Erdman; Dave Rogers) | | |
| 51. | 04/17/02 | TB0402-093 re TBI Ltr 9905-193, dated 4/11/02 Correct reference to specification requirement (Author: Thomas Erdman / Recipient: John McDonald) | | |
| 52. | 04/27/02 | Pertinent pages from Baddgor Diary | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; (incomplete exhibit) |
| 53. | 05/06/02 | 9905-202 Information Requested by Montgomery Watson Harza Letter TB0502-098 – Data Log Files (Author: John McDonald / Recipient: Thomas Erdman) | | |
| 54. | 05/06/02 | TB0502-098 TBM Data Logger Files(Author: Thomas Erdman / Recipient: John McDonald) | | Other (limited admissibility) |
| 55. | 05/08/02 | TB0502-099 TBM Data Logger Data Files (Author: Thomas Erdman / Recipient: John McDonald) | | Other (limited admissibility) |
| 56. | 05/09/02 | 9905-204 Information Requested by MWH Letter #TB0502-099 Second Request for Data Log Files (Author: John McDonald / Recipient: Thomas Erdman) | | |
| 57. | 05/08/02 | Handwritten Notes of May 8, 2002 (Author: John McDonald) | | |
| 58. | 05/09/02 | 9905-205 Request for Reduction in Retention (Author: John McDonald / | | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | Recipient: Thomas Erdman) | | |
| 59. | 05/20/02 | 9905-208 Information Requested by MWH Letter #TB0502-101 Third Request for TBM Data Log Files (Author: John McDonald / Recipient: Thomas Erdman) | | |
| 60. | 06/04/02 | Weekly Construction Meeting Minutes No. 50 (Author: MWH) | | Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 61. | 06/11/02 | Weekly Construction Meeting Minutes No. 51 (Author: MWH) | | Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 62. | 06/14/02 | Fax Transmittal re Spreadsheet re Oil purchased/used/changed & estimate of oil lost (Author: John McDonald / Recipient: Thomas Erdman) | | |
| 63. | 06/18/02 | Weekly Construction Meeting Minutes No. 52 (Author: MWH) | | Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 64. | 06/25/02 | Memo re Visitors (Author John McDonald / Recipient: Bert Dore) | | |
| 65. | 06/28/02 | Mill-Bull Tunnel Minutes of Partnering "Sponsors" Meeting (Author: Thomas Erdman) | | Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 66. | 07/01/02 | Handwritten Notes of July 1, 2002 (Author John McDonald) | | |
| 67. | 07/02/02 | Handwritten Notes of July 2, 2002 (Author John McDonald) | | |
| 68. | 07/18/02 | Handwritten Notes of July 18-19, 2002 (Author John McDonald) | | |
| 69. | 07/31/02 | Email re Mill-Bull Tunnel Alignment Survey Data (Author: Thomas Erdman / Recipient: John McDonald) | | Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 70. | 08/02/02 | Email re Survey Data for Mill-Bull, w/ attachment | | Hearsay (FRE 801 et seq.); Other (limited |

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

- 7 -

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | (Author: Thomas Erdman / Recipient: Dave Rogers) | | admissibility) |
| 71. | 09/10/02 | Re: "Stuff" (marked Exhibit 20 to McDonald depo) (Author John McDonald / Recipient: Bert Dore) | | |
| 72. | 09/13/02 | 9905-257 Suggested Revisions to Plan for Contract Completion (Author: John McDonald / Recipient: Thomas Erdman) | | |
| 73. | 09/23/02 | TB0902-136 Mill-Bull Tunnel Misalignment (marked Exhibit 21to McDonald depo) (Author: Thomas Erdman / Recipient: John McDonald) | | Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 74. | 09/25/02 | TB0902-137 TBM Removal (marked Exhibit 23 to McDonald depo) (Author: Thomas Erdman / Recipient: John McDonald) | | Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 75. | 09/25/02 | TB0902-138 Bull Creek Tunnel Grade Defect - Markerboard Repair Concept(Author: Thomas Erdman / Recipient: John McDonald) | | Other (limited admissibility) |
| 76. | | Total Length of TBM Tunnel - Spreadsheet | | |
| 77. | 10/04/02 | M1002-152: Notification of Defective and Delayed Work (Author: Ane Deister / Recipient John McDonald) | | Other (limited admissibility) |
| 78. | 10/07/02 | TO-001 Re: EID Correspondence of October 4th (Author: John McDonald / Recipient: Ane Deister) | | |
| 79. | 10/07/02 | TBI's Vertical As-built Survey 10/7/02 (chart) and email: Re: Survey Data for Mill Bull from Erdman to Todloo (Author: John McDonald / Recipient: Thomas Erdman) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.); Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Other (motion in limine) |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1, 3] |
|---|---|---|---|---|
| 80. | 10/07/02 | Vertical As-built Survey 10/3/02 (Author: John McDonald / Recipient: Thomas Erdman) | | |
| 81. | 10/07/02 | Vertical As-built Survey 10/8/2002 (Author: John McDonald / Recipient: Thomas Erdman) | | |
| 82. | 10/14/02 | Figure 1. Mill Bull Tunnel Profiles – Vertical Survey (Author: John McDonald / Recipient: Thomas Erdman) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403) |
| 83. | 10/16/02 | Info from URS Corp. on Realignment & 14 Day Shotcrete Results from Sierra (Author: John McDonald / Recipient: Thomas Erdman) | | |
| 84. | 10/17/02 | TB1002-143 URS Corp. Draft Proposal of Tunnel Defective Work Corrective Measures (Author: Thomas Erdman / Recipient: John McDonald) | | Other (limited admissibility) |
| 85. | 10/18/02 | TB1002-144 Impacts and El Dorado Irrigation District concerns about Traylor Bros., Inc Defective Tunnel Work (Author: Thomas Erdman / Recipient: John McDonald) | | Other (limited admissibility) |
| 86. | 10/20/02 | 9905-268 Tunnel Re-Alignment Proposal Response to Montgomery Watson Harza TBI002-143 (Author: John McDonald / Recipient: Thomas Erdman) | | |
| 87. | 10/21/02 | TBI002-145 Tunnel Related Work by TBI (Author: Thomas Erdman / Recipient: John McDonald) | | Other (limited admissibility) |
| 88. | 10/23/02 | TBI1002-147 Continued Work at TBI's Risk (Author: Thomas Erdman / Recipient: John McDonald) | | Other (limited admissibility) |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 89. | 10/25/02 | L1002-009 Stop Work and Suspension Order (Author: David Powell; Thomas Cumpston / Recipient John McDonald; George Williamson) | | Other (limited admissibility) |
| 90. | 10/30/02 | Email re Revised Letter on Mill Bull Design Changes & O&M Issues 8:20:58 (Author: Chris Mueller / Recipient: George Willimason) | | Hearsay (FRE 801 et seq.); Other (incomplete) |
| 91. | 11/01/02 | TB1102-149 EDT Diversion Structure Stop Work Order (Author: Thomas Erdman / Recipient: John McDonald) | | Other (limited admissibility) |
| 92. | 11/19/02 | L1102-026 TBI Failure to Timely and Properly Analyze the Impact of TBI's Defective Work (Author: Ane Deister / Recipient: George Williamson; John McDonald) | | Other (limited admissibility) |
| 93. | 11/19/02 | L1102-027 District's Copying of TBI's Project Records and Electronic Project Data (Author: Ane Deister / Recipient: George Williamson; John McDonald) | | Other (limited admissibility) |
| 94. | 11/28/02 | Email re Status of engineering solutions (Author: Chris Mueller / Recipient: John McDonald) | | Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 95. | 11/30/02 | 2066069 re Ippolito Email of 11/26/02 Requesting Postponement of Scanning and Copying (Author: Michael Barnes / Recipient: Peter Ippolito) | | |
| 96. | 12/04/02 | Figure 1 Mill Bull Tunnel Profile Vertical Survey (Author URS) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time |

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | | | (FRE 403); Other (limited admissibility) |
| 97. | 12/06/06 | Letter Re: Hydraulic Analysis Boundary Condition of Downstream Flume set to 4.5 feet deep (Author: Thomas McDonald / Recipient Scott Shewbridge) | | Prejudice, Confusion, Waste of Time (FRE 403); Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 98. | 12/06/06 | Figure 1 Mill Bull Tunnel Profile Vertical Survey (Author URS) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Other (limited admissibility) |
| 99. | 12/30/02 | Siphon Concept Profile (Author URS) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Other (limited admissibility) |
| 100. | 12/30/02 | Plan and Profile As-Built Flowline of Tunnel (Author: Bestor Engineers) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); |
| 101. | 01/09/03 | FM0103-129 Conditional Notice to Complete Design of Bull Portal Diversion Structure (Author: Scott Shewbridge / Recipient: John McDonald) | | Other (limited admissibility) |
| 102. | 01/13/03 | TA-010 Response to El Dorado Irrigation District Letter FM 0103-129 On Conditional Notice to Complete Design (Author: John McDonald / Recipient John Ane Deister) | | |
| 103. | 01/14/03 | TB0103-181 Re: TBI Failure to Plan and Schedule Remedial Repairs and Contract Completion (Author: Thomas Erdman / | | Other (limited admissibility) |

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | Recipient: John McDonald) | | |
| 104. | 01/21/03 | 2064108 re Request for Date to Copy TBI's Electronic Project Records (Author: Michael Barnes / Recipient: Peter Ippolito; Ted Drcar) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Prejudice, Confusion, Waste of Time (FRE 403); Other (limited admissibility) |
| 105. | 02/03/03 | TB0203-189 Traylor Bros., Inc Outstanding Submittals List (Author: Thomas Erdman / Recipient: Greg Cangelosi) | | Other (limited admissibility) |
| 106. | 02/06/03 | L1003-013 Bull Portal Diversion Structure Partial Release of Stop Work Order ref EID L1002-009, dated Oct. 25, 2003 (Author: Scott Shewbridge / Recipient: John McDonald) | | Other (limited admissibility) |
| 107. | 02/06/03 | Email re Siphon Pipe (Author: Marshall McLeod / Recipient: John) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.); Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 108. | 02/08/03 | #9905-315: Diversion Structure Drawings (Author: Greg Cangelosi / Recipient Tom Erdman) | | |
| 109. | 02/13/03 | TB0203-200 Mill to Bull Tunnel FERC Project 184. Bull Portal Diversion Structure—TBI Submittal 9905-327 Concrete Mix Design (Author: Thomas Erdman / Recipient: Greg Cangelosi) | | Other (limited admissibility) |
| 110. | 02/14/03 | TB0203-203 Mill to Bull Tunnel FERC Project 184. Bull Portal Diversion Structure—TBI Submittal 9905-322 & 328 Pump Power Cable (Author: Thomas Erdman / Recipient: Greg Cangelosi) | | Other (limited admissibility) |
| 111. | 02/17/03 | TB0203-205Bull Portal Diversion Structure - Traylor Bros., Inc Submittal | | Other (limited admissibility) |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | 9905-331 Tunnel Dewatering Pumps 4" BS2102.041;MT. 5.8Pm 1/230/60 - 3500 RPM (Author: Thomas Erdman / Recipient: Greg Cangelosi) | | |
| 112. | 02/17/03 | TB0203-204 Mill to Bull Tunnel FERC Project 184. Bull Portal Diversion Structure—TBI Submittal 9905-325- & 330 HDPE Siphon Pipe & Hanger Spacing data. (Author: Thomas Erdman / Recipient: Greg Cangelosi) | | Other (limited admissibility) |
| 113. | 03/06/03 | M0303-033 Mill-Bull Tunnel Work Release of Stop Work Order ref EID L1002-009 dated Oct. 25, 2002 Defective Work Stop Work Order (Author: Ane Deister/ Recipient: Greg Cangelosi) | | Other (limited admissibility) |
| 114. | 03/14/03 | TB0303-223 Mill to Bull Tunnel FERC Project #184. Teck-90 Power Camp 2 to Bull Diversion Structure. (Author: Thomas Erdman / Recipient: Greg Cangelosi) | | Other (limited admissibility) |
| 115. | 03/25/03 | 9905-235 Tunnel Entry Protection Response to Traylor Bros., Inc.'s letter 9905-358 of 03/25/2003 (Author: Thomas Erdman / Recipient: Greg Cangelosi) | | Other (limited admissibility) |
| 116. | 03/25/03 | 9905-358 Tunnel Entry Protection (Author: Greg Cangelosi / Recipient: Thomas Erdman) | | Other (limited admissibility) |
| 117. | 03/29/03 | Fax re Mill Bull TBM Questions /oil leakage (marked Exhibit 33 to McDonald depo) (Author: John McDonald / Recipient: Dan Nowak) | | |
| 118. | 04/23/03 | Email re Question /oil leakage (marked Exhibit 34 | | Authentication/Insufficient Foundation (FRE 602, |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | to McDonald depo) (Author: Chris Mueller / Recipient: John McDonald) | | 901 et seq.; Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 119. | 04/30/03 | TB0403-268 Response to Traylor Bros., Inc. Letter 9905-381 Flooding in El Dorado Tunnel (Author: Thomas Erdman / Recipient: Greg Cangelosi) | | Other (limited admissibility) |
| 120. | 04/30/03 | 9905-387 MBT System Startup Test Procedures/ URS Corp. letter for initial Test Procedures (Author: Greg Cangelosi / Recipient: Thomas Erdman) | | |
| 121. | 05/21/03 | 9905-413 Tunnel Entry Protection (Author: Greg Cangelosi / Recipient: Thomas Erdman) | | |
| 122. | 05/28/03 | L1003-075 EID Tunnel Diversion Wall Release of Stop Work Order (Author: Thomas Cumpston / Recipient: John McDonald) | | Other (limited admissibility) |
| 123. | 05/28/03 | TB0503-299 Tunnel Entry Protection Letter (Author: Thomas Erdman / Recipient: Greg Cangelosi) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Prejudice, Confusion, Waste of Time (FRE 403); Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 124. | 05/29/03 | 9905-421 Tunnel Entry Protection (Author: Greg Cangelosi / Recipient: Thomas Erdman) | | Other (limited admissibility) |
| 125. | 05/31/03 | TB0503-302 Tunnel Entry Protection (Author: Thomas Erdman / Recipient: Greg Cangelosi) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Prejudice, Confusion, Waste of Time (FRE 403); Inadmissible Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 126. | 05/31/03 | 9905-425 Tunnel Entry | | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | Protection (Author: Greg Cangelosi / Recipient: Thomas Erdman) | | |
| 127. | 06/09/03 | TB0603-311 Traylor Bros., Inc Diversion Structure and Tunnel Dewatering Problems (Author: Thomas Erdman / Recipient: Greg Cangelosi) | | Inadmissible Opinion (FRE 701 et seq.); Other (limited admissibility) |
| 128. | 06/09/03 | GSP0306-1933 Claim No. 1237 Notice of Denial of Claim (Author: Richard Spangler / Recipient: Peter Ippolito) | | Other (limited admissibility) |
| 129. | 06/16/03 | 9905-437 EDT Cleanup (Author: Greg Cangelosi / Recipient: Thomas Erdman) | | |
| 130. | 06/23/03 | TB0603-315 Tunnel Entry Protection Response to TBI Letter 9905-443 (Author: Thomas Erdman / Recipient: Greg Cangelosi) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Prejudice, Confusion, Waste of Time (FRE 403); Inadmissible Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 131. | 06/25/03 | 9905-436 Abandonment Plan (Author: Thomas Erdman / Recipient: Kathy Hardy) | | |
| 132. | 06/25/03 | L1003-099  MBT and EDT Performance Test (Author: Mark Korkowski / Greg Cangelosi) | | Other (limited admissibility) |
| 133. | 06/25/03 | Response to El Dorado Irrigation District Letter L1003-099 /re completing obligations (Author: Greg Cangelosi / Recipient: Mark Korkowski) | | |
| 134. | 06/27/03 | L1003-100 MBT/EDT Full Performance Testing (Author: Mark Korkowski / Recipient: Greg Cangelosi) | | Other (limited admissibility) |
| 135. | 08/11/03 | Email re Breaker Size (Author: Shabah Khalsa / | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible |

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | Recipient: Chris Mueller) | | Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 136. | 10/09/02 | TB1002-142 TBI Responsibility for Final Clean-up of the El Dorado Tunnel.  Response to TBI Letter 9905-249 (marked Exhibit 26 to McDonald depo) (Author: Thomas Erdman / Recipient: John McDonald) | | Other (limited admissibility) |
| 137. | 11/06/02 | M1102-183 Final to Clean Up Sedimentation Pond / El Dorado Tunnel (Author: Ane Deister / Recipient: George Williamson; John McDonald) | | Other (limited admissibility) |
| 138. | 01/21/03 | Email re Contaminated Spoil Disposal at Mill-Bull Tunnel (Author: John McDonald / Recipient: Kurt Kroner) | | |
| 139. | 01/22/03 | Fax Submittal #295 Attachment: Parson Letter, 01/20/03 re Disposal of Contaminated Non-Hazardous Soil from Mill to Bull Tunnel Project from Kurt Kroner to John McDonald (Author: Greg Cangelosi / Recipient: Thomas Erdman) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 140. | 02/04/03 | Generator Waste Profile Sheet (Author: Allied Waste / Recipient Greg Cangelosi) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 141. | 04/01/03 | Record Drawings (prepared by URS) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Other (limited admissibility) |
| 142. | 04/14/03 | 9905-371 Completion of Sed Pond (Author: Greg Cangelosi / Recipient: Thomas Erdman) | | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 143. | 04/15/03 | TB0403-255 Ltr re Sedimentation Pond Sediment Capping with Concrete (Author: Thomas Erdman / Recipient: Greg Cangelosi) | | Other (limited admissibility) |
| 144. | 04/16/03 | L1003-44 Damages Resulting from Traylor Bros., Inc's Ongoing Failure to Diligently Prosecute Sedimentation Pond Clean Up (Author: Scott Shewbridge / Recipient: George Williamson) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Prejudice, Confusion, Waste of Time (FRE 403); Inadmissible Opinion (FRE 701 et seq.); Best Evidence (FRE 1001 et seq.); Other (limited admissibility) |
| 145. | 04/16/03 | TB0403-256 Sedimentation Pond Sediment Cleanup (Author: Thomas Erdman / Recipient: John McDonald) | | Other (limited admissibility) |
| 146. | 04/16/03 | L103-043: 7 day Notice to Prosecute Sedimentation Pond Clean Up (Author: Scott Shewbridge / Recipient: George Williamson; John McDonald) | | Other (limited admissibility) |
| 147. | 04/17/03 | 9905-376 Completion of Sed Pond (Author: Greg Cangelosi / Recipient: Thomas Erdman) | | |
| 148. | 04/21/03 | TB0403-259 Engineer's Decision re Concrete Capping Sed Pond Contaminated Sediment (Author: Thomas Erdman / Recipient: Greg Cangelosi) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.); Best Evidence (FRE 1001 et seq.); Other (limited admissibility) |
| 149. | 04/25/03 | L1003-055 Notice of District Corrective Action re Traylor Bros., Inc. Failure to Clean Up Sedimentation Pond / El Dorado Tunnel Pursuant to the Contract Documents (Author: Scott Shewbridge / Recipient: George Williamson; John McDonald) | | Other (limited admissibility) |

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 150. | 07/02/03 | 9905-447 Substantial Completion (Author: Greg Cangelosi / Recipient: Thomas Erdman) | | |
| 151. | 07/03/03 | TB0703-320 Traylor Bros., Inc Request for Certificate of Substantial Completion (Author: Thomas Erdman / Recipient: Greg Cangelosi) | | Other (limited admissibility) |
| 152. | 07/03/03 | 9905-448 MBT Performance Test (Author: Greg Cangelosi / Recipient: Thomas Erdman) | | |
| 153. | 07/11/03 | TB0703-322 MBT Performance Test Correspondence (Author: Thomas Erdman / Recipient: Greg Cangelosi) | | Other (limited admissibility) |
| 154. | 07/11/03 | 9905-451 Response to Letter TB0703-322 Performance test (Author: Greg Cangelosi / Recipient: Thomas Erdman) | | Other (limited admissibility) |
| 155. | 07/11/03 | TB0703-323 Electrical/Mechanical Installations Preliminary Inspection Report (Author: Thomas Erdman / Recipient: Greg Cangelosi) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 156. | 07/14/03 | 9905-452 Project Completion (Author: Greg Cangelosi / Recipient: Thomas Erdman) | | |
| 157. | 07/17/03 | Response to El Dorado Irrigation District Letter L1003-115 /re intent to terminate (Author: John McDonald / Recipient: Thomas Erdman) | | |
| 158. | 07/17/03 | L1003-115 7-Day Notice of Default Termination of Contractor's Right to Proceed with Work (Author: Thomas Cumpston / Recipient: George Williamson; John | | Other (limited admissibility) |

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | McDonald; Michael Traylor) | | |
| 159. | 07/17/03 | L1003-116 re July 16, 2003 EID's Notification to TBI of EID's Termination of Right to Proceed  (Author: Thomas Cumpston / Recipient: George Williamson; John McDonald; Michael Traylor) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Best Evidence (FRE 1001 et seq.); Other (limited admissibility) |
| 160. | 07/18/03 | 9905-453 Request for Engineer's Decision, (Author: John McDonald / Recipient: Thomas Erdman) | | |
| 161. | 07/21/03 | TB0703-326 District's Termination of Contract Agreement (Author: Thomas Erdman / Recipient: John McDonald) | | Other (limited admissibility) |
| 162. | 08/12/03 | L1003-149 Extension of Effective Date of Termination of Traylor Bros., Inc's Right to Proceed (Author: Thomas Cumpston / Recipient: George Williamson ) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Other (limited admissibility) |
| 163. | 08/22/03 | L1003-163 Letter to Traveler's and Traylor Bros. re: Notification of TBI's default and termination (Author: Thomas Cumpston / Recipient: Douglas Annakin) | | Other (limited admissibility) |
| 164. | 09/08/03 | 9905-462 Response to El Dorado Irrigation District Letter L1003-163 re unaware of pending obligations (Author: John McDonald / Recipient: Thomas Erdman) | | |
| 165. | 09/25/03 | L1003-188 El Dorado Irrigation District Response to McKenna's August 8 and August 14, 2003 Letters / Purported Amendment to TBI's denied Claim No. | | Other (limited admissibility) |

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

- 19 -

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | 1237 (Author: Thomas Cumpston / Recipient: Peter Ippolito) | | |
| 166. | 10/30/03 | FML1003-525: Extension of Effective Date of Termination of Traylor Bros., Inc's Right to Proceed (Author: David Powell / Recipient: George Williamson) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Inadmissible Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.); Best Evidence (FRE 1001 et seq.); Other (limited admissibility) |
| 167. | 12/11/03 | L1003-229 Request for Traylor Bros., Inc's Confirmation of Dewatering and Related Testing (marked Exhibit 57 to Powell depo) (Author: Ane Deister / Recipient: George Williamson) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Best Evidence (FRE 1001 et seq.); Other (limited admissibility) |
| 168. | 12/14/03 | L1003-229: Response to El Dorado Irrigation District Letter L1103-229; Request for Confirmation of Traylor Bros., Inc's Willingness to Participate in Dewatering and Related Testing (Author John McDonald / Recipient: Ane Deister) | | |
| 169. | 12/29/03 | TB0703-355: District's Termination of Contract Agreement ref: El Dorado Irrigation District letter L1003-229 of 12/11/03, District's Request for Confirmation of Traylor Bros., Inc's Willingness to perform Dewatering, water-up and testing of Mill-Bull Tunnel, Traylor Bros., Inc letter of 12/14/03- Traylor Bros., Inc's refusal to perform dewatering, water-up, and testing of Mill-bull Tunnel and remedial structures.(Author: David Rogers / Recipient: John | | Best Evidence (FRE 1001 et seq.); Other (limited admissibility) |

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | Mcdonald) | | |
| 170. | 01/05/04 | L9905-466: Response to Letter TB0703-355 re Disagreement with decision rendered (Author: John McDonald / Recipient: David Rogers) | | |
| 171. | 01/07/04 | L1004-003: Notice of Default Termination of Traylor Bros., Inc's right to proceed with work (marked Exhibit 19 to Korkowski depo) (Author: Thomas Cumpston / Recipient: George Williamson) | | Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 172. | 01/22/04 | TB0104-356: District's Termination of Contract Agreement (Author: David Rogers / Recipient: John Mcdonald) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.); Best Evidence (FRE 1001 et seq.); Other (limited admissibility) |
| 173. | 01/28/04 | Response to TB 0104-356 re Incorrect and incomplete statements of fact (Author: John McDonald / Recipient: David Rogers) | | |
| 174. | 02/05/04 | Dynamic Flume Testing & Tunnel Observations - Mill to Bull Creek Tunnel - El Dorado County, California, El Dorado Irrigation District (Author: EID) | | Other (limited admissibility) |
| 175. | 02/24/04 | Operating Water Surface Elevations (Author: Mark S. Martin of Owen Engineering / Recipient: David Rogers) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.); Best Evidence (FRE 1001 et seq.); Other (limited admissibility) |
| 176. | 03/31/04 | Amended 7-Day Notice of Default Termination of Traylor Bros., Inc's Right to Proceed with Work (Author: Michael Barnes / Recipient: | | Hearsay (FRE 801 et seq.); Other (limited admissibility) |

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | Douglas Annakin; George Williamson; Pam Ebert) | | |
| 177. | 06/24/04 | Re: Judge Karlton dissolved temporary restraining order (Author: Mark Budwig / Recipient: Michael Barnes; Mark Stump) | | |
| 178. | 06/30/04 | L1004-120: Request for Engineer's Decision Pursuant per Sect. 9.06 of the Special Provisions.(Author: David Powell / Recipient: David Rogers) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.); Best Evidence (FRE 1001 et seq.); Other (limited admissibility) |
| 179. | 07/15/04 | Re: Ane Diester Letter of July 6, 2004 and Request that EID Reconsider TBI Offer. (Author: Mark Budwig / Recipient: Michael Barnes; Mark Stump) | | |
| 180. | 08/04/04 | L1004-145: Spillway 20 Project Bid Summary Sheet (Author: Thomas Cumpston / Recipient: Mark Budwig) | | Other (limited admissibility) |
| 181. | 10/19/04 | L1004-189: Response to October 14, 2004 letter, Impacts of TBI's defective tunnel (Author: Thomas Cumpston / Recipient: Mark Budwig) | | Other (limited admissibility) |
| 182. | 08/22/05 | Declaration of George Mitteer In Support of Traylor Bros., Inc.'s Opposition to El Dorado Irrigation District's Cross-Motion for Partial Summary Judgment and in Support of Reply to Opposition to Motion for Partial Summary Judgment of False Claims Act and Fraud Causes of Action (Author: Mitteer) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); |
| 183. | Undated | PG&E Photo (painting of system) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Other (wrong |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

Case 2:03-cv-00949-LKK-GGH Document 454 Filed 07/19/2006 Page 24 of 193

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | | | exhibit?) |
| 184. | Undated | Flume Destroyed by Landslide 1997 Photo (page 21) | | Other (wrong exhibit?) |
| 185. | Undated | Mill-to-Bull Tunnel Entry Photo (page 29) | | Other (wrong exhibit?) |
| 186. | Undated | TBM Photo | | Prejudice, Confusion, Waste of Time (FRE 403); Other (wrong exhibit?) |
| 187. | Undated | Plant Power Photo (page 18) | | Other (wrong exhibit?) |
| 188. | Undated | Mountain Photo (page 2) | | Other (wrong exhibit?) |
| 189. | 11/02/00 | Price Geographic Map Photo | | Other (wrong exhibit?) |
| 190. | Undated | Final Construction Report | | |
| 191. | Undated | PHOTO/ Consumptive Water System Pipe Support Before Corrective Work | | |
| 192. | Undated | PHOTO/ Consumptive Water System Pipe Support Before Corrective Work | | |
| 193. | Undated | PHOTO/ Consumptive Water System Chain Bolt Pipe Support Before Corrective Work | | |
| 194. | Undated | PHOTO/ Consumptive Water System Chain Bolt Pipe Support Before Corrective Work | | |
| 195. | Undated | PHOTO/ Consumptive Water System Pipe Transition to Ground Level After Corrective Work | | |
| 196. | Undated | PHOTO/ Consumptive Water System Pipe Bend Restrained After Corrective Work | | |
| 197. | Undated | PHOTO/ Consumptive Water System Chain Couplings Replacing Bolts | | |
| 198. | Undated | PHOTO/ Consumptive Water System Chain | | |

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

- 23 -

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | Couplings Replacing Bolts | | |
| 199. | Undated | PHOTO/ Decant Slab Installation of Drainage Sump/Grate<br>MWH 012402-22 | | |
| 200. | Undated | PHOTO/ Wet Tunnel Spoils Dumped on Steel Chute at Spoils Area<br>MWH 012402-01 | | |
| 200. B | Undated | PHOTO/ Wet Tunnel Spoils Dumped on Steel Chute at Spoils Area | | |
| 201. | Undated | PHOTO/ Wet Tunnel Spoils Dumped on Steel Chute at Spoils Area | | |
| 202. | Undated | PHOTO/ Spoils Stockpile Area Under Construction | | |
| 203. | Undated | PHOTO/ Spoils Stockpile Area Under Construction | | |
| 204. | Undated | PHOTO/ Spoils Stockpile Area Under Construction | | |
| 205. | Undated | PHOTO/ Laser Mounted on Tunnel Crown<br>MWH 1206011-11 | | |
| 206. | Undated | PHOTO/ Instrument panel on TBM<br>MWH 121301-09 | | |
| 207. | Undated | PHOTO/ Cockpit and control panel on TBM<br>MWH 121301-10 | | |
| 208. | Undated | PHOTO/ Looking down tunnel (toward TBM)<br>MWH 041302-11 | | |
| 209. | 05/04/02 | PHOTO/ Mining Work looking down tunnel<br>MWH 050402-19 | | |
| 210. | 05/04/02 | PHOTO/ End of TBM Trailing Gear/Fan line<br>MWH 050402-17 | | |
| 211. | Undated | PHOTO/ "California Switch" in Tunnel | | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

- 24 -

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | MWH 051802-10 | | |
| 212. | Undated | PHOTO/ Locomotive and Operator at California Switch<br><br>MWH 052802-38 | | |
| 213. | 08/09/02 | PHOTO/ Tunnel Wall at Station 61+100<br><br>MWH 080902-11 | | |
| 214. | 08/01/02 | PHOTO/ Looking up tunnel (toward El Dorado Tunnel) at Station 81+70<br><br>MWH 080102-24 | | |
| 215. | Undated | PHOTO/ / Looking up tunnel at Station 80+__<br><br>MWH 072502-19 | | |
| 216. | Undated | PHOTO/ / Looking down tunnel at Station 77+00<br><br>MWH 072002-36 | | |
| 217. | Undated | PHOTO/ / Looking down tunnel at Station 55+10<br><br>MWH 062902-16 | | |
| 218. | Undated | PHOTO/ / Looking up tunnel at Station 56+00<br><br>MWH 062902-13 | | |
| 219. | 05/07/02 | PHOTO/ Water and Sump Pump near TBM trailing gear<br><br>MWH 050702-20 | | |
| 220. | Undated | PHOTO/Looking up tunnel at Laser Beam<br><br>MWH 040402-17 | | |
| 221. | 09/02 | PHOTO/ Hole Through – Where the tunnel should have ended in relation to existing flume | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Prejudice, Confusion, Waste of Time (FRE 403); Inadmissible Opinion (FRE 701 et seq.); Best Evidence (FRE 1001 et seq.); |
| 222. | 09/21/02 | PHOTO/ Hole Through – TBM penetrating rock face | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Prejudice, |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | | | Confusion, Waste of Time (FRE 403); Inadmissible Opinion (FRE 701 et seq.); Best Evidence (FRE 1001 et seq.); |
| 223. | 09/21/02 | PHOTO/ Hole Through Area Showing Original (orange) and new (purple) exit points (Ex. 223 a-c) | | Other (commingled) |
| 223.A | 09/02 | Hole Through Video | | Prejudice, Confusion, Waste of Time (FRE 403); |
| 224. | 01/28/03 | PHOTO/ Sed Pond Work- Bobcat driving in sediment | | |
| 225. | 01/29/03 | PHOTO/ Sed Pond Work- invert of El Dorado Tunnel | | |
| 226. | 01/29/03 | PHOTO/ Sed Pond Work- sediment in sed pond | | |
| 227. | 01/29/03 | PHOTO/ Sed Pond Work- sediment in sed pond | | |
| 228. | Undated | PHOTO/ Sed Pond Work- bobcat driving in sed pond | | |
| 229. | Undated | PHOTO/ Sed Pond Work- sediment in sed pond | | |
| 230. | Undated | PHOTO/ Sed Pond Work- sediment in sed pond | | |
| 231. | 01/28/03 | PHOTO/ Sed Pond Work- sed pond muck in muck car | | |
| 232. | 01/28/03 | PHOTO/ Sed Pond Work- sed pond muck in muck car | | |
| 233. | 06/10/03 | PHOTO/ Sed Pond Work- diversion wall in El Dorado Tunnel | | |
| 234. | 03/03/03 | PHOTO/ Sed Pond Work- sed pond muck stockpiled at Alder Creek yard | | |
| 235. | Undated | PHOTO/ Sed Pond Work- barrels for sed pond muck | | |
| 236. | 01/04 | PHOTO/Diversion Structure connected to flume | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Prejudice, Confusion, Waste of Time (FRE 403); Inadmissible Opinion (FRE 701 et |

McKenna Long & Aldridge LLP Attorneys At Law San Diego
1906-001\2139189.2
CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | | | seq.); Best Evidence (FRE 1001 et seq.); |
| 237. | 01/04 | PHOTO/Diversion Structure Work – Intake for dewatering pump at tunnel low point (Ex. 237 a-b) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Prejudice, Confusion, Waste of Time (FRE 403); Inadmissible Opinion (FRE 701 et seq.); Best Evidence (FRE 1001 et seq.); |
| 238. | Undated | PHOTO/Diversion Structure from inside of Tunnel – DSCF01050, DSCF01060, DSCF01070, DSCF0106, DSCF0107 & DSCF0108 (Ex. 238 a-f) | | Other (commingled) |
| 239. | Undated | PHOTO/Diversion Structure from inside of Tunnel – DSCF01080, DSCF0109 & Diversion Structure connected to flumeDSCF0110 (Ex. 239 a-c) | | Other (commingled) |
| 240. | 03/04/03 & 03/07/03 | PHOTO/Diversion Structure Work – Laying cable adjacent to canal & Wood flume connection to diversion structure at Bull Creek Portal (Ex. 240 a-b) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Prejudice, Confusion, Waste of Time (FRE 403); Inadmissible Opinion (FRE 701 et seq.); Best Evidence (FRE 1001 et seq.); |
| 241. | 01/12/04 | PHOTO/ EID employees in frazil ice deposit | | Other (commingled) |
| 242. | 01/04 | PHOTO/ EID employee in frazil ice deposit Ice Event | | Other (commingled) |
| 243. | 01/12/04 | PHOTO/ EID employees in frazil ice deposit      000 0006 & 000 0007     (Ex. 243 a-b) | | Other (commingled) |
| 244. | 01/04 | PHOTO/ EID employees in frazil ice deposit 000 0011, Approaching frazil ice deposit in Tunnel DSCF00770, DSCF00780, DSCF0077, DSCF0078 & DSCF0080 (Ex. 244 a-f) | | Other (commingled) |

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 245. | 01/04 | PHOTO/ Approaching frazil ice deposit in Tunnel DSCF00820, DSCF00850, DSCF00870, DSCF0085, DSCF0087; TBI employee in frazil ice deposit DSCF0088 (Ex. 245 a-f) | | Other (commingled) |
| 246. | 01/04 | PHOTO/ TBI employees in frazil ice deposit DSCF00880, DSCF0092 & DSCF00920; Frazil ice deposit DSCF00900, DSCF0090, DSCF0091 (Ex. 246 a-f) | | Other (commingled) |
| 246 A | | Ice Event Video | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Prejudice, Confusion, Waste of Time (FRE 403); |
| 247. | | Summary of Amounts Paid by El Dorado Irrigation District for Work to Address TBI Breaches of Contract (FRE 1006) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Best Evidence (FRE 1001 et seq.); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list); |
| 248. | 05/26/04 | El Dorado Irrigation District Project 184 Measured Water Surface Profiles (Author: Brad Hall) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Best Evidence (FRE 1001 et seq.); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list); |
| 249. | 11/14/05 | Draft: Sediment Sampling and Particle Size Analyses, October 2005 (Author: David Jermstad) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Best Evidence (FRE 1001 et seq.); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list) |
| 250. | 12/17/03 | Mill to Bull Tunnel Dewatering and | | Authentication/Insufficient Foundation (FRE 602, |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | Observations (Author: David K. Rogers) | | 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 251. | 12/03/04 | L1004086: Mill to Bull Tunnel Observations (Author: David Rogers) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 252. | 12/03/04 | Tunnel Observations - El Dorado County, California, El Dorado Irrigation District (Author: EID) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 253. | | Report with Supporting Exhibits (Author: Gary Buzby) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list) |
| 254. | 09/01/05 | Evaluation of Ice Problems in the Mill to Bull Tunnel with Supporting Exhibits (Author: George Ashton) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.); Other (cummulative) |
| 255. | 09/22/05 | Review and Comments to Dr. Ettema's "Ice Concerns Associated with Mill-Bull Tunnel", 9/8/05 with Supporting Exhibits (Author: George Ashton) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list); Other (cummulative) |
| 256. | 08/31/05 | Expert Report with Supporting Exhibits | | Authentication/Insufficient Foundation (FRE 602, |

McKenna Long & Aldridge LLP
Attorneys at Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | (Author: Jack Harris) | | 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Inadmissible Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.) |
| 257. | 08/31/05 | Audit of costs and revenues, guaranteed maximum price Contract and calculations. (Author: Jack Harris) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Inadmissible Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.) |
| 258. | 11/14/04 | Review of URS Corp. "Mill-Bull Tunnel - Sediment Accumulation", 9/14/04, with Supporting Exhibits (Author: John Cassidy) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Other (cumulative) |
| 259. | 11/22/04 | Review and Comments to Dr. Ettema's "Ice Concerns Associated with Mill-Bull Tunnel", 9/17/04 with Supporting Exhibits (Author: John Cassidy) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Other (cumulative) |
| 260. | 06/23/05 | Analysis of Hydraulics of the Mill-Bull Tunnel with Supporting Exhibits (Author: John Cassidy | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Relevancy (FRE 402) |
| 261. | 09/01/05 | Analysis of Hydraulics of the Mill-Bull Tunnel with Supporting Exhibits (Author: John Cassidy | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Inadmissible Opinion (FRE 701 et seq.) |
| 262. | 06/09/05 | PRELIMINARY Presentation of Preliminary Remedial Tunnel Options for Mill-Bull Tunnel with Supporting Exhibits (Author: Lyman Henn) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Inadmissible Opinion (FRE 701 et seq.) |
| 263. | 08/30/05 | Presentation of Preliminary Remedial Tunnel Options | | Authentication/Insufficient Foundation (FRE 602, |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1, 3] |
|---|---|---|---|---|
| | | for Mill-Bull Tunnel with Supporting Exhibits (Author: Lyman Henn) | | 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Inadmissible Opinion (FRE 701 et seq.) |
| 264. | 09/23/05 | Rebuttal of Management Counseling Report with Supporting Exhibits (Author: Patricia Galloway) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list) |
| 265. | 08/31/05 | Expert Report with Supporting Exhibits (Author: Patricia Galloway) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Prejudice, Confusion, Waste of Time (FRE 403); Inadmissible Opinion (FRE 701 et seq.); Other (cumulative). |
| 266. | 10/20/04 | URS Corp. Alternative Design (Author: Webster J. Owen) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list). |
| 267. | 10/24/05 | Expert Report with Supporting Exhibits(Author: Webster J. Owen) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list). |
| 268. | | Summary of Payment Applications (FRE 1006) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Inadmissible Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list). |
| 269. | 03/00/99 | Payment Application March 99 (Author: TBI) | | |

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 270. | 04/00/99 | Payment Application April 99 (Author: TBI) | | |
| 271. | 08/00/99 | Payment Request August 99 (Author: TBI) | | |
| 272. | 09/00/99 | Payment Request September 99 (Author: TBI) | | |
| 273. | 10/00/99 | Payment Request October 99 (Author: TBI) | | |
| 274. | 12/00/99 | Payment Request December 99 (Author: TBI) | | |
| 275. | 01/00/00 | Payment Request January 2000 (Author: TBI) | | |
| 276. | 02/00/00 | Payment Request February 2000 (Author: TBI) | | |
| 277. | 03/00/00 | Payment Request March 2000 (Author: TBI) | | |
| 278. | 05/00/00 | Payment Request May 2000 (Author: TBI) | | |
| 279. | 06/00/00 | Payment Request June 2000 (Author: TBI) | | |
| 280. | 07/00/00 | Payment Request July 2000 (Author: TBI) | | |
| 281. | 08/00/00 | Payment Request August 2000 (Author: TBI) | | |
| 282. | 09/00/00 | Payment Request September 2000 (Author: TBI) | | |
| 283. | 10/00/00 | Payment Request October 2000 (Author: TBI) | | |
| 284. | 11/00/00 | Payment Request November 2000 (Author: TBI) | | |
| 285. | 12/00/00 | Payment Request December 2000 (Author: TBI) | | |
| 286. | 01/00/01 | Payment Request January 2001 (Author: TBI) | | |
| 287. | 02/00/01 | Payment Request February 2001 (Author: TBI) | | |
| 288. | 03/00/01 | Payment Request March 2001 (Author: TBI) | | |
| 289. | 04/00/01 | Payment Request April 2001 (Author: TBI) | | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 290. | 05/00/01 | Payment Request May 2001 (Author: TBI) | | |
| 291. | 06/00/01 | Payment Request June 2001 (Author: TBI) | | |
| 292. | 07/00/01 | Payment Request July 2001 (Author: TBI) | | |
| 293. | 08/00/01 | Payment Request August 2001 (Author: TBI) | | |
| 294. | 09/00/01 | Payment Request September 2001 (Author: TBI) | | |
| 295. | 10/00/01 | Payment Request October 2001 (Author: TBI) | | |
| 296. | 11/00/01 | Payment Request November 2001 (Author: TBI) | | |
| 297. | 01/00/02 | Payment Request January 2002 (Author: TBI) | | |
| 298. | 02/00/02 | Payment Request February 2002 (Author: TBI) | | |
| 299. | 03/00/02 | Payment Request March 2002 (Author: TBI) | | |
| 300. | 04/00/02 | Payment Request April 2002 (Author: TBI) | | |
| 301. | 05/00/02 | Payment Request May 2002 (Author: TBI) | | |
| 302. | 06/00/02 | Payment Request June 2002 (Author: TBI) | | |
| 303. | 07/00/02 | Payment Request July 2002 (Author: TBI) | | |
| 304. | 08/00/02 | Payment Request August 2002 (Author: TBI) | | |
| 305. | 09/00/02 | Payment Request September 2002 (Author: TBI) | | |
| 306. | 10/00/02 | Payment Request October 2002 (Author: TBI) | | |
| 307. | 02/00/03 | Payment Request February 2003 (Author: TBI) | | |
| 308. | 05/00/03 | Payment Request May 2003 (Author: TBI) | | |
| 309. | 08/00/03 | Final Payment Request (Author: TBI) | | |

McKenna Long &
Aldridge LLP
ATTORNEYS AT LAW
SAN DIEGO

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 310. | 03/07/01 | Conformed Agenda/Minutes (EID resumes the right to produce similar minutes for any other "disputed" change order. (Author: EID BOD) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.); Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 311. | 06/27/01 – 07/18/03 | Weekly Construction Meetings No. 1-107 (Author: MWH) | | Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 312. | 06/28/02 | Mill-Bull Tunnel Minutes of Meeting (Author: Thomas Erdman) | | Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 313. | 08/02/02 | Mill-Bull Tunnel Minutes of Meeting (Author: Thomas Erdman | | Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 314. | 08/03/02 | John McDonald  8/3/02 - 1/9/03 TBIJM 000382-000772 (Author: John McDonald) | | |
| 315. | 01/06/03 | John McDonald 1/6/02 - 7/4/03 TBIJM 000773-001143 | | |
| 316. | 01/25/02 | John McDonald 1/25/02 - 8/2/02 TBIJM 000001-000381(Author: John McDonald) | | |
| 317. | 10/11/01 | Bert Dore 10/11/01 - 2/10/03 EID26 12439-12510 (Author: Bert Dore) | | |
| 318. | 7/01/01- 04/01/03 | El Dorado Irrigation District's QCIP Reports July 2001 – August 2003 (Author EID) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Prejudice, Confusion, Waste of Time (FRE 403); Inadmissible Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 319. | 10/01/01 – 12/01/03 | Camp5 Hydro Scada Readings (10/1/01 - 9/30/02) Camp5 Hydro Scada Set Points (10/01 - 6/04) Camp5 Hydro Scada Readings Alarms 5 and 10 (12/03-10/05) (Author EID) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list) |

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 320. | 01/00/04 | Date and Time printouts for Alarm 5<br><br>Camp5 Hydro Daily Field Reports (2/4/03 -5/9/04) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list) |
| 321. | | TBM Shift Reports - 01/09/02-09/18/02 (Author: TBI) | | |
| 322. | 02/09/01– 01/27/03 a-z data dates<br><br>03/26/03- 06/23/03 aa-dd data dates | CPM Schedules on Primavera periodic updates (Author: TBI) | | |
| 323. | 07/09/01 | Montgomery Watson Harza's Construction Status Reports 7/9/01 – 07/31/03 (Author: MWH) | | Inadmissible Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 324. | 09/14/03 | Montgomery Watson Harza's Final Construction Status Report (Author: MWH) | | Inadmissible Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 325. | 09/15/03 | Final Construction Report (Author: MWH) | | Inadmissible Opinion (FRE 701 et seq.); Hearsay (FRE 801 et seq.); Other (limited admissibility) |
| 326. | 09/09/03 | Receipt Acknowledgement ((Author: Pam Ebert / Recipient: Thomas Cumpston) | | |
| 327. | 09/26/03 | L1002-185: El Dorado Irrigation District Letter to Travelers re Bond (Author: Thomas Cumpston / Recipient: Pam Ebert) | | Other (limited admissibility) |
| 328. | 06/25/04 | Copy of St. Paul Travelers letter dated 6/25/04. (Author: Ted Drcar / Recipient: Michael Barnes) | | |
| 329. | 07/13/04 | L1004-132: Balance of the | | Other (limited |

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | Agreement Price (Author: Thomas Cumpston / Recipient: Robert Niesley) | | admissibility) |
| 330. | 10/18/04 | Ltr 2092190 re Site Inspection and Observation (Author: Michael Barnes / Recipient: Ted Drcar; Bennett Lee) | | Relevancy (FRE 402); Other (limited admissibility) |
| 331. | 10/19/04 | Ltr 2092248 re Site Inspection and Observation (Author: Michael Barnes / Recipient: Ted Drcar; Bennett Lee) | | Relevancy (FRE 402); Other (limited admissibility) |
| 332. | 10/21/04 | Ltr 2092274 re Escort to Camp 5 (Author: Michael Barnes / Recipient: Ted Drcar; Bennett Lee) | | Relevancy (FRE 402); Other (limited admissibility) |
| 333. | 11/17/04 | L1004-200: Response to letter of 11/02/04 re ongoing dispute (Author: Michael Barnes / Recipient: Bennett Lee) | | Other (limited admissibility) |
| 334. | 03/11/05 | Ltr 2097124: re: Lee's 3.4.05 Ltr (Author: Eric Firstman / Recipient: Bennett Lee) | | Other (limited admissibility) |
| 335. | 03/28/05 | Ltr 2097666 re 3/18/2005 Ltr (Author: Eric Firstman / Recipient: Bennett Lee) | | Other (limited admissibility) |
| 336. | 04/18/05 | Ltr 2098424 re Travelers (Author: Eric Firstman / Recipient: Bennett Lee) | | Other (limited admissibility) |
| 337. | 10/11/05 | Ltr 2097124 re Lee's 3.4.05 Ltr (Author: Eric Firstman / Recipient: Bennett Lee) | | Other (limited admissibility) |
| 338. | 04/13/04 | Grant/Contract between CEC and El Dorado Irrigation District (Author: CA Energy Commission) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list) |
| 339. | 12/20/00 | Contract between El Dorado Irrigation District and EN2 | | Authentication/Insufficient Foundation (FRE 602, |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | Resources dated 3/31/01 and Change Orders (Author EID) | | 901 et seq.; Prejudice, Confusion, Waste of Time (FRE 403); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list); |
| 340. | 03/01/01 | Contract between El Dorado Irrigation District and MWH dated 3/31/01 and Change Orders (Author EID) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Prejudice, Confusion, Waste of Time (FRE 403); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list) |
| 341. | 06/18/01 | Contract between El Dorado Irrigation District and Carlton Engineering dated 6/18/01 and Change Orders (Author EID) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list) |
| 342. | 09/07/01 | Contract between El Dorado Irrigation District and Carlton Engineering dated 9/7/01 and Change Order (Author EID) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list) |
| 343. | 04/13/04 | Contract between El Dorado Irrigation District and Carlton Engineering Inc. dated 04/13/04 (Author EID) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list) |
| 344. | 07/06/04 | Contract between El Dorado Irrigation District and Carlton Engineering Inc. dated 07/06/04 (Author EID) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time |

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

- 37 -

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1, 3] |
|---|---|---|---|---|
| | | | | (FRE 403); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list) |
| 345. | 07/29/04 | Contract between El Dorado Irrigation District and Carlton Engineering Inc. dated 7/29/04 and Change Orders (Author EID) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list) |
| 346. | 09/20/01 | Contract between El Dorado Irrigation District and HPT-AMD dated 09/20/2001 and Change Orders (Author EID) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list) |
| 347. | 04/30/03 | Contract between El Dorado Irrigation District and Ramos Environmental Services dated 04/30/2003 and Change Order (Author EID) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list) |
| 348. | 08/05/03 | Contract between El Dorado Irrigation District and Owen Engineering dated 08/05/2003 and Change Orders (Author EID) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list) |
| 349. | 11/18/03 | Contract between El Dorado Irrigation District and Western Sierra Electric dated 11/18/2003 (Author EID) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Rule 37 |

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | | | Sanctions (not per court order or on mandatory pretrial exhibit list) |
| 350. | 06/01/04 | Contract between El Dorado Irrigation District and Golden Harvest, Inc. dated 06/01/04 (Author EID) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list) |
| 351. | 09/13/04 | Contract between El Dorado Irrigation District and Mark A. Suden Mining Construction dated 09/13/04 and Change Order (Author EID) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Inadmissible Opinion (FRE 701 et seq.); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list) |
| 352. | 09/20/04 | Contract between El Dorado Irrigation District and Cal Electro, Inc. dated 09/20/04 (Author EID) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list) |
| 353. | | Invoices and Payments by EID to Complete Construction (Back Up to FRE 1006 Summary). (375 invoices listed on EID's Rebuttal List as Proposed Secondary Evidence [Initial Exhibit #581-956]) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list) |
| 354. | | Stay Alive Poster | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Rule 37 Sanctions (not per court |

McKenna Long & Aldridge LLP
Attorneys at Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1, 3] |
|---|---|---|---|---|
| | | | | order or on mandatory pretrial exhibit list) |
| 355. | | Dave Baddger survey book (entire) | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402);  Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list) |
| 356. | | Trial Demonstratives | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list); Other (exhibits have not been provided) |
| 357. | | Opening Statement Demonstratratives | | Authentication/Insufficient Foundation (FRE 602, 901 et seq.; Relevancy (FRE 402); Prejudice, Confusion, Waste of Time (FRE 403); Rule 37 Sanctions (not per court order or on mandatory pretrial exhibit list); Other (exhibits have not been provided) |
| 358. | 4/6/04 | David Rogers Declaration. | No objection | |
| 359. | 1/18/00 | Final "Preliminary Supporting Design Report - Mill Bull Tunnel" by URS. | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/ cumulative/confusing (FRE 401, 403), Inadmissible opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.), Best Evidence (FRE 1001, et. seq.), FRE Rule 37, Parol Evidence Rule | |
| 360. | 9/15/03 | MWH "Final Construction Report" to FERC. | No objection | |

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1, 3] |
|---|---|---|---|---|
| 361. | 10/3/02 | EID "Proposed Best Management Practices for Sediment, Rock and Brush Removal from El Dorado Canal". | Authentication/completeness (FRE 106, 901, et. seq.), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.), Best Evidence (FRE 1001, et. seq.), Parol Evidence Rule | |
| 362. | 10/3/02 | TBI (Williamson) letter to EID Board of Directors dated 10/3/02. | Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.), | |
| 363. | 9/15/00 | Order No. 5-00-215 Waste Discharge Requirements by CRWQCB dated 9/15/00. | No objection | |
| 364. | 7/11/01 | TBI (Mitteer) letter to MWH (Erdman) re water treatment dispute | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.), Best Evidence (FRE 1001, et. seq.), Parol Evidence Rule | |
| 365. | 7/14/01 | MWH (Erdman) letter to TBI (Mitteer) re Recession of MWH prior letter regarding water treatment | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 366. | 7/9/01 | MWH (Erdman) letter to TBI (Mitteer) re water sedimentation pond in El Dorado Tunnel | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.), Best Evidence (FRE 1001, et. seq.) | |

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 367. | 8/1/01 | MWH "Construction Quality Control Inspection Program". | Authentication/completeness (FRE 106, 901) Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 368. | 7/10/02 | EID (Deister) email to EID, MWH (Powell, Erdman, Rogers), with series of prior emails, re tunnel survey. | Authentication/completeness (FRE 106, 901), Attorney Client/ Attorney Work Product (FRE 501) | |
| 369. | 7/15/02 | MWH (Erdman) email to EID (Shewbridge) re tunnel survey | No objection | |
| 370. | 10/14/02 | TBI (McDonald) letter to MWH (Erdman) re final clean-up | No objection | |
| 371. | 10/24/02 | EID (Cumpston) letter to TBI (Williamson, McDonald) re Change Order No. 8 and final clean-up | No objection | |
| 372. | 12/23/02 | DRB (Wilton) letter to MWH (Erdman), TBI (McDonald) re Dispute No. 3 report on sedimentation pond | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Govt. Code Section 945.4 | |
| 373. | 2/14/03 | MWH (Erdman) letter to TBI (Cangelosi) re TBI request for schedule of value information | No objection | |
| 374. | 2/17/03 | TBI (Cangelosi) letter to MWH (Erdman) re reconciling invoicing | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 375. | 2/20/03 | MWH (Erdman) letter to TBI (Cangelosi) re reconciling invoicing | No objection | |
| 376. | 3/20/03 | MWH (Erdman) letter to TBI (Cangelosi) re reconciling invoicing | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 377. | 7/11/03 | TBI (McDonald) letter to MWH (Erdman) re tunnel testing | No objection | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1, 3] |
|---|---|---|---|---|
| 378. | 7/25/03 | EID (Cumpston) letter to Korbin (DRB) re termination of DRB | Relevancy/prejudice/cumulative/confusing (FRE 401, 403)<br>Govt. Code Section 945.4 | |
| 379. | 7/25/03 | EID (Cumpston) letter to DRB Chairman (Wilton) re termination of DRB | Relevancy/prejudice/cumulative/confusing (FRE 401, 403)<br>Govt. Code Section 945.4 | |
| 380. | 10/30/03 | EID (Powell) letter to TBI (Williamson) re extension of termination | No objection | |
| 381. | 3/3/04 | FERC (Yamashita) letter to EID (Deister) re tunnel characteristics | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Hearsay (FRE 801, et. seq.) | |
| 382. | 7/29/04 | MLA (Budwig) letter to EID (Cumpston) re 7/28/04 surety meeting | Relevancy/prejudice/cumulative/confusing (FRE 401, 403)<br>Hearsay (FRE 801, et. seq.)<br>(EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 383. | 9/17/04 | MLA (Budwig) letter to EID (Cumpston) re flume overtopping problem | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Hearsay (FRE 801, et. seq.)<br>(EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 384. | 9/17/04 | MLA (Budwig) letter to EID (Cumpston) re sedimentation | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.)<br>(EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 385. | 9/17/04 | MLA (Budwig) letter to EID (Cumpston) re Spillway 20 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible | |

McKenna Long & Aldridge LLP
Attorneys at Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1, 3] |
|---|---|---|---|---|
| | | | Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 386. | 9/20/04 | MLA (Budwig) letter to EID (Cumpston) re frazil ice | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 387. | 12/14/04 | EID (Powell) fax to MLA (Budwig) re response to TBI expert reports | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 388. | 9/4/02 | EID "Canal Failure Frequency and Analysis" | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403) | |
| 389. | 3/4/03 | Conditions and Reasons for Keeping Spillways | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 390. | 3/28/03 | EID (Shewbridge) email to MWH (Erdman, Rogers), with prior email, re water flow testing | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403) | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 391. | 5/20/03 | EID (Korkowski) email to EID (Herrman, Powell), with prior emails, re 2003 Op. Plan Assumptions | Authentication/completeness (FRE 106, 901), Hearsay (FRE 801, et. seq.) | |
| 392. | 6/13/03 | EID (Korkowski) email to MWH (Erdman) re proposed entry protection structure | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.) Attorney Client/Attorney Work Product (FRE 501) (FRE 501) | |
| 393. | 7/10/03 | FERC (Yamashita) letter to EID (Deister) re proposed water-up and testing plan | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 394. | 6/23/03 | EID (Korkowski) email to MWH (Erdman); EID (Powell, Cumpston); WRCF (Barnes) re tunnel punch list to water-up | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Attorney Client/Attorney Work Product (FRE 501) (FRE 501) | |
| 395. | 7/16/03 | EID (Cumpston) letter to TBI (Williamson, M.Traylor) re notice of default termination | No objection | |
| 396. | 7/18/03 | EID (Korkowski) letter to FERC (Yamashita) re tunnel inspection comments | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 397. | 11/1/99 | Contract Agreement between EID and TBI for MBT Project | Authentication/completeness (FRE 106, 901), Best Evidence (FRE 1001, et. seq.), (Incomplete) | |
| 398. | | General Conditions (complete), Table of Contents and pp. 1-44 | Authentication/completeness (FRE 106, 901), Best Evidence (FRE 1001, et. seq.), (Incomplete) | |
| 399. | 11/3/99 | Revised Draft Special Provisions | Authentication/completeness (FRE 106, 901), Best | |

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | | Evidence (FRE 1001, et. seq.), (Incomplete) | |
| 400. | 7/2/01 | MWH (Rogers) letter to EID (Project 184 Oversight Committee) re MWH construction management services | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) (FRE 501) | |
| 401. | 5/8/02 | DRB Report, Consumptive Water Delay Claim, pp. 1-10 with Appendix A (1 page) | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) Govt. Code Section 945.4 | |
| 402. | 8/4/02 | DRB Report, Decant Facility Delay Claim, pp. 1-9 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) Govt. Code Section 945.4 | |
| 403. | 1/22/02 | EID (Perley, Shewbridge) memo to EID (Deister, Powell) re project permit compliance | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 404. | 1/29/02 | EID (Perley) letter to CRWQCB (Lockwood), with attachments | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 405. | 4/19/01 | Mountain Democrat Article, "EID's Operations Chief Indicted by Feds" | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 406. | 10/30/02 | FERC (Yamashita) letter to EID (Deister) re safety concerns re canal flumes | Authentication/completeness (FRE 106, 901) (incomplete) Relevancy/prejudice/cumulative/confusing (FRE | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1, 3] |
|---|---|---|---|---|
| | | | 401, 403) | |
| 407. | 11/28/01 | EID (Perley) email to EID (Shewbridge), with prior email, re tunnel spoils | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403) | |
| 408. | 1/31/02 | MWH (Erdman) letter to TBI (McDonald) re decant slab | No objection | |
| 409. | 1/29/02 | EID (Perley) letter to FERC (Office of the Secretary) re extension of project completion date | No objection | |
| 410. | 4/18/02 | Handwritten notes (Erdman) re DRB meeting | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403) | |
| 411. | 3/13/02 | Handwritten notes (Erdman) re DRB meeting | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403) | |
| 412. | 4/29/02 | EID (Deister) email to EID (Powell, Shewbridge), with prior emails, re MWH noncompliance | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403) | |
| 413. | 5/6/02 | MWH (Jacob) email to MWH (Erdman, Elwin, Rogers), with prior emails, re contract conditions | Authentication/completeness (FRE 106, 901) Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Hearsay (FRE 801, et. seq.) Best Evidence (FRE 1001, et. seq.) | |
| 414. | 5/30/02 | EID (Hamden) memo to EID (Shewbridge) re Camp 2 Spillways | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), | |

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

- 47 -

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | | Hearsay (FRE 801, et. seq.) | |
| 415. | 9/19/02 | Handwritten notes (Erdman) re misaligned portal variations | Authentication/completeness (FRE 106, 901) | |
| 416. | 3/18/03 | EID (Cumpston) letter to MWH (Rogers) re notice of potential claim against TBI | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Govt. Code Section 945.4 | |
| 417. | | Erdman C.V. | Authentication/completeness (FRE 106, 901) Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 418. | 7/12/01 | MWH (Rogers) letter to Kirkpatrick & Lockhart (Golub) re FERC compliance | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.) | |
| 419. | 1/30/02 | TBI (McDonald) letter to MWH (Erdman) re Decant Slab work | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Hearsay (FRE 801, et. seq.) | |
| 420. | 12/10/01 | MWH (Erdman) Handwritten Note re tunnel alignment | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403) | |
| 421. | 2/27/02 | MWH (Rogers) email to EID (Shewbridge, Powell, West, Deister, Perley), MWH (Erdman), with prior emails, re existing sediment in tunnel | Authentication/completeness (FRE 106, 901), Hearsay (FRE 801, et. seq.) | |
| 422. | 5/2/02 | MWH (Erdman) Handwritten Notes re Shewbridge Meeting. | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 423. | 6/12/02 | MWH (Erdman) email to MWH (Rogers), EID (Shewbridge) re TBM oil leaks | Authentication/completeness (FRE 106, 901) (incomplete) | |
| 424. | 7/9/02 | TBI (McDonald) letter to EID (Deister) re tunnel schedule | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 425. | 9/20/02 | MWH (Erdman) email to TBI (McDonald) re tunnel alignment | No objection | |
| 426. | 9/24/02 | MWH (Erdman) email to MWH (Rogers) and EID (Shewbridge) re marker board design | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501) (FRE 501), Govt. Code Section 945.4 | |
| 427. | 9/25/02 | WRCF (Barnes) email to MWH (Erdman, Rogers), EID (Neasham, Cumpston), WRCF (Wulfsberg, Firstman), with prior emails, re TBI tunnel repair | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501) (FRE 501), Govt. Code Section 945.4 | |
| 428. | 11/1/99 | EID General Conditions Excerpt | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403) | |
| 429. | 9/30/02 | TBI (McDonald) letter to MWH (Erdman) re Change Orders | No objection | |
| 430. | 10/4/02 | EID (Deister) letter to TBI (Williamson) re alignment repair proposals and meeting | No objection | |
| 431. | 10/8/02 | MWH (Erdman) Handwritten Notes re tunnel | Authentication/completeness (FRE 106, 901), | |

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | alignment | Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 432. | 10/17/02 | TBI transmittal to MWH (Erdman) re URS tunnel fix | No objection | |
| 433. | 10/17/02 | WRCF (Barnes) email to MWH (Erdman) re URS tunnel fix | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/ Attorney Work Product (FRE 501) (FRE 501), Govt. Code Section 945.4 | |
| 434. | 10/17/02 | MWH (Erdman) letter to TBI (McDonald) re URS tunnel fix | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/ Attorney Work Product (FRE 501) (FRE 501), Govt. Code Section 945.4 | |
| 435. | 10/18/02 | WRCF (Barnes) email to MWH (Erdman) re URS tunnel fix | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/ Attorney Work Product (FRE 501) (FRE 501), Govt. Code Section 945.4 | |
| 436. | 10/30/02 | TBI (McDonald) letter to MWH (Erdman) re TBI response to EID concerns | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 437. | 10/30/02 | URS (Mueller) letter to TBI (Mitteer) re design changes | Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 438. | 11/1/02 | EID report "Review of URS Submittals: | Relevancy/prejudice/cumulative/ confusing (FRE | |

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | | 401, 403), Attorney Client/ Attorney Work Product (FRE 501) (FRE 501), Govt. Code Section 945.4 | |
| 439. | 11/3/99 | Resume of Gregg E. Korbin | Relevancy/prejudice/cumulative/ confusing (FRE 401, 403) Govt. Code Section 945.4 | |
| 440. | 10/23/00 | Harza (Rogers) letter to FERC (Oversight Committee), EID (Wilkins, Powell, Neasham) re DRB agreement prepared by TBI | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Hearsay (FRE 801, et. seq.), Parol Evidence Rule Govt. Code Section 945.4 | |
| 441. | 10/23/00 | EID (Wilkins) letter to Korbin re representing EID on DRB | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Govt. Code Section 945.4 | |
| 442. | 12/24/02 | WRCF (Barnes) email to EID (Cumpston, Shewbridge, Deister), MWH (Rogers, Erdman) re DRB Report No. 3 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Attorney Client/Attorney Work Product (FRE 501) (FRE 501), Govt. Code Section 945.4 | |
| 443. | 4/7/03 | WRCF (Barnes) email to MWH (Erdman) re termination of DRB agreement | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.), Attorney Client/ Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 444. | 7/19/03 | TBI (McDonald) letter to DRB (Wilton, McCarry, Korbin) re completion of MB tunnel | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Hearsay (FRE 801, et. seq.) Govt. Code Section 945.4 | |
| 445. | 8/20/03 | TBI (Cangelosi) letter to DRB (Wilton, McCarry, Korbin) re DRB decision | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Hearsay (FRE | |

McKENNA LONG & ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | | 801, et. seq.) Govt. Code Section 945.4 | |
| 446. | 8/27/03 | DRB (Wilton) fax to TBI (McDonald) re letter to MWH (Rogers) and TBI (McDonald) | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Hearsay (FRE 801, et. seq.) Govt. Code Section 945.4 | |
| 447. | 11/7/00 | DRB (Wilton) fax to TBI (Mitteer) re 10/24/2000 DRB agreement | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Hearsay (FRE 801, et. seq.) Govt. Code Section 945.4 | |
| 448. | 7/5/05 | EID (Marino) email to EID (Kitchen, Deister) re Project 184 revenues | Authentication/completeness (FRE 106, 901), Attorney Client/ Attorney Work Product (FRE 501) | |
| 449. | 7/12/00 | Harza Tiger Team Report | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) | |
| 450. | 11/14/02 | WRCF (Barnes) email to MWH (Rogers) re Engineer's Decision. | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/ Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 451. | 2/26/03 | MWH (Rogers) email to WRCF (Barnes), with prior emails, re Mutual Tolling and Reservation of Rights Agreement | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/ Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 452. | 4/25/02 | MWH (Elwin) email to EID (Shewbridge) re recommendations for MB Tunnel project | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Attorney Client/ Attorney Work Product (FRE 501) | |
| 453. | 8/20/02 | MWH (Erdman) email to TBI (Shewbridge) re sedimentation pond clean-up | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |

McKENNA LONG & ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 454. | 10/3/02 | MWH (Erdman) handwritten notes re EID Special Meeting | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/ Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 455. | 10/24/02 | EID (Deister) letter to TBI (McDonald) re TBI project records audit | No objection | |
| 456. | 10/25/02 | MWH (Erdman) handwritten notes re conference call with Barnes | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Attorney Client/ Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 457. | 12/20/02 | EID (Shewbridge) email to MWH (Erdman), with prior emails, re Bull Portal Diversion | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/ Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 458. | 1/7/03 | WRCF (Barnes) email to EID (Powell, Shewbridge) re URS tunnel fix submittal | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/ Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 459. | 1/8/03 | EID (Erdman) handwritten notes re conference with Barnes, Rogers, Shewbridge, Cassidy, Lind | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 460. | 1/9/03 | Cassidy email to MWH (Erdman) re sediment deposition in ED and MB Tunnels | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/ Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1, 3] |
|---|---|---|---|---|
| 461. | 1/16/03 | WRCF (Barnes) email to MWH (Erdman), EID (Cumpston) re dewatering system | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/ Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 462. | 2/20/03 | EID (Shewbridge) email to MWH (Erdman) re sedimentation/frazil ice mitigation measures | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 463. | 3/21/03 | WRCF (Barnes) email to EID (Cumpston, Shewbridge, Powell), MWH (Erdman), with prior emails, re Change Order No. 10 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 464. | 3/24/03 | WRCF (Barnes) email to MWH (Erdman) re Barnes revisions to MWH letter draft to TBI re Sec. 9.06 engineer's decision | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 465. | 3/27/03 | WRCF (Barnes) email to MWH (Erdman) re Barnes revisions to MWH letter to TBI re sedimentation pond cleanup | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 466. | 4/21/03 | WRCF (Barnes) email to MWH (Erdman) re Barnes revisions to MWH letter to TBI re Sec. 9.06 engineer's decision | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 467. | 9/11/03 | WRCF (Barnes) email to EID (Cumpston), MWH (Rogers) re Barnes revisions to MWH letter to TBI re Request for Engineer's Decision | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 468. | 7/14/03 | EID (Korkowski) email to EID (Lindstrom) re dewater of tunnel low point | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1, 3] |
|---|---|---|---|---|
| | | | Code Section 945.4 | |
| 469. | 7/15/03 | MWH (Erdman) memo to EID (Korkowski) re steel pipe v. HDPE pipe | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 470. | 3/10/03 | WRCF (Barnes) email to EID (Shewbridge) re TBI request for meeting re accounting issues | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 471. | 4/24/03 | EID (Shewbridge) email to EN2 Resources (Lind), MWH (Erdman, Rogers) re water treatment plant | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 472. | 7/31/03 | MWH (Rogers, Erdman) report to FERC (Yamashita) re Construction Status Report No. 26 | Authentication/completeness (FRE 106, 901), (EID does not object to admitting all such reports as a group.) | |
| 473. | 8/29/00 | EID (Powell) letter to TBI (Mitteer) re Project 99004H | Authentication/completeness (FRE 106, 901), Relevancy/cumulative/confusing (FRE 401, 403) | |
| 474. | 1/22/01 | Harza/MWH (Jacob) letter to TBI (Mitteer) re TBI request for drawing approval | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Parol Evidence Rule | |
| 475. | 2/20/01 | MWH (Jacob) memo to EID (Oversight Committee) re Change Order No. 2 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Parol Evidence Rule | |
| 476. | 7/12/02 | EID (Shewbridge) email to MWH (Rogers), EID (Deister, Neasham), with prior emails, re EID letter to TBI re tunnel delays | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

1906-001\2139189.2

- 55 -

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 477. | 10/17/02 | MWH (Rogers) email to EID (Shewbridge) re MWH draft proposal to WRCF | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 478. | 10/21/02 | MWH (Rogers) fax to MWH (Erdman) re FERC inspection letter | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 479. | 10/29/02 | MWH (Rogers) email to WRCF (Barnes), with prior email re tunnel misalignment | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 480. | 2/10/03 | WRCF (Barnes) email to EID (Shewbridge, Powell, Cumpston) re sedimentation/frazil ice mitigation measures | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 481. | 5/23/03 | MWH (Rogers) email to EID (Cumpston), with prior emails, re USFS revised tunnel groundwater condition | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 482. | 1/8/04 | WRCF (Barnes) email to MWH (Rogers) re tunnel dewatering system | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 483. | 1/21/04 | EID (Barton) email to MWH (Rogers), with prior email, re dewatering of tunnel. | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1, 3] |
|---|---|---|---|---|
| | | | Hearsay (FRE 801, et. seq.)<br>Govt. Code Section 945.4 | |
| 484. | 1/21/04 | MWH (Rogers) email to EID (Barton) re TBI disagreement on tunnel dewatering system | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 485. | 8/24/03 | EID (Cumpston) email to MWH (Rogers) re Barnes and Cumpston redline revisions to MWH Final Construction Report | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/ Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 486. | 9/25/03 | MWH (Rogers) letter to TBI (McDonald) re MWH role in Construction Management and Resident Engineer | No objection | |
| 487. | 12/31/03 | EID (Korkowski) memo to EID (Bazinet, Downey) re Spillway 20 costs and #99004H | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 488. | 1/22/04 | EID (Cumpston) letter to TBI (McDonald) re termination of DRB | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403)<br>Govt. Code Section 945.4 | |
| 489. | 7/16/03 | WRCF (Barnes) email to EID (Cumpston, Korkowski), MWH (Erdman, Rogers) re 7-day notice of default termination | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/ Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 490. | 8/17/04 | WRCF (Barnes) letter to MLA (Drcar) re TBI cost of work | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 491. | 1/3/03 | WRCF (Barnes) email to EID (Cumpston, Shewbridge), with prior email, re URS revised analysis and recommendations | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/ Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 492. | 5/12/03 | WRCF (Barnes) email to EID (Cumpston), with prior emails, re stop work order | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. | |

McKenna Long & Aldridge LLP<br>Attorneys At Law<br>San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1, 3] |
|---|---|---|---|---|
| | | | Code Section 945.4 | |
| 493. | 10/14/02 | Lindstrom (EID) letter to FERC (Lutticken) and memo to EID (Shewbridge) re canal system repair concerns | Authentication/completeness (FRE 106, 901) | |
| 494. | 1/16/04 | MWH Executive Summary Dynamic Flume Testing and Tunnel | Authentication/completeness (FRE 106, 901) (Incomplete) | |
| 495. | 7/26/02 | EID (Shewbridge) letter to FERC (Yamashita) re Lindstrom's safety concerns of El Dorado project | Authentication/completeness (FRE 106, 901) Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 496. | 5/20/03 | EID (Korkowski) email to EN2 Resources (Lind), MWH (Erdman), with prior email, re flume ready date for water to forebay | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/ Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 497. | 3/24/03 | EID (Shewbridge) e-mail to EID (Cumpston), with prior emails, re Pay Request Qty/Pay Amounts Validation TB0303-229 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/ Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 498. | 10/11/02 | Nielsen (Ottesen) letter to WRCF (Barnes) re Preliminary Proposal and Estimated Budget for Task 6 - Cost Records Audit | Authentication/completeness (FRE 106, 901) (Unsigned.) | |
| 499. | 9/5/01 | Photo of El Dorado Tunnel looking west at unknown station | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 500. | 9/14/01 | Photo of El Dorado Tunnel looking East at unknown station | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 501. | 9/20/01 | Photo of El Dorado Tunnel looking West at unknown location | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation | |

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | | re: appropriate date and location of photograph.) | |
| 502. | 9/21/01 | Photo of El Dorado Tunnel looking West at near Mill Creek Portal about Sta. 33+00 | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 503. | 11/19/01 | Photo of moving Tunnel Boring Machine at treatment plant near Alder Creek Siphon | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 504. | 11/19/01 | Photo of moving Tunnel Boring Machine through El Dorado Tunnel unknown location | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 505. | 12/1/01 | Photo of looking West at muck chute & truck loading area at Alder Creek job site | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 506. | 9/12/02 | Photo of looking North at Bull Creek Portal; EID start of Consumptive Water pumping | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 507. | 9/13/02 | Photo of looking West at muck chute and truck loading area at Alder Creek job site | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 508. | 9/21/02 | Photo of muck train at Alder Creek job site looking West from dump area | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 509. | 9/25/02 | Photo of tunnel Boring Machine emerging from Bull Creek Portal 4 days after hole through | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 510. | 9/25/02 | Photo of tunnel Boring Machine final locations at Bull Creek Portal before dismantling 4 days after hole | No objection | |
| 511. | 9/27/02 | Photo of HPT Water Treatment Plant looking East from immediately downstream from Alder Creek Siphon | No objection (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 512. | 10/3/02 | Photo of locomotive & miners in bored tunnel removing Tunnel Boring Machine parts looking West unknown location | No objection | |
| 513. | 10/3/02 | Photo of Mill Bull Tunnel bore with circle steel channel ground support and welded wire fabric, station unknown | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 514. | 10/5/02 | Photo of HPT Water Treatment Plant looking East from Alder Creek Siphon | No objection | |
| 515. | 10/28/02 | Photo of Bull Creek Portal looking Northeast on 10/28/02. Traylor Bros., is excavating for the Bull Creek Structure | No objection | |
| 516. | 12/13/02 | Photo of El Dorado Irrigation District/HPT dumping untreated water into the canal West of Siphon on 12/13/02 | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 517. | 11/20/02 | Photo of El Dorado Tunnel Mill Creek Portal looking West about 100 feet from the Sed Pond West bulkhead | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 518. | 11/20/02 | Photo of Mill Creek Portal looking East from Mill Creek flume at Sed Pond West bulkhead | Authentication/completeness (FRE 106, 901) | |
| 519. | 2/6/03 | Photo of Traylor Bros., resuming work at Bull Creek 104 days after the El Dorado Irrigation District | No objection | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | stop work order of 10/25/02. | | |
| 520. | 2/24/03 | Photo of Bull Creek Portal, Traylor Bros., is forming diversion structure walls. | No objection | |
| 521. | 2/27/03 | Photo of Bull Creek Portal diversion structure walls are complete, Traylor Bros., is replacing wooden flume section. | No objection | |
| 522. | 3/3/03 | Photo of Bull Creek Portal diversion structure complete except for mechanical and electrical work. | No objection | |
| 523. | 3/4/03 | Photo of Decant slab & Sed Pond containment at the Alder Creek work site | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 524. | 3/7/03 | Photo of Decant slab & Sed Pond containment at the Alder Creek work site. Traylor Bros., dumping muck box. | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 525. | 3/15/03 | Photo of Mill Bull Tunnel prepared for shotcrete at an unknown location. | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 526. | 3/15/03 | Photo of El Dorado Tunnel Sed Pond cleanup at unknown location with pre-existing sediments showing. | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 527. | 3/17/03 | Photo of Mill Bull Tunnel prepared for shotcrete at an unknown location | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 528. | 4/7/03 | Photo of Traylor Bros., Mill Bull Tunnel cleanup operations; skidsteer loader, miner and conveyor at unknown location | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and | |

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | | location of photograph.) | |
| 529. | 4/19/03 | Photo of Mill Bull Tunnel looking East at station 101+20 with new 8" HDPE Siphon dewatering pipe. | Authentication/complete (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.(FRE 106, 901) | |
| 530. | 4/21/03 | Photo of untreated water dumped by El Dorado Irrigation District/HPT flowing into El Dorado Tunnel at Spillway #11 on 4/21/03 | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403) | |
| 531. | 4/22/03 | Photo of El Dorado Irrigation District/HPT dumping untreated water into the canal West of Alder Creek Siphon on 4/22/03 | Authentication/complete (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.(FRE 106, 901) | |
| 532. | 5/6/03 | Photo of El Dorado Irrigation District/HPT dumping untreated water into the canal at Alder Creek Siphon on 5/6/03 | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403) | |
| 533. | 5/16/03 | Photo of Mill Bull Tunnel lowest point looking West at station 51+60 with sump for the 8" HDPE dewatering pipe sump. | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.(FRE 106, 901) | |
| 534. | 5/18/03 | Photo of sump for the 8" HDPE dewatering pipe at station 51+60 the MBT lowest point. | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.(FRE 106, 901) | |

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1, 3] |
|---|---|---|---|---|
| 535. | 6/5/03 | Photo of El Dorado Tunnel diversion structure form work, looking Northeast from near intersection with Mill Bull Tunnel. | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.(FRE 106, 901) | |
| 536. | 6/10/03 | Photo of completed El Dorado Tunnel diversion structure, looking Northeast from near intersection with Mill Bull Tunnel | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.(FRE 106, 901) | |
| 537. | 6/10/03 | Photo of El Dorado Tunnel looking East at unknown location during Traylor Bros., track removal | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.(FRE 106, 901) | |
| 538. | 6/5/03 | Photo of El Dorado Irrigation District inspection team at Bull Creek Portal to inspect the dewatering of Mill Bull Tunnel at 1:48 PM. | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.(FRE 106, 901) | |
| 539. | 6/5/03 | Photo of Bull Creek Portal completely dewatered during test on 6/5/03at 2:03 PM. | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.(FRE 106, 901) | |
| 540. | 7/10/03 | Photo of El Dorado Tunnel Portal & new protection grating looking West from | Authentication/completeness (FRE 106, 901) (EID may withdraw this | |

McKenna Long & Aldridge LLP
Attorneys at Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | the canal at Alder Creek | objection upon stipulation re: appropriate date and location of photograph.(FRE 106, 901) | |
| 541. | 7/17/03 | Photo of Bull Creek structure with El Dorado Irrigation District delivering about 30 CFS of water through the Mill Bull Tunnel | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.(FRE 106, 901) | |
| 542. | 7/10/01 | OEMC (Herrera) letter to EID (Perley) re Water Treatment Plant Comparison | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.(FRE 106, 901) | |
| 543. | 7/2/01 | CARI (Hill) letter to TBI (Mitteer) re Tunnel Water Treatment Plant Proposal | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Hearsay (FRE 801, et. seq.), Parol Evidence Rule | |
| 544. | 7/6/01 | TBI (Mitteer) letter to HARZA (Erdman) re Water Treatment Plant Meeting of July 6, 2001 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Hearsay (FRE 801, et. seq.) | |
| 545. | 7/12/01 | EID (Wilkins) letter to CRWQCB (Ericson) re Tentative Waste Discharge Requirements and NPDES Permit | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 546. | 7/12/01 | TBI (Mitteer) letter to MWH (Erdman) re weekly meeting attendance | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Hearsay (FRE 801, et. seq.) | |
| 547. | 7/12/01 | TBI (Mitteer) letter to MWH  (Erdman) re Extra Work Directive | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Parol Evidence Rule, Hearsay (FRE 801, et. seq.) | |

McKenna Long & Aldridge LLP
Attorneys at Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 548. | 7/26/01 | TBI (Mitteer) letter to MWH (Erdman) re complete re-design of the Consumptive Water System | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Hearsay (FRE 801, et. seq.) | |
| 549. | 7/27/01 | TBI (Mitteer) letter to MWH (Erdman) re Pipe and Pump 20 CFS Water | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Hearsay (FRE 801, et. seq.) | |
| 550. | 7/30/01 | TBI (Mitteer) letter to MWH (Erdman) re construction schedule | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Hearsay (FRE 801, et. seq.) | |
| 551. | 10/24/01 | TBI (Mitteer) letter to MWH (Erdman) re Consumptive Water Delay Claim | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) | |
| 552. | 1/16/02 | TBI (Williamson) letter to EID (Perley) re current schedule and mitigation measures | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Hearsay (FRE 801, et. seq.) | |
| 553. | 1/22/02 | US Dept. of Agriculture (Hardy) letter to EID (Deister) re special use permit authorization for areas of National Forest | No objection | |
| 554. | 1/30/02 | TBI (McDonald) letter to MWH (Erdman) re Re-Inspection of Consumptive Water Line, with attachment | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 555. | 2/7/02 | TBI (McDonald) fax to Veerkamp (Veerkamp Engineering) re snow removal for second shift | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 556. | 3/4/02 | TBI (McDonald) letter to MWH (Erdman) re Request for Change Order--Delay | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible | |

McKenna Long &
Aldridge LLP
Attorneys at Law
San Diego

- 65 -

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | Due to Decant Slab | Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 557. | 4/3/02 | MWH (Rogers) email to lozdemir@mines.edu re Site Visit MB Tunnel | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/ Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 558. | 7/6/00 | Frederick McKain letter to CE (Jermstad) re Confirmation of Design Capacity for Water Supply During Construction El Dorado Canal Mill to Bull Creek Tunnel | Authentication/completeness (FRE 106, 901) Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 559. | 5/3/02 | EID (Perley) letter to HPT-AMD (Hoel) re Tunnel Construction Wastewater Treatment, Environmental Deficiency Report | Authentication/completeness (FRE 106, 901) Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 560. | 5/15/02 | MWH (Erdman) letter to EID (Shewbridge) re Environmental Deficiency Report | No objection | |
| 561. | 5/28/02 | TBI (McDonald) fax to MWH (Erdman) re schedule update as of May 28, 2002 based on 80 feet per day | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Hearsay (FRE 801, et. seq.) | |
| 562. | 7/22/02 | MWH (Erdman) letter to TBI (McDonald) re contaminated material disposal costs and the indemnification clause | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.) | |
| 563. | | Resume of John McDonald | Hearsay (FRE 801, et. seq.) | |
| 564. | | Resume of George Mitteer | Hearsay (FRE 801, et. seq.) | |
| 565. | | Resume for Taylor (BWSY) | Hearsay (FRE 801, et. seq.) | |
| 566. | | Resume of (TBI) Bert Dore | Hearsay (FRE 801, et. seq.) | |

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 567. | 11/16/99 | EID (Doolittle) letter to TBI (Williamson) re authorization to proceed | Authentication/completeness (FRE 106, 901) (Completeness.) | |
| 568. | 12/19/01 | TBI (DNB) fax to TBI (GKM) re laser alignment info | Hearsay (FRE 801, et. seq.) | |
| 569. | 1/31/02 | MWH (Erdman) transmittal of letter to TBI (McDonald) re USFS approval of Spoils Decant Facility contingent on additional information | No objection | |
| 570. | 9/3/02 | TBI (McDonald) letter to MWH (Erdman) re removal of material from sedimentation pond | Hearsay (FRE 801, et. seq.) | |
| 571. | 10/28/02 | TBI (McDonald) letter to DRB re Dispute on Sedimentation Pond & El Dorado Tunnel Final Cleanup | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 572. | 11/1/02 | MWH (Erdman) letter to TBI (McDonald) re EID's order to stop all work on the diversion wall until the sedimentation pond clean up is completed and engineers design for the diversion wall is submitted | No objection | |
| 573. | 11/4/02 | TBI (McDonald) letter to MWH (Erdman) re cease work on the "stoplog" bulkhead | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 574. | 11/20/02 | MWH (Rogers) letter to TBI (Williamson) re sedimentation pond | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 575. | 11/21/02 | TBI (McDonald) letter to MWH (Erdman) requesting lift Stop Work Order | No objection | |
| 576. | 12/4/02 | URS (Mueller) letter to TBI (McDonald) re Hydraulic Analyses of Mill Bull Tunnel | Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 577. | 12/6/02 | URS (MacDonald) letter to EID (Shewbridge) re Boundary Condition of Downstream Flume set to 4.5 feet deep | No objection (with attachment, omitted from binder.) | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 578. | 12/7/02 | TBI (MacDonald) letter to MWH (Erdman) re Transmittal of Additional Hydraulic Information | No objection | |
| 579. | 12/10/02 | TBI (McDonald) letter to EID (Shewbridge) re list of things which would help analyze operational and maintenance concerns | Hearsay (FRE 801, et. seq.) | |
| 580. | 12/12/02 | MWH (Erdman) letter to TBI (McDonald) re Sedimentation Pond Cleanup | No objection | |
| 581. | 12/16/02 | TBI (McDonald) letter to EID (Deister) re Sedimentation Pond Cleanup. | Hearsay (FRE 801, et. seq.) | |
| 582. | 12/16/02 | TBI (Traylor) letter to EID (Deister) re removal and cleanup of the sedimentation pond. | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), no objection | |
| 583. | 1/3/03 | TBI (McDonald) fax letter to MWH (Erdman) re Final Information on Hydraulic and Operational Concerns and Fax to EID | Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 584. | 1/10/01 | Disputes Resolution Board Meeting #4 minutes | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Govt. Code Section 945.4 | |
| 585. | 7/11/01 | TBI (Mitteer) letter to DRB (Wilton) re referral of water treatment dispute | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Govt. Code Section 945.4 | |
| 586. | 7/30/01 | TBI (Mitteer) letter to MWH (Erdman) re directive to re-design consumptive water system with related attachments | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) Best Evidence (FRE 1001, et. seq.) Parol Evidence Rule | |
| 587. | 8/14/01 | MWH (Erdman) letter to TBI (Mitteer) re deletion of TBI water treatment plant | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Parol Evidence Rule | |

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 588. | 9/7/01 | MWH (Erdman) letter to TBI (Mitteer) re tunnel muck alternative disposal sites | Authentication/completeness (FRE 106, 901) | |
| 589. | 10/10/01 | EID (Perley) fax transmittal to MWH (Rogers) re groundwater management plan with related documents | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Hearsay (FRE 801, et. seq.) | |
| 590. | 10/24/01 | TBI (Mitteer) letter to MWH (Erdman) re USFS 4(c) condition #13 groundwater | Hearsay (FRE 801, et. seq.), Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Parol Evidence Rule | |
| 591. | 4/5/02 | MWH (Erdman) letter to TBI (McDonald) re 13-calendar days delay for TBI salaries, time, related costs, equipment standby costs and markup | No objection | |
| 592. | 4/10/02 | TBI (McDonald) letter to MWH (Erdman) re classification of decant slab delay claim | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) | |
| 593. | 4/26/02 | MWH (Rogers) letter to EID Counsel (Neasham) re summary of preliminary findings of Dr. Shewbridge and Mr. Perley | Authentication/completeness (FRE 106, 901), Attorney Client/Attorney Work Product (FRE 501) | |
| 594. | 1/20/03 | TBI (McDonald) letter to MWH (Erdman) re Response to MWH TBO103-181 entitled TBI Failure to Plan and Schedule Remedial Repairs and Contract Completion | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Hearsay (FRE 801, et. seq.) | |
| 595. | 1/29/03 | USFS (Berry) letter to EID (Shewbridge) re Approval of Proposed Design Change for Bull Creek Portal | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Hearsay (FRE 801, et. seq.) | |

McKENNA LONG & ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 596. | 1/30/03 | FERC (Yamashita) letter to EID (Deister) re Submittal of Revised Design and Request to Commence Construction of Diversion Structure | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Hearsay (FRE 801, et. seq.) | |
| 597. | 3/19/03 | MLA (Ippolito) letter to WRCF (Barnes) re pay requests #32-35 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Hearsay (FRE 801, et. seq.) | |
| 598. | 3/21/03 | EID (Cumpston) email to EID (Shewbridge) and others re TBI Letter 9905-355 re Sandy/Silty Soils | Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 599. | 3/24/03 | MWH (Erdman) letter to TBI (Cangelosi) re Recommencement of Progress Payments. | No objection | |
| 600. | 3/25/03 | MWH (Erdman) letter to TBI (Cangelosi) re Tunnel Entry Protection | No objection | |
| 601. | 4/11/03 | MLA (Ippolito) letter to MWH (Erdman) re Response to Engineer's Decision Dated 03/24/2003 Rejecting TBI's Request for Progress Billing to be Paid | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 602. | 4/28/03 | EID (Korkowski) email to EID (Shewbridge) and others, with other emails and attachment, re water deliveries with related emails | Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 603. | 6/11/03 | TBI (Cangelosi) letter to MWH (Erdman) re Change Order No. 19 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Hearsay (FRE 801, et. seq.) | |
| 604. | 6/25/03 | TBI (Cangelosi) letter to MWH (Erdman) re Additional De-Watering in the Mull Bull Tunnel | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Hearsay (FRE 801, et. seq.) | |
| 605. | 6/26/03 | EID (Korkowski) letter to FERC (Yamashita) re Permanent Station Markers, | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cum | |

McKenna Long & Aldridge LLP
Attorneys at Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | Spillway #20, and Siphon Hangers | ulative/ confusing (FRE 401, 403) | |
| 606. | 6/30/03 | MWH (Erdman) letter to FERC (Yamashita) re Construction Status Report No. 25 | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403) | |
| 607. | 7/3/03 | WRCF (Barnes) email to MWH (Erdman and others) re revisions to response to notice of substantial completion | Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 608. | 7/3/03 | WRCF (Barnes) email to MWH (Erdman and others) re TBI notice of substantial completion with related emails | Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 609. | 7/10/03 | WRCF (Barnes) email to MWH (Erdman) and EID (Cumpston) re revisions to performance test correspondence | Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 610. | 7/11/03 | EID (Cumpston) email to MWH (Erdman) and WRCF (Barnes) re revisions to performance test correspondence letter TBO703-322  with related emails | Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 611. | 7/17/03 | TBI (McDonald) letter to EID (Cumpston) re tunnel full water up / dewater test | No objection | |
| 612. | 7/18/03 | TBI (Annakin) letter to EID (Cumpston) re letters transmitted from TBI re 7-day notice of default termination of contractor's right to proceed with work & MWH letter dated 07/21/2003 re TBI's defective tunnel | Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Hearsay (FRE 801, et. seq.), Inadmissible Opinion (FRE 701, et. seq.) | |

- 71 -

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 613. | 7/22/03 | MWH (Erdman) transmittal to EID (Deister, Powell, Cumpston, and Korkowski) and WRCF (Barnes) of letter from TBI (McDonald) to MWH (Erdman) which responds to TBO703-326 Engineer's Decision re Termination | Relevancy/prejudice/cumulative/ confusing (FRE 401, 403), Hearsay (FRE 801, et. seq.), Inadmissible Opinion (FRE 701, et. seq.) | |
| 614. | 7/22/03 | EID (Cumpston) email to WRCF (Barnes) and MWH (Erdman) re suggested revisions to MWH Letter 326 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Attorney Client/Attorney Work Product (FRE 501), Govt. Code Section 945.4 | |
| 615. | 7/28/03 | FERC (Yamashita) letter to EID (Deister) re tunnel inspection comments | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 616. | 8/8/03 | MLA (Ippolito) letter to EID (Claims Administrator) re Amendment to the Traylor Bros' Government Code Claim Section 900 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 617. | 8/14/03 | MLA (Ippolito) letter to EID (Claims Administrator) re the District's action in unilaterally dissolving the DRB | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 618. | 8/21/03 | TBI (Cangelosi) letter to MWH (Erdman) re wrongful termination | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |
| 619. | 8/25/03 | TBI (Cangelosi) letter to DRB (Wilton) and others re request for DRB decision - substantial completion & progress payments | Authentication/completeness (FRE 106, 901), Relevancy/prejudice/cumulative/ confusing (FRE 401, 403) Govt. Code Section 945.4 | |
| 620. | 8/28/03 | TBI (McDonald) letter to DRB (Walton) re Schedule for Presentation of Disputes | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | | Govt. Code Section 945.4 | |
| 621. | 8/28/03 | MWH (Barton) transmittal of letter to MWH (Rogers re TBI (Cangelosi) 8/27/03 letter to MWH (Erdman) re TBI's clarification of position on each issue submitted for Engineer's decision | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) Govt. Code Section 945.4 | |
| 622. | 9/10/03 | EID (Cumpston) letter to TBI (Williamson and Cangelosi) re DRB dispute review process | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Govt. Code Section 945.4 | |
| 623. | 9/16/03 | TBI (McDonald) letter to MWH (Erdman) re response to MWH letter TBI 0903-351 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Hearsay (FRE 801, et. seq.) Govt. Code Section 945.4 | |
| 624. | 10/20/03 | TBI (McDonald) letter to DRB (Wilton) re TBI requests for a DRB decision | Hearsay (FRE 801, et. seq.), Relevancy/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.) Govt. Code Section 945.4 | |
| 625. | 11/12/03 | DRB (Wilton) letter to EID (Powell) and TBI (McDonald) re failure to reference Mr. Williamson in 5/22/00 Disclosure Statement | Hearsay (FRE 801, et. seq.), Relevancy/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.) Govt. Code Section 945.4 | |
| 626. | 11/19/03 | EID (Cumpston) letter to DRB (Wilton) re relationship between Mr. Williamson and Mr. Wilton | Relevancy/cumulative/confusing (FRE 401, 403) Govt. Code Section 945.4 | |
| 627. | 11/27/03 | TBI (McDonald) letter to EID (Cumpston) re Testing and Commissioning | Authentication/completeness (FRE 106, 901), Hearsay (FRE 801, et. Seq.), | |
| 628. | 12/23/03 | EID (Powell) letter to MWH (Rogers) re request for engineer's decision | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) | |

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

- 73 -

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 629. | 12/31/03 | EID (Buzby) letter to EID (Diester) and others re issuance of the December monthly report to CEC re their incentive bid program | Authentication/completeness (FRE 106, 901), (To research file.) | |
| 630. | 2/4/04 | TBI project portfolio | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Hearsay (FRE 801, et. seq.) | |
| 631. | 3/30/04 | MLA (Budwig) letter to WRCF (Barnes and Stump) re 1/7/04 EID letter purporting to terminate TBI | Relevancy/prejudice/cumulative/confusing (FRE 401, 403), Inadmissible Opinion (FRE 701, et. seq.), Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 632. | 4/2/04 | MLA (Budwig) letter to Barnes (WRCF) re improper communication with TBI, and amended 7-day notice of default termination | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 633. | 4/16/04 | EID (Marino ) to FERC (Yamashita) re: Reconstruction of Spillway No. 20 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 634. | 6/25/04 | Travelers (Lybeck) letter to EID (Deister) re 7-day notice of default termination | No objection | |
| 635. | 7/27/04 | MLA (Drcar) letter to WRCF (Barnes) re TBI cost records | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1, 3] |
|---|---|---|---|---|
| 636. | 8/3/04 | EID (Cumpston) letter to MLA (Budwig) re spillway 20 proposal, backcharge amounts, and TBI cost records to complete GMP audit | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 637. | 8/3/04 | EID (Cumpston) letter to MLA (Budwig) re District's response to TBI's proposed remedies to performance issues | No objection | |
| 638. | 8/4/04 | WTHF (Niesley) letter to EID (Cumpston) confirming discussion of mitigation obligations, bond issues, and bid correspondence | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 639. | 8/6/04 | MLA (Budwig) letter to EID (Cumpston) responding and commenting on EID's plan for the Reconstruction of Spillway 20 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 640. | 8/11/04 | EID (Cumpston) letter to Travelers (Niesley) re Spillway 20 work | No objection | |
| 641. | 8/12/04 | MLA (Budwig) letter to EID (Cumpston) re EID's position not to allow TBI to cure performance issues | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if | |

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | | surety bond trial is by Court.) | |
| 642. | 8/12/04 | WTHF (Lee) letter to EID (Cumpston) responding to claim of default by Travelers | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 643. | 8/12/04 | EID (Cumpston) letter to MLA (Budwig) responding to TBI and URS' comments re the District's plan for the Spillway 20 improvements | No objection | |
| 644. | 8/13/04 | EID (Cumpston) letter to MLA (Budwig) re comments re 7/28/04 meeting with Mr. Cumpston on TBI's desire to make a spillway bid | No objection | |
| 645. | 8/16/04 | EID (Cumpston) letter to WTHF (Lee) re the District's Spillway 20 plan | No objection | |
| 646. | 8/24/04 | MLA (Drcar) letter to WRCF (Barnes) re costs records requested by EID | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 647. | 9/1/04 | MLA (Budwig) letter to EID (Cumpston) re records requested by Dr. Ettema | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

- 76 -

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| | New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|---|
| 1 2 | | | | | |
| 3 4 | 648. | 9/2/04 | EID (Cumpston) letter to MLA (Budwig) re exclusion of the report by MWH's Wayne Coleman | No objection | |
| 5 6 7 8 | 649. | 10/1/04 | MLA (Budwig) letter to EID (Cumpston) re overtopping, sedimentation and frazil ice | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) | |
| 9 10 11 12 13 | 650. | 10/5/04 | MLA (Budwig) letter to EID (Cumpston) re balance of the agreement price | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 14 15 | 651. | 10/13/04 | EID (Cumpston) letter to MLA (Budwig) re guaranteed maximum price of contract | No objection | |
| 16 17 18 19 20 21 | 652. | 10/14/04 | MLA (Budwig) letter to EID (Cumpston) re no response to expert findings contrary to alleged performance issues | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 22 23 24 | 653. | 10/21/04 | EID (Powell) letter to MLA (Budwig) re District's consultants key findings in comparison between Spillway 20 design and the URS Concept | No objection | |
| 25 26 27 28 | 654. | 10/26/04 | MLA (Drcar) letter to WRCF (Barnes) responding to demand for production of TBI's cost records for equipment listed on the equipment schedule | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1, 3] |
|---|---|---|---|---|
| | | | (EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 655. | 11/4/04 | MLA (Budwig) letter to EID (Cumpston) re tunnel issues | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 656. | 11/15/04 | MLA (Budwig) letter to EID (Cumpston) re response to EID's criticisms of alternative spillway 20 design | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 657. | 1/10/05 | MLA (Budwig) letter to EID (Cumpston) re EID's response to TBI's engineers and consultant reports (with attached 1/2/05 Ettema report and 1/7/05 MacDonald report) | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 658. | 2/17/05 | MLA (Budwig) letter to EID (Cumpston) re EID's failure to respond to TBI's engineering reports | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 659. | 3/3/05 | MLA (Budwig) letter to WRCF (Cumpston) seeking response to TBI's engineering reports submitted to EID in 09/04 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 660. | 3/16/05 | MLA (Budwig) letter to EID (Cumpston) re TBI cost audit | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 661. | 3/17/05 | MLA (Budwig) letter to EID (Cumpston) re TBI cost audit | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 662. | 3/18/05 | Travelers (Lee) letter to WRCF (Firstman) re termination of bond | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) (EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 663. | 3/30/05 | MLA (Budwig) letter to WRCF (Barnes) re formal discovery of contract cost audit | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | | seq.)<br>(EID will withdraw relevancy objections if surety bond trial is by Court.) | |
| 664. | 8/24/05 | EID (Cumpston) email to MWH (Rogers) re comments on final construction report with attachment | Attorney Client/Attorney Work Product (FRE 501)<br>Govt. Code Section 945.4 | |
| 665. | 9/21/05 | MLA (Budwig) letter to EID (Claims Administrator) re Second Amendment to TBI's Government Code Claim Regarding Mill Bull Tunnel Project | Relevancy/prejudice/cumulative/confusing (FRE 401, 403)<br>Inadmissible Opinion (FRE 701, et. seq.)<br>Hearsay (FRE 801, et. seq.)<br>Attorney Client/Attorney Work Product (FRE 501)<br>Govt. Code Section 945.4 | |
| 666. | 10/11/05 | EID (Cumpston) letter to MLA (Budwig) re Purported Second Amendment to Traylor Bros. Inc.'s Government Code Claim Regarding Mill Bull Tunnel Project | Relevancy/prejudice/cumulative/confusing (FRE 401, 403)<br>Inadmissible Opinion (FRE 701, et. seq.)<br>Hearsay (FRE 801, et. seq.)<br>Govt. Code Section 945.4 | |
| 667. | 10/26/05 | MLA (McGuinness) letter to EID (Cumpston) re Second Amended Claim of TBI on Mill Bull Tunnel Project | Relevancy/prejudice/cumulative/confusing (FRE 401, 403)<br>Inadmissible Opinion (FRE 701, et. seq.)<br>Hearsay (FRE 801, et. seq.)<br>Govt. Code Section 945.4 | |
| 668. | 9/8/05 | Expert Report of Robert Ettema (including all appendices, figures, and exhibits) | Relevancy/prejudice/cumulative/confusing (FRE 401, 403)<br>Inadmissible Opinion (FRE 701, et. seq.)<br>Hearsay (FRE 801, et. seq.) | |
| 669. | 12/18/02 | EID (Cumpston) letter to TBI (McDonald) re request for information items, including video | No objection | |
| 670. | 9/8/05 | Expert Report of Management Counseling Corp. (Mark Johnson) | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

- 80 -

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1, 3] |
|---|---|---|---|---|
| | | (including all schedules and exhibits) | Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) | |
| 671. | | Johnson Report Backup Material | Authentication/completeness (FRE 106, 901) Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) | |
| 672. | 9/8/05 | Expert Report of Robert Taylor re: EID's Claimed Damages (including all exhibits) | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) | |
| 673. | 7/28/04 | Photograph of Flow into Plum Creek Siphon intake structure at Camp 2. | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 674. | 7/28/04 | Photograph of Flume (old concrete with wood side boards) at Camp 2 just upstream of Plum Creek Siphon. | | |
| 675. | 7/28/04 | Photograph of Mill Bull Tunnel exit portal and diversion structure. | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 676. | 7/28/04 | Photograph of View from portal of El Dorado Tunnel looking across Alder Creek ravine towards the intake of the Alder Creek Siphon. | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 677. | 7/28/04 | Photograph of Security gate leading to portal of El Dorado Tunnel. | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 678. | 7/28/04 | Photograph of Flume leading up to the El Dorado Tunnel intake portal. | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 679. | 7/28/04 | Photograph of Entrance portal to El Dorado Tunnel. | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 680. | 7/28/04 | Photograph of Grate at El Dorado Tunnel intake portal. | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 681. | 7/28/04 | Photograph of Intake structure at the Alder Creek Siphon. | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 682. | 12/24/05 | Photograph of Alder Creek and Alder Creek Siphon | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 683. | 12/24/05 | Photograph of Alder Creek Siphon | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 684. | 12/24/05 | Photograph of Sadd Bridge | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 685. | 12/24/05 | Photograph of Warning signs on fence/locked gate near entrance of El Dorado Tunnel portal. | Authentication/completeness (FRE 106, 901) (EID may withdraw this objection upon stipulation re: appropriate date and location of photograph.) | |
| 686. | 4/25/03 | MLA (Ippolito) letter to EID (ClaimsAdministor) | Relevancy/prejudice/cumulative/confusing (FRE | |

McKenna Long & Aldridge LLP
Attorneys at Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1, 3] |
|---|---|---|---|---|
| | | TBI Government Code Claim Letter to EID | 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) | |
| 687. | 4/29/03 | MLA (Ippolito) letter to EID (Claims Administrator) re TBI Amended Government Code Claim Letter to EID | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) | |
| 688. | 9/25/03 | EID (Cumpston) letter to MLA (Ippolito)EID Rejection of TBI Amended Claim Letter and Decision of District Board | No objection | |
| 689. | 12/2/04 | EID Responses to TBI Request for Admissions, Set No. 1 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 690. | 2/18/05 | EID Amended Responses to TBI Interrogatories, Set No. 1 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 691. | 4/18/05 | EID Response to TBI Interrogatory No. 13 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 692. | 5/16/05 | EID Responses to TBI Interrogatories, Set No. 2 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 693. | 2/24/04 | TBI (McDonald) letter to DRB (Wilton) and DRB (McCary) re schedule for DRB hearing | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) | |
| 694. | 5/4/00 | Mountain Democrat News Article -Titled: "Project 184 hydro exec quits EID" | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) | |
| 695. | 6/7/00 | Mountain Democrat News Article-Titled: "EID chief fired" | Authentication/completeness (FRE 106, 901) Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | | Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) | |
| 696. | | Chart of El Dorado Canal Casualty Events (1952-1998) | Authentication/completeness (FRE 106, 901) Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Hearsay (FRE 801, et. seq.) | |
| 697. | 9/28/02 | WRCF (Barnes) email to EID (Erdman) re Mill Bull pay request for Sept. 02, with related emails | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 698. | 5/1/03 | EID (Shewbridge) email to WRCF (Barnes) re delay in water-up, with related emails | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 699. | 12/18/03 | Rogers (MWH) letter to EID (Cumpston) re litigation support | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 700. | 1/22/04 | Project 184 weekly update for week ending 01/25/04 | Authentication/completeness (FRE 106, 901) Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 701. | 3/15/04 | EID (Korkowski) email to MWH (Rogers and others) re questions relating to spillway 20 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 702. | 8/8/04 | WRCF (Barnes) email to George Ashton re Robert Ettema | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 703. | 11/17/04 | EID (Korkowski) email to WRCF (Barnes) re data re canal failure for George Ashton's reference | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney | |

McKenna Long &
Aldridge LLP
ATTORNEYS AT LAW
SAN DIEGO

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | | Work Product (FRE 501) Govt. Code Section 945.4 | |
| 704. | 12/7/04 | EID (Marino) letter to Kranhold (CRWQCB) re request for recession of WDR/M&RP No. 5-00-215 for Mill Creek to Bull Creek Tunnel project. | Authentication/completeness (FRE 106, 901) Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 705. | 12/16/04 | EID (Marino) email to ssorich@mtdemocrat.net re Spillway 20 quick facts | No objection | |
| 706. | 10/24/00 | DRB (Wilton, Korbin, McCarry) agreement (executed) | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Govt. Code Section 945.4 | |
| 707. | 3/13/02 | Kessler and Associates (Kessler) letter to EID (Deister) re proposal to provide project 184 O&M relicensing support | Authentication/completeness (FRE 106, 901) Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Hearsay (FRE 801, et. seq.) | |
| 708. | 5/26/02 | Dan Harnden memo to EID (Shewbridge) re resident camp 2 patrolman | Authentication/completeness (FRE 106, 901) (To locate and conform.) | |
| 709. | 7/12/02 | EID (Shewbridge) letter to FERC (Yamashita) re employee safety and operation concerns regarding the El Dorado project | Authentication/completeness (FRE 106, 901) Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 710. | 12/31/03 | EID (Korkowski) email to stephen.sullivan@meadhunt.com re diversion intake structure and related emails | Authentication/completeness (FRE 106, 901) Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) | |
| 711. | 7/12/04 | EID (Korkowski) email to Timothy Hance and others re Weather Station Intergration | Authentication/completeness (FRE 106, 901) Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) | |
| 712. | 6/21/02 | EID (Erdman) Handwritten | Authentication/complete | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| | | Notes | ness (FRE 106, 901) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 713. | | Photograph of target just before hole at Bull Creek | No objection | |
| 714. | | Photograph of TBM looking west with TBM in distance | No objection | |
| 715. | | Photograph from east entrance to TBM looking west | No objection | |
| 716. | | Photograph of muck train at passing track in mined tunnel looking west at about 48+100 | No objection | |
| 717. | | Photograph of passing track in tunnel at about 47+00 | No objection | |
| 718. | | Photograph of muck being dumped on muck chute | No objection | |
| 719. | | Photograph of muck dump area | No objection | |
| 720. | | Photograph of consumptive water line install at siphon looking west | No objection | |
| 721. | 10/18/02 | FERC (Yamashita) letter to EID (Deister) re reestablishment of full project operation and 10/17/02 inspection of the Mill-Bull Tunnel | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) | |
| 722. | 10/21/02 | EID (Shewbridge) email to MWH (Rogers and Erdman) and EID (Cumpston) re 10/17/02 post-inspection letter | Authentication/completeness (FRE 106, 901) Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Inadmissible Opinion (FRE 701, et. seq.) Hearsay (FRE 801, et. seq.) Attorney Client/Attorney Work Product (FRE 501) | |
| 723. | 11/12/02 | WRCF (Barnes) email to EID (Shewbridge and others) re consumptive water pipe and pump with related email | | |
| 724. | 12/12/02 | WRCF (Barnes) email to MWH (Erdman and others) re letter to TBI re waste | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1, 3] |
|---|---|---|---|---|
| | | disposal | Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 725. | 1/7/03 | WRCF (Barnes) email to EID (Powell and others) re URS revised analysis and recommendation with related email | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 726. | 1/8/03 | MWH (Erdman) handwritten notes from 01/08/03 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 727. | 1/8/03 | EID (Cassidy) email to MWH (Rogers and Erdman) re ideas for sediment traps | Authentication/completeness (FRE 106, 901) Relevancy/prejudice/cumulative/confusing (FRE 401, 403) | |
| 728. | 1/9/03 | MWH (Erdman) fax to EID (Cassidy and others) re Bull Creek diversion structure sketch | No objection | |
| 729. | 1/16/03 | WRCF (Barnes) email to MWH (Erdman and others) re clarification for design drawings with related emails | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 730. | 1/22/03 | WRCF (Barnes) email to EID (Shewbridge and others) re Mill-Bull tunnel weekly construction meeting #83 with related email | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 731. | 6/6/03 | WRCF (Barnes) email to MWH (Erdman) re MWH letter 310 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 732. | 6/18/03 | MWH (Erdman) email to EID (Korkowski and others) re Mill-Bull Tunnel completion with related email | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 733. | 7/2/03 | WRCF (Barnes) email to MWH (Erdman and others) re notice of substantial completion | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 734. | 7/16/03 | WRCF (Barnes) email to MWH (Erdman) re draft of performance test correspondence | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 735. | 7/22/03 | WRCF (Barnes) email to MWH (Erdman and others) re MWH letter 326 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 736. | 8/25/03 | WRCF (Barnes) email to EID (Cumpston and others) re MWH letter 350 | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 737. | 2/10/03 | EID (Cassidy) email to WRCF (Barnes) re sedimentation /frazil ice mitigation measures | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 738. | 2/18/03 | EID (Shewbridge) email to WRCF (Barnes) and others re sedimentation /frazil ice mitigation measures, with related emails | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 739. | 2/21/03 | WRCF (Barnes) email to EID (Shewbridge) and others re sediment mitigation in MBT, with related emails | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 740. | 2/24/03 | EID (Shewbridge) email to WRCF (Barnes) and others re sediment mitigation in MBT, with related emails | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1,3] |
|---|---|---|---|---|
| 741. | 2/24/03 | WRCF (Barnes) email to MWH (Rogers) re mutual tolling and reservation of rights agreement, with attachment | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 742. | 2/25/03 | WRCF (Barnes) email to MWH (Erdman) re memo to Ane Deister with attachment | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 743. | 3/24/03 | WRCF (Barnes) email to MWH (Erdman) re redline revisions to TBI letter re disagreement per general condition section 9.06 of the contract documents, with attachment | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 744. | 1/22/04 | WRCF (Barnes) email to MWH (Rogers) re EID Engineer's opinion letter to TBI | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 745. | 4/21/03 | WRCF (Barnes) email to MWH (Erdman) re Engineer's Decision, with attachment | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 746. | 4/21/03 | WRCF (Barnes) email to MWH (Kasama) re Response to Ippolito letter to MWH, with related emails | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 747. | 4/22/03 | WRCF (Barnes) email to EID (Cumpston) and others re draft notice to over sed pond, with attachment | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 748. | 5/12/03 | WRCF (Barnes) email to EID (Cumpston) re revision to draft letter to send to TBI re request for proposal, with attachment | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |

McKENNA LONG & ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

1906-001\2139189.2

CIV S-03-0949 LKK GGH

| New Ex. No. | Date | Description | EID Objections[2] | TBI Objections[1, 3] |
|---|---|---|---|---|
| 749. | 5/18/03 | WRCF (Barnes) email to MWH (Erdman) re TBI letter re sedimentation pond clean up by Ramos, with attachment | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 750. | 5/29/03 | WRCF (Barnes) email to MWH (Erdman) re attachment of diversion wall change time extension letter | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 751. | 6/3/03 | WRCF (Barnes) email to MWH (Erdman) re attachment of dewater MBT letter | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 752. | 8/22/03 | WRCF (Barnes) email to MWH (Rogers) re attachment of proposed revisions to the final construction report, with attachment | Relevancy/prejudice/cumulative/confusing (FRE 401, 403) Attorney Client/Attorney Work Product (FRE 501) Govt. Code Section 945.4 | |
| 753. | | George Mitter's Construction Plan | Authentication/completeness (FRE 106, 901) (EID needs to conduct a detailed review of this document | |
| 754. | | Photos of ice conditions contained on 12 EID CD's | Authentication/completeness (FRE 106, 901) | |
| 755. | | General Site Diagram | Not supplied | |
| 756. | | Alder Creek Siphon Area Diagram | Not supplied | |

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

- 90 -

1

2    Dated:  June 30, 2006                    MCKENNA LONG & ALDRIDGE LLP

3                                             By:   /s/ Mark G. Budwig
                                                    Mark G. Budwig
4                                                   Attorneys for Defendant/Counterclaimant
                                                    TRAYLOR BROS., INC. and Defendant
5                                                   TRAVELERS CASUALTY AND SURETY
                                                    COMPANY OF AMERICA
6
     Dated:  June 30, 2006                    WULFSBERG REESE COLVIG & FIRSTMAN
7                                             PROFESSIONAL CORPORATION

8
                                             By:   /s/ Eric J. Firstman
9                                                   Eric J. Firstman
                                                    Attorneys for Plaintiff and Counterdefendant
10                                                  EL DORADO IRRIGATION DISTRICT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MCKENNA LONG &
  ALDRIDGE LLP
ATTORNEYS AT LAW
   SAN DIEGO
                                             - 91 -

1906-001\2139189.2                                          CIV S-03-0949 LKK GGH