UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EL DORADO IRRIGATION DISTRICT,
a political subdivision of the
State of California,

        Plaintiff,

    v.

TRAYLOR BROS., INC., an
Indiana corporation,

        Defendant.
_____/

AND RELATED COUNTER-CLAIMS.
_____/

NO. CIV. S-03-949 LKK/GGH

O R D E R

    Pending before the court are motions <u>in limine</u> in the above captioned case. Upon review of the papers and after oral argument, the court orders as follows:

    1.    El Dorado Irrigation District's ("EID") Motion in Limine No. 1 is GRANTED. Traylor Brothers Inc. ("TBI") may tell the jury that there were three change orders prior to February 28, 2001. Evidence as to the content of the

1

| | | |
|---|---|---|
| 1 | | change orders will not be admitted. |
| 2 | 2. | EID's Motion in Limine No. 2 is DENIED. |
| 3 | 3. | EID's Motion in Limine No. 3 is GRANTED. |
| 4 | 4. | EID's Motion in Limine No. 4 is DENIED. |
| 5 | 5. | EID's Motion in Limine No. 5 is DENIED. |
| 6 | 6. | EID's Motion in Limine No. 6 is GRANTED. |
| 7 | 7. | EID's Motion in Limine No. 7 is DENIED. |
| 8 | 8. | EID's Motion in Limine No. 8 is DENIED. |
| 9 | 9. | As to EID's Motion in Limine No. 9, the court defers |
| 10 | | decision until trial. |
| 11 | 10. | EID's Motion in Limine No. 10 is DENIED. |
| 12 | 11. | As to EID's Motion in Limine No. 11, the court defers |
| 13 | | decision until trial. |
| 14 | 12. | EID's Motion in Limine No. 12 is GRANTED. |
| 15 | 13. | EID's Motion to Bifurcate the trial is DENIED. |
| 16 | 14. | TBI's motion to supplement the report of Dr. Ettema is |
| 17 | | GRANTED.  Experts of EID will also be permitted to |
| 18 | | testify on the matter.  EID shall produce its |
| 19 | | supplemental expert report within ten (10) days. |
| 20 | 14. | TBI's Motion in Limine No. 1 as to damages is GRANTED in |
| 21 | | part and DENIED in part as follows: |
| 22 | |     a.   As to fraud damages, TBI's motion is GRANTED. |
| 23 | |     b.   As to damages against Travelers, TBI's motion |
| 24 | |         is GRANTED. |
| 25 | |     c.   As to EID's in-house charges related to cost |
| 26 | |         of repair, TBI's motion is GRANTED. |

2

        d.    As to EID's in-house charges for past operations and maintenance costs, TBI's motion is GRANTED.

        e.    As to future design costs for tunnel repair, TBI's motion is GRANTED.

        f.    As to extended services damages, TBI's motion is DENIED.

        g.    As to other damages or claims not identified in EID's August 2005 Rule 26 disclosure, TBI's motion is GRANTED.

15. As to TBI's Motion in Limine No. 2, the court requests additional briefing and defers decision until trial. Specifically, the parties should address the following question: assuming that there are defects that violate the terms of the contract, what evidence is needed to demonstrate the costs of repairs?  The parties should also address whether expert testimony is necessary to tie the alleged defects to any claimed damages.  The briefs shall be limited to 25 pages per party and shall be submitted to the court on the first day of trial.

16. TBI's Motion in Limine No. 3 is DENIED.

17. TBI's Motion in Limine No. 4 is DENIED.

18. TBI's Motion in Limine No. 5 is DENIED.

////

////

////

1     19.   TBI's Motion in Limine No. 6 is DENIED.
2     20.   TBI's Motion in Limine No. 7 is DENIED.
3  IT IS SO ORDERED.
4  DATED: September 7, 2006.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT