UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EL DORADO IRRIGATION DISTRICT,
a political subdivision of the
State of California,

        Plaintiff,

   v.

TRAYLOR BROS., INC., an
Indiana corporation,

        Defendant.
_____/

NO. CIV. S-03-949 LKK/GGH

O R D E R

        The court hereby orders the parties to submit additional briefing regarding the proposed jury instructions. The court requests two things. First, for every proposed jury instruction which cites to the contract, the parties are to provide the court with a clear citation to the section of the contract and copy of that section of the contract with the specific section clearly marked. If it is easier, the parties may jointly submit the relevant sections of the contract. As best the court can tell, the following proposed instructions cite to the contract:

1

**TBI's Instructions:**

Jury Instruction No. 3
Jury Instruction No. 13
Jury Instruction No. 14
Jury Instruction No. 23
Jury Instruction No. 29

**EID's Instructions:**

Jury Instruction No. 36
Jury Instruction No. 37
Jury Instruction No. 38
Jury Instruction No. 39
Jury Instruction No. 40
Jury Instruction No. 45
Jury Instruction No. 49
Jury Instruction No. 50
Jury Instruction No. 51
Jury Instruction No. 66
Jury Instruction No. 67
Jury Instruction No. 70

Second, each party shall file a brief not in excess of 20 pages which addresses these instructions. Specifically, for each proposed jury instruction which is based on the terms of the contract, the parties shall explain: (1) whether those terms are part of the contract or whether the parties dispute the inclusion of the terms as part of the contract; (2) if the terms are considered part of the contract, whether the parties dispute the interpretation of those terms; and (3) if the interpretation of those terms is in dispute, whether the resolution of the dispute depends on extrinsic evidence.[1]

---

[1] It is well established California law that the "interpretation of a written instrument, even though it involves what might properly be called questions of fact, is essentially a judicial function to be exercised according to the generally accepted canons of interpretation so that the purposes of the instrument may be given effect." Parsons v. Bristol Development Co., 62 Cal. 2d 861, 865 (1965). The California Supreme Court

1        The additional briefing shall be filed with the court no later
2   than Wednesday, October 18, 2006 by 5 p.m.
3        IT IS SO ORDERED.
4        DATED: October 11, 2006.

```
                                    /s/ Lawrence K. Karlton
                                    _____
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT
```

---

determined that it is "therefor solely a judicial function to interpret [sic] a written instrument unless the interpretation turns upon the credibility of extrinsic evidence." Id. See also Sunniland Fruit, Inc. v. Verni, 233 Cal. App. 3d. 892, 898 (Cal. App. 5 Dist. 1991)("[W]hen the meaning of a contract is uncertain, and contradictory evidence is introduced to aid in the interpretation, the question of meaning is one of fact properly assigned to the fact finder.")